UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Judge Pauley

-------------------------------------------------------------x

CITAK & CITAK, DONALD CITAK and BURTON CITAK,

Plaintiffs,

Civil Action No. '07 CIV 5459

-against-

**PETITION FOR REMOVAL**




THE ST. PAUL TRAVELERS COMPANIES, INC. a/k/a ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

Defendant.

-------------------------------------------------------------x

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

The St. Paul Travelers Companies, Inc. a/k/a St. Paul Fire and Marine Insurance Company ("petitioner") by and through its attorneys, Traub Eglin Lieberman Straus LLP, hereby files this petition, pursuant to 28 U.S.C. §1446, to remove the foregoing cause to the United States District Court for the Southern District of New York and respectfully states as follows:

1. A civil action was commenced and is now pending in the Supreme Court of the State of New York, County of New York in which Citak & Citak, Donald L. Citak and Burton Citak are plaintiffs and petitioner is the named defendant. The action is styled *Citak & Citak, Donald L. Citak and Burton Citak v. The St. Paul Travelers Companies, Inc. a/k/a St. Paul Fire and Marine Ins. Co.*, Index No. 6017979/2007. A copy of the summons and complain is annexed hereto as Exhibit "A." Petitioners were served with process in the action on May 30, 2007.

2. This is a civil suit in which plaintiffs seek a declaration of coverage under a Lawyers Professional Liability Policy issued by petitioner.

3. Petitioner has effected removal within thirty (30) days of receipt by it of a paper from which it could first be ascertained that this action is removable. 28 U.S.C. § 1446.

4. (a) This action is a civil action of which this court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and is one which may be removed to this court by petitioner pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action wherein the matter in controversy exceeds the value of seventy-five thousand dollars, exclusive of interest and costs, and is between citizens of different States.

(b) Plaintiffs allege in their complaint that they maintain their offices for the practice of law in the County, City and State of New York. Upon information and belief, the individual plaintiffs are citizens of New York.

(c) Petitioner is a Minnesota corporation with its principal place of business in St. Paul, Minnesota.

5. This petition is timely in that it is filed within thirty (30) days of receipt by petitioner of the complaint. Petitioner has not appeared in the state court action.

6. Written notice of this petition for removal will be served on plaintiffs promptly after the filing of this petition, as is required by law.

7. A true and correct copy of this petition will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, promptly after the filing of this petition, as is required by law.

8. By filing this petition, petitioner does not waive any defense including, but not limited to jurisdictional defenses, which may be available to it.

WHEREFORE, petitioner prays that this action proceed in this court as an action properly removed thereto.

Dated: Hawthorne, New York
June 1, 2007

TRAUB EGLIN LIEBERMAN STRAUS LLP

By: ______________________

Jonathan R. Harwood (JH 9060)
Attorneys for Defendant/Petitioner
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---X

CITAK & CITAK, DONALD L. CITAK and BURTON CITAK,

Plaintiffs,

-against-

THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a ST. PAUL FIRE AND MARINE INS. CO.,

Defendant.

---X

**SUMMONS**

Index No. 601797/2007

Plaintiffs designate New York County as the place of trial

Venue is based on Plaintiffs' place of business

To: THE ST. PAUL TRAVELERS COMPANIES, INC.,
a/k/a ST. PAUL FIRE AND MARINE INS. CO.
Bond and Financial Products Claim Office
Mail Code N08, 385 Washington Street
St. Paul, Minnesota 55102-1396
(651) 310-5453/(651) 310-3657 (fax)

NEW YORK
COUNTY CLERK'S OFFICE
MAY 30 2007

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
May 30, 2007

LAW OFFICE OF PETER WESSEL, PLLC

By: ______________________
PETER WESSEL
Attorney for Plaintiffs
CITAK & CITAK, DONALD L. CITAK and
BURTON CITAK
270 Madison Avenue, Suite 1203
New York, New York 10016-0601
(212) 532-9700

Filed with the New York County Clerk's Office on May 30, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------X

CITAK & CITAK, DONALD L. CITAK, and BURTON CITAK,

Plaintiffs,

- against -

THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a ST. PAUL FIRE AND MARINE INS. CO.,

Defendant.

-----------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No. 601797/2007

Plaintiffs CITAK & CITAK, DONALD L. CITAK, and BURTON CITAK, by their attorney, LAW OFFICE OF PETER WESSEL, PLLC, complaining of Defendant THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a ST. PAUL FIRE AND MARINE INSURANCE COMPANY (hereinafter "ST. PAUL"), respectfully alleges as follows, upon information and belief:

## IDENTIFICATION OF PARTIES

1. Defendant ST. PAUL is an insurance company licensed to do business in the State of New York, which transacts business in the County, City, and the State of New York and offers professional liability insurance for lawyers.

2. Plaintiff CITAK & CITAK, ESQS., is a partnership in which DONALD L. CITAK, ESQ., and BURTON CITAK, ESQ., are individual partners

3. At all times relevant herein, Plaintiff CITAK & CITAK, ESQS., maintained

an office for the practice of law in the County, City, and State of New York.

4. At all times relevant herein, Plaintiffs DONALD L. CITAK, ESQ. and BURTON CITAK, ESQ. were and still are attorneys, duly licensed to practice law in the State of New York and who maintained their offices for the practice of law in the County, City, and State of New York.

## FIRST CAUSE OF ACTION

5. Defendant ST. PAUL issued an insurance policy, policy number 507JB0670, which policy provided coverage to Plaintiffs for acts of legal malpractice (hereinafter referred to "the subject insurance policy"). A copy of policy is annexed as Exhibit "1" and is incorporated by reference herein.

6. The premium charged by Defendant ST. PAUL for issuing the subject insurance policy to Plaintiffs in the sum of Seven Thousand Thirty-Eight Dollars ($7,038.00) has been fully paid, pursuant to the terms therein. Under the terms of the subject insurance policy, the "policy period" ran from April 28, 2006 through April 27, 2007.

7. Under the terms of the subject insurance policy, Defendant ST. PAUL was to provide a) legal counsel to defend Plaintiffs against claims thereunder on a "claims made" basis during the policy period and b) coverage for any damages thereafter imposed upon Plaintiffs as a

result of those claims.

8. Under the terms of the subject insurance policy, Defendant ST. PAUL is obligated to provide a legal defense and coverage for any damages thereafter imposed upon Plaintiffs for "claims" made against Plaintiffs and reported to Defendant ST. PAUL within the "policy period."

9. Plaintiffs first became aware that a potential claim, which would be covered under the terms of the subject insurance policy, could and potentially would be made against them on June 8, 2006.

10. On June 8, 2006, a mediation was held under the auspices of Departmental Disciplinary Committee, Supreme Court, Appellate Division, First Judicial Department (hereinafter referred to as the "Disciplinary Committee") at the offices of LABATON SUCHAROW & RUDOFF LLP, during which the Mediator stated, in sum and substance, that while there was likely no violation of any Disciplinary Rules arising from the complaint that STUART and CARINA MARTON had filed against the Defendants herein, a possible remedy against Plaintiffs may lie through an action for legal malpractice, although no opinion was expressed as to whether any such action would be successful. At no time prior to the mediation session on June 8, 2006, had there been any allegations of legal malpractice raised against Plaintiffs.

11. On June 15, 2006, Plaintiffs notified JLT Services Corp., the named "Producer" of the subject insurance policy, in writing of a potential claim against them under the terms of the subject insurance policy and requested that JLT Services Corp., take "whatever steps necessary" to notify Defendant ST. PAUL of that potential claim thereunder. See Letter annexed as Exhibit "2".

12. Defendant ST. PAUL acknowledged receipt of the claim on June 15, 2006. See Letter annexed as Exhibit "3". As of June 15, 2006, no complaint or formal law suit of any kind had been commenced against Plaintiffs.

13. On November 3, 2006, a Summons and Complaint was filed in Supreme Court, New York County, under Index No. 116472-06, by STUART MARTON and CARINA MARTON, which named the plaintiffs herein (specifically CITAK & CITAK, ESQS., DONALD L. CITAK, ESQ., and BURTON CITAK, ESQ., as Defendants) and which alleged legal malpractice and sought damages on the sum of Sixty Thousand Dollars ($60,000.00) (hereinafter referred to "the MARTON Complaint").

14. On February 13, 2007, Plaintiffs were informed by THOMAS J. CAHILL, ESQ., Chief Counsel of the Disciplinary Committee, that no further action would be taken by the Disciplinary Committee the complaint that

STUART and CARINA MARTON had filed and that matter would be closed. See Letter annexed as Exhibit "4".

15. The MARTON Complaint was first served upon Plaintiffs in February 2007, after the Disciplinary Committee had closed its file regarding the complaint that STUART and CARINA MARTON had filed as evidenced in Exhibit "5".

16. Plaintiffs immediately forwarded the MARTON Complaint to Defendant ST. PAUL. See Letter annexed as Exhibit "5".

17. Defendant ST. PAUL refused to defend and indemnify Plaintiffs regarding the MARTON Complaint, claiming late and improper notice. See Letter annexed as Exhibit "6".

18. Defendant ST. PAUL breached its contract with Plaintiffs in refusing to defend Plaintiffs in the MARTON Complaint and to provide insurance coverage for any damages that might be imposed upon Plaintiffs as a result thereof.

19. Plaintiffs have retained separate and independent counsel to commence this action for a declaratory judgment against Defendant ST. PAUL and have incurred, and will incur, fees in connection therewith. In the event that the issues raised in this action are not resolved prior to the time in which an answer will be required to be

interposed in the MARTON Complaint, it will also become necessary for Plaintiffs to retain separate and independent counsel to appear and defend themselves against the allegations in the MARTON Complaint.

20. Except for the deductible amount of Five Thousand Dollars ($5,000), the sums for legal fees being now expended by Plaintiffs as stated above, and the monies that will in the future become necessary to expend for legal fees and other expenses in the prosecution of this action and in the defense of the MARTON Complaint, would have been superfluous and unnecessary, had Defendant ST. PAUL honored its obligations and commitments to Plaintiffs under the subject insurance policy and had not breached same.

21. Plaintiff seeks an Order a) compelling Defendant ST. PAUL to defend and indemnify Plaintiffs pursuant to the terms of the subject insurance policy and b) reimbursing Plaintiffs for all sums expended, other than the Five Thousand Dollars ($5,000) deductible, due to the failure of Defendant ST. PAUL to defend and provide coverage under the terms of the subject insurance policy.

**WHEREFORE**, Plaintiffs demand Judgment against Defendant ST. PAUL:

I) declaring that Defendant ST. PAUL is obligated to defend Plaintiffs in

the MARTON Complaint commenced against them;

ii) declaring that Defendant ST. PAUL is obligated to provide insurance coverage and to indemnify Plaintiffs under the terms of the subject insurance policy in that action;

iii) awarding Plaintiffs a sum to be determined by the Court as reasonable reimbursement for the sums of money Plaintiffs were caused to expend in the prosecution of this action and in the defense of the MARTON Complaint as a result of the failure of Defendant ST. PAUL to comply with the terms of the subject insurance policy; and

iv) such other and further relief as may be just and proper under the circumstances herein, including but not limited to the costs and disbursements of this action.

Dated: New York, N.Y.
May 30, 2007

LAW OFFICE OF PETER WESSEL, PLLC

By: ______________________
PETER WESSEL

CITAK & CITAK, DONALD L. CITAK and BURTON CITAK
Attorney for Plaintiffs
270 Madison Avenue, Suite 1203
New York, NY 10016
(212) 532-9700

STATE OF NEW YORK )
: ss.: **VERIFICATION**
COUNTY OF NEW YORK )

DONALD L. CITAK, ESQ., being duly sworn, deposes, and says that he is one of the plaintiffs herein, he has read the foregoing Complaint for a Declaratory Judgment, knows the contents thereof to be true of each of his own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters he believes those statements to be true. The source of his information and the grounds for his belief is communications with counsel and counsel's investigation of the matter.

DONALD L. CITAK, ESQ.

Sworn to before me this
30th day of May 2007

NOTARY PUBLIC

Robert Thaler
Notary Public, State of New York
No. 01TH6131025
Qualified in New York County
Commission Expires July 25, 2[illegible]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CITAK & CITAK, DONALD L. CITAK, and
BURTON CITAK,

Plaintiffs,

-against-

THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a
ST. PAUL FIRE AND MARINE INS. CO.,

Defendant.

SUMMONS & VERIFIED COMPLAINT

Index Number 601797/2007

To: THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a
ST. PAUL FIRE AND MARINE INS. CO.
Bond and Financial Products Claim Office
Mail Code N08
385 Washington Street
St. Paul, Minnesota 55102-1396
(651) 310-5453/(651) 310-3657 (fax)

PETER WESSEL, certifies that, to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the Summons and Verified Complaint is not frivolous as defined in subsection (c) of Title 22 NYCRR, subsection 130-1.1.

Dated: New York, New York
May 30, 2007

PETER WESSEL
LAW OFFICE OF PETER WESSEL, PLLC
Attorney for Plaintiffs CITAK & CITAK,
DONALD L. CITAK and BURTON CITAK
270 Madison Avenue, Suite 1203
New York, New York 10016-0601

Law Office of Peter Wessel, PLLC
270 Madison Avenue, Suite 1203
New York, New York 10016-0601




Law Office of Peter Wessel, PLLC
270 Madison Avenue, Suite 1203
New York, New York 10016-0601