UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CITAK & CITAK, DONALD CITAK, and
BURTON CITAK,

                     Plaintiffs,

    - against -

THE ST. PAUL TRAVELERS COMPANIES, INC.
a/k/a ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

                     Defendant.

------------------------------------------------------------X

**NOTICE OF MOTION**

HON. WILLIAM H. PAULEY, III

Civil Action No. 07 Civ 5459

    **PLEASE TAKE NOTICE** that, upon Plaintiffs' Memorandum of Law, dated July 5, 2007,

the Declaration of Burton Citak, Esq., dated July 5, 2007, the exhibit thereto and upon all the prior

pleadings and proceedings had herein, Plaintiffs will move this Court, at the United States

Courthouse, 500 Pearl Street, Room 2210, Courtroom 11D, New York, New York 10007, before the

HON. WILLIAM H. PAULEY, III, for an Order remanding Plaintiffs' action for declaratory

judgment to the Supreme Court of the State of New York, New York County, and for such other and

further relief as the Court deems just and proper.

Dated: New York, New York
      July 5, 2007

                                  LAW OFFICE OF PETER WESSEL, PLLC

                                  By: _____

                                     Peter Wessel (PW 4164)

To: Traub Eglin Lieberman Straus LLP        Attorney for Plaintiffs
Attn: Jonathan R. Harwood                270 Madison Avenue, Suite 1203
Attorneys for Defendant                  New York, New York 10016
Mid-Westchester Executive Park         Phone: (212) 532-9700
Seven Skyline Drive                    Fax: (212) 202-7522
Hawthorne, New York 10532
(914) 347-2600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-----------------------------------------------------------------X

CITAK & CITAK, DONALD CITAK and
BURTON CITAK,

**DECLARATION**

Civil Action No.
07 CIV 5459 (WHP)
HON. WILLIAM H. PAULEY, III

                                        Plaintiffs,

            - against -

THE ST. PAUL TRAVELERS COMPANIES, INC.
a/k/a ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

                                        Defendants.
-----------------------------------------------------------------X

## DECLARATION IN SUPPORT OF MOTION TO REMAND TO STATE COURT
## AND TO DISMISS THE PETITION FOR REMOVAL OF ACTION IN
## NEW YORK STATE SUPREME COURT TO FEDERAL DISTRICT COURT

BURTON CITAK, an attorney duly licensed to practice law before the courts in

the State of New York and admitted to the Bar of the District Court for the Southern District of

New York, subscribes and declares under penalty of perjury that the following is true and

correct, pursuant to 28 U.S.C. § 1746:

1.      I am one of the Plaintiffs in the above action and, as such, am fully familiar with

the facts and circumstances herein.

2.      This Affirmation is submitted in support of Plaintiffs' application objecting to the

Petition by Defendant THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a ST. PAUL

FIRE AND MARINE INSURANCE COMPANY (hereinafter "ST. PAUL"), for Removal to this

Court and seeking to dismiss this Petition for Removal and remand the civil action to the

Supreme Court of New York County due to lack of subject matter jurisdiction.

-1-

10.    Defendant ST. PAUL's Petition for Removal alleges that Defendants have properly followed the statutory steps for removal pursuant to 28 U.S.C. § 1446.

11.    Defendant ST. PAUL further alleges that this Court has original jurisdiction over this civil action pursuant to the provisions of 28 U.S.C. § 1332, and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441

12.    It is submitted, however, that Defendant ST. PAUL has incorrectly sought to bring before this Court a matter that does not meet the statutory minimum amount in controversy to establish diversity jurisdiction, Seventy-Five Thousand Dollars ($75,000.00).

13.    Upon information and belief, Plaintiffs' counsel, Peter Wessel, Esq., has contacted with Defendant ST. PAUL's attorney and informed him that the statutory minimum amount in controversy to establish diversity jurisdiction has not been satisfied and has requested that the present Petition be withdrawn.

14.    Upon information and belief, Defendant ST. PAUL has refused to withdraw its Petition for removal and argues that the amount in controversy has been met because the potential for attorneys' fees in excess of Fifteen Thousand Dollars ($15,000.00) would exceed the Seventy-Five Thousand Dollar ($75,000.00) threshold.

15.    Plaintiffs seek a declaratory judgment in its action against ST. PAUL's.  As indicated in the accompanying Memorandum of Law, the amount in controversy in actions seeking declaratory relief is measured by the value of the object of the "actual controversy" of the underlying claim (see, e.g., ACMAT Corp. v. Greater N.Y. Mut. Ins. Co., 58 F.Supp.2d 1 (D. Conn. 1999)).  In this action, the object of the "actual controversy" is a purported legal malpractice claim, initiated in the Supreme Court, New York County, under Index No. 116472-06, by STUART MARTON and CARINA MARTON, which named the Plaintiffs herein

(specifically CITAK & CITAK ESQS., DONALD L. CITAK, ESQ, and BURTON CITAK, ESQ., as Defendants)(hereinafter "the MARTON Complaint"). See, Mt. Vernon Fire Ins. Co. v. Abesol Realty Corp., 288 F.Supp.2d 302 (E.D.N.Y. 2003) (where issue of whether notice of "underlying complaint" was timely given was at issue, as is the case at bar). The **total** sum of money sought in the MARTON Complaint is Sixty Thousand Dollars ($60,000.00). A copy of that pleading is annexed as Exhibit "1". Since Sixty Thousand Dollars ($60,000.00) is the total amount sought in the underlying claim, the amount in controversy requirement for a diversity claim cannot be established.

16.    Attorneys' fees are  considered as part of an amount in controversy **only** where they are anticipated or awarded in the governing statute, court rule or agreement between parties. Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 199 (2d Cir., 2003); Hooper Associates, Ltd. v. AGS Computers, Inc., 1989, 74 N.Y.2d 487, 549 N.Y.S.2d 365 (1989). In this action, attorneys' fees are not part of the underlying claim against Plaintiffs and no agreement existed between MR. and MRS. MARTON and the Plaintiffs herein to compensate the MARTONS for attorneys' fees nor was there any statute or court rule that would authorize such an award.. As a result, attorneys' fees are not to be calculated as part of the amount in controversy. Attorney's fees in the subsequent declaratory judgment do not pertain to the applicable underlying action.

17.    Where diversity jurisdiction is at issue, the party seeking removal by invoking federal court jurisdiction has the burden of proving that a reasonable probability exists that the value of the claim exceeds the statutory jurisdictional amount of  Seventy-Five Thousand Dollar ($75,000.00). Defendant ST. PAUL has offered no proof that the underlying claim (specifically, the value at issue in the MARTON Complaint) is in excess of  Seventy-Five Thousand Dollar ($75,000.00) and cannot sustain its burden in proving by a reasonable probability that the

-4-

statutory mandated amount in controversy is met. Tongkook Am., Inc., v. Shipton Sportwear Co., 14 F.3d 781, 784 (2d Cir. 1984) (holding that "[a] party invoking the jurisdiction of the federal court has the burden of proving that it appears to the 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount").

18.    Federal courts construe the removal statutes narrowly; any doubts should be resolved against removal. (See Frontier Ins. Co. v. MTN Owner Trust, 111 F. Supp. 2d 376, 379 (S.D.N.Y. 2000) (holding that "[a]ll doubts should be resolved in favor of remand.").) Where no dollar amount is alleged in the complaint and the action is in federal court by a notice of removal, a reasonable probability that the jurisdictional amount is met must be established by the Defendant from other sources. Defendant ST. PAUL has presented no evidence to suggest that the jurisdictional amount is met and fails to establish a reasonable probability that the amount in controversy exceeds the statutory minimum. Thus, the general principle opposing diversity jurisdiction should be imposed and this case should be dismissed and remanded to the N.Y.S. Supreme Court.

19.    It is not appropriate to calculate attorneys' fees that Plaintiffs would in determining the amount in controversy in the instant action. But even were this Court to do so, attorneys' fees would not increase an amount that met the minimum statutory amount (since the Plaintiffs' $5,000 deductible would have to be factored as well, as part of the insurance policy). In a similar contractual dispute involving an insurance company, a doctor made a claim in the amount of $55,000 from a disability insurance policy plus an award for attorneys' fees as partial relief for insurer's alleged improper business activities. The Court dismissed the removal petition and determined that the amount in controversy requirement was not met because it was not feasible for attorneys' fees to amount to the sum needed to impart jurisdiction to the Court

and such fees would not be awarded for an action of such limited magnitude. Pollock v. Trustmark Insurance Company, 367 F.Supp.2d 293 (E.D.N.Y. 2005).

   **WHEREFORE**, it is respectfully requested that this Court dismiss the Petition for Removal for lack of subject matter jurisdiction because the amount in controversy requirement has not been met for diversity jurisdiction and remand the proceeding to the Supreme Court of New York County.

   I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on July 5, 2007:

                                                    BURTON CITAK (BC 8995)

EXHIBIT "1"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

K&K No. 56438

------------------------------------------------------------------------x

STUART E. MARTON and CARINA S. MARTON,

                              Plaintiffs,

                    -against-

CITAK & CITAK, DONALD L. CITAK and
BURTON CITAK,

                              Defendants.

------------------------------------------------------------------------x

SUMMONS
AND COMPLAINT

Index No. 116472 - 06

Date filed: 11-3.2006

Basis of venue is
defendants' actual place
of business and
employment.

TO THE ABOVE NAMED DEFENDANTS:

     **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and
to serve a copy of your Answer on the plaintiffs' attorneys within TWENTY days
after the service of this Summons, exclusive of the day of service (or if this
Summons is not personally delivered to you within the State of New York, within
THIRTY days after service is complete); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded
herein.

     Plaintiffs reside at 200 East 27th Street, #14F, New York, NY 10016.

Dated: New York, New York
          November 2, 2006

Defendants' address:

          270 Madison Avenue
          New York, NY 10016

GENE R. KAZLOW
KAZLOW & KAZLOW
Attorneys for Plaintiffs
237 West 35th Street, 14th floor
New York, NY 10001
212-947-2900

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
STUART E. MARTON and CARINA S. MARTON,

                                        Plaintiffs,              Index No.

                    –against–                                   **COMPLAINT**

CITAK & CITAK, DONALD L. CITAK and
BURTON CITAK,

                                        Defendants.
-----------------------------------------------------------------------x

Plaintiffs, Stuart E. Marton ("S. Marton") and Carina S. Marton, by their attorneys,

Kazlow & Kazlow, for their Complaint against defendants, allege as follows:

1. Plaintiffs, Stuart E. Marton and Carina S. Marton, are individuals who reside at 200

East 27th Street, #14F, New York, NY 10016.

2. Upon information and belief, defendant Citak & Citak is a New York general

partnership which maintains its principal office and place of business at 270 Madison Avenue,

New York, NY 10016.

3. Upon information and belief, defendant Donald L. Citak ("D. Citak") is an attorney

admitted to practice before the courts of the State of New York who is a general partner in the

firm of Citak & Citak and maintains his actual place of business and employment at 270 Madison

Avenue, New York, NY 10016.

4. Upon information and belief, defendant Burton Citak ("B. Citak") is an attorney

admitted to practice before the courts of the State of New York who is a general partner in the

firm of Citak & Citak and maintains his actual place of business and employment at 270 Madison

Avenue, New York, NY 10016.

5. Jurisdiction and venue are based upon, and are proper in the County of New York pursuant to, the actual place of business and employment of the defendants, which is located in the County of New York.

## Background Facts

6. On or about May 19, 2000, plaintiffs entered into a written agreement (the "Hogan Contract") with Hogan Contracting, Inc. ("Hogan"), for the combination and renovation of apartments 14E and 14F at 200 East 27th Street, New York, NY 10016 (the "Project").

7. Under the terms of the Hogan Contract, Hogan was required to achieve substantial completion of the Project on or before September 5, 2000.

8. However, Hogan did not achieve substantial completion of the Project on or before September 5, 2000, and notified plaintiffs' architect, in writing, on or about November 7, 2000, that it was withdrawing from the Project.

9. On or about November 8, 2000, S. Marton requested that Citak & Citak represent plaintiffs in connection with Hogan's withdrawal from the Project, and sent D. Citak a copy of the Hogan Contract, plus a copy of the applicable General Conditions of the Contract for Construction, i.e. Document A201-1997 published by the American Institute of Architects (the "General Conditions").

10. The note which S. Marton sent to D. Citak on November 8, 2000 together with the copies of the Hogan Contract and the General Conditions specifically cautioned D. Citak that the copy of the General Conditions which was being provided to him was a copy which S. Marton had received from an associate of his, and was marked up for a contract other than the Hogan Contract.

2

11. Paragraph 4.3.2 of the General Conditions required plaintiffs to initiate any claim under the Hogan Contract "within 21 days after occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim," by the giving of written notice of such claims to their architect and to Hogan.

12. Paragraph 4.4.1 of the General Conditions also provided that a claims under the Hogan Contract was to be initially referred to plaintiffs' architect for decision, and that, "An initial decision by the Architect shall be required as a condition precedent to mediation, arbitration or litigation of all Claims between the Contractor and Owner arising prior to the date final payment is due, unless 30 days have passed after the Claim has been referred to the Architect with no decision having been rendered by the Architect."

13. Article 4.5 of the General Conditions further specified that an effort to mediate a claim under the Hogan Contract pursuant to the Construction Industry Mediation Rules of the American Arbitration Association was "a condition precedent to arbitration or the institution of legal or equitable proceedings," and Article 4.6 of the General Conditions required that a claim not resolved by mediation be arbitrated pursuant to the Construction Industry Arbitration Rules of the American Arbitration Association.

14. On or about November 15, 2000, D. Citak sent a letter to Hogan indicating that Citak & Citak represented plaintiffs in connection with any claims that might arise in connection with the work undertaken by Hogan pursuant to the Hogan Contract.

15. However, D. Citak and Citak & Citak failed to send a notice of claim to Hogan and plaintiffs' architect within the time period specified in paragraph 4.3.2 of the General Conditions, and also failed, at first, to initiate a mediation or arbitration pursuant to the American Arbitration

3

Association's construction industry rules.

16. On or about December 6, 2000, D. Citak sent a letter to plaintiffs confirming that Citak & Citak would represent them in connection with their dispute with Hogan, and bill them for Citak & Citak's services at an hourly rate.

17. On or about July 23, 2002, plaintiffs signed a Retainer Agreement which superceded D. Citak's letter of December 6, 2000, and provided for Citak & Citak to receive a one-third contingent fee from any amount recovered from Hogan.

18. On or about August 1, 2002, D. Citak and Citak & Citak commenced a lawsuit on behalf of plaintiffs against Hogan by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New York, without having previously submitted plaintiffs' claim to plaintiffs' architect, or to mediation or arbitration as required by the above-referenced provisions of the General Conditions.

19. Among other things, the Complaint filed by D. Citak and Citak & Citak on plaintiffs' behalf demanded $60,000.00 in damages from Hogan for the expenses needed to complete the Project.

20. On or about November 27, 2002, Hogan, through its attorneys, moved to dismiss plaintiffs' lawsuit and asserted, among other things, that plaintiffs' lawsuit was improperly commenced because plaintiffs' claim had not been submitted to plaintiffs' architect, and had not been mediated or arbitrated as required by the General Conditions.

21. Hogan's motion papers also asked the Court to dismiss plaintiffs' law suit because the time for the submission of claims to plaintiffs' architect had run and elapsed in November 2000.

22. On or about October 10, 2003, the Hon. Joan A. Madden issued a Decision and Order

4

dismissing plaintiffs' law suit because of the absence of a prior mediation and arbitration, as required by the General Conditions, and noted "that issues concerning whether plaintiffs waived their right to mediate and then to arbitrate based on their alleged failure to submit their claims to the Architect in accordance with the procedures provided under the AIA General Conditions when the parties initially attempted to resolve their dispute through the Architect are for the arbitrator, as they are 'inextricably bound up with questions of contract performance.'"

23. On or about November 12, 2003, D. Citak and Citak & Citak submitted a Demand for Arbitration, including a request for a prior mediation, to the American Arbitration Association.

24. Along with the Demand for Arbitration, D. Citak and Citak & Citak sent the American Arbitration Association a copy of the Hogan Contract and the General Conditions.

25. However, the copy of the General Conditions which D. Citak and Citak & Citak sent to the American Arbitration Association was a copy of the copy provided to D. Citak by S. Marton on or about November 8, 2000, which, as S. Marton informed D. Citak at that time, was marked up for somebody else's contract.

26. On or about November 21, 2003, a Case Manager for the American Arbitration Association wrote to D. Citak and to Hogan's attorney acknowledging receipt of the Demand for Arbitration submitted by D. Citak and Citak & Citak, but noted that the arbitration clause designating the American Arbitration Association as the administering agency for the dispute had been crossed out in the copy of the General Conditions that American Arbitration Association had received with the Demand for Arbitration.

27. The Case Manager's letter of November 21, 2003 therefore required that both parties sign and return a Submission to Dispute Resolution form on or before November 26, 2003.

5

plaintiffs' claim against Hogan.

35. D. Citak and Citak & Citak also failed to communicate with plaintiffs about their case, failed to return telephone calls from S. Marton, and ignored written requests sent in March, June and September 2004 by S. Marton.

36. On or about November 8, 2004, S. Marton finally learned from another Case Manager employed by the American Arbitration Association that plaintiffs claim against Hogan had been administratively closed by the American Arbitration Association in December 2003.

37. Upon information and belief, Hogan has gone out of business, and its assets are no longer available to satisfy plaintiffs' claim for damages.

## AS AND FOR A FIRST CAUSE OF ACTION

38. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 37, above, as if fully set forth herein.

39. By agreeing to represent plaintiffs with regard to their claim against Hogan, D. Citak and Citak & Citak undertook to exercise the ordinary reasonable skill, diligence and knowledge commonly possessed by a member of the legal profession in handling the prosecution of plaintiffs' claim.

40. D. Citak and Citak & Citak failed to exercise the ordinary reasonable skill, diligence and knowledge commonly possessed by a member of the legal profession in handling the prosecution of plaintiffs' claim against Hogan, in that they: a) negligently failed to submit a notice of claim to plaintiffs' architect within the time allowed for such a submission by the terms of the General Conditions; b) negligently commenced an action in the Supreme Court, New York County, although the General Conditions clearly provided for mediation and arbitration of all

7

claims under the Construction Industry Rules promulgated by the American Arbitration Association; c) negligently submitted a copy of the General Conditions to the American Arbitration Association which they knew, or should have known to be marked up for a different contract; d) negligently failed to correct their mistaken submission of a marked-up copy of the General Conditions to the American Arbitration Association after the American Arbitration Association's Case Manager advised D. Citak that the markings had eliminated the General Conditions' specification of the American Arbitration Association as the administering agency for the case; e) negligently failed to inform plaintiffs that they had submitted the marked-up copy of the General Conditions to the American Arbitration Association, or that American Arbitration Association had returned the papers submitted in connection with plaintiffs' claim against Hogan and closed its file; f) negligently failed to take any further actions to recommence mediation, arbitration or court proceedings against Hogan on behalf of plaintiffs; and g) negligently failed to respond to plaintiffs' repeated requests for status reports concerning their case.

41. But for this professional malpractice by D. Citak and Citak & Citak, plaintiffs would have prevailed in their claim against Hogan at a time when Hogan still possessed assets from which plaintiffs' could have been satisfied in whole or in part.

42. The professional malpractice of D. Citak and Citak & Citak therefore proximately resulted in damages to plaintiffs in the amount of at least $60,000.00, the exact amount of plaintiffs' damages to be established upon the trial of this action.

43. As a general partner of Citak & Citak, B. Citak is also personally liable to plaintiffs for the damages which plaintiffs' sustained through the malpractice of D. Citak and Citak & Citak.

8

WHEREFORE, plaintiffs respectfully request that the Court make and enter a judgment in favor of plaintiffs, and against defendants, under plaintiffs' First Cause of Action, in the amount of at least $60,000.00, with interest from November 29, 2000, together with plaintiffs' costs and disbursements in this action, with the exact amount of plaintiffs' damages to be established upon the trial of this action; and that the Court also grant plaintiffs such other, further or different relief as the Court may deem to be just and proper.

Dated: New York, New York
    November 2, 2006

Gene R. Kazlow
KAZLOW & KAZLOW
Attorneys for Plaintiffs
237 West 35th Street, 14th Floor
New York, NY 10001
(212) 947-2900

9

**07 CIV 5459**
HON. WILLIAM H. PAULEY, III

 FILE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITAK & CITAK, DONALD L. CITAK, and
BURTON CITAK,

                                        Plaintiffs,

        -against-

THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a
ST. PAUL FIRE AND MARINE INS. CO.,

                                        Defendant.

## PLAINTIFFS' NOTICE OF MOTION, DECLARATION, AND EXHIBIT

LAW OFFICE OF PETER WESSEL, PLLC

By: _____
PETER WESSEL (PW 4164)
Attorneys for Plaintiffs
CITAK & CITAK, DONALD L. CITAK,
and BURTON CITAK
270 Madison Avenue, Suite 1203
New York, N.Y. 10016-0601
(212) 532-9700/(212) 202-7522 (fax)

To:    Traub Eglin Lieberman Straus LLP
       Attn: Jonathan R. Harwood, Esq.
       Attorneys for Defendant
       Mid-Westchester Executive Park
       Seven Skyline Drive
       Hawthorne, New York 10532
       (914) 347-2600