

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**CITAK & CITAK, DONALD CITAK and**
**BURTON CITAK,**

|  |  |
|---|---|
| **Plaintiffs,** | Civil Action No. |
| - against - | **07 CIV 5459 (WHP)** |
|  | **HON. WILLIAM H. PAULEY, III** |

**THE ST. PAUL TRAVELERS COMPANIES, INC.**
**a/k/a ST. PAUL FIRE AND MARINE**
**INSURANCE COMPANY,**

                                                    **Defendants.**
-----------------------------------------------------------------X

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND AND TO DISMISS DEFENDANT'S REMOVAL PETITION

#### PRELIMINARY STATEMENT

This Memorandum of Law is submitted by PETER WESSEL, ESQ., counsel for Plaintiffs CITAK & CITAK, DONALD CITAK, ESQ., and BURTON CITAK, ESQ. This memorandum is in support of Plaintiffs' motion for remand to the Supreme Court of State of New York, New York County, and in opposition to the petition of Defendant-Petitioner THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a ST. PAUL FIRE AND MARINE INSURANCE COMPANY (hereinafter "ST. PAUL") for Removal to the United States District Court for the Southern District of New York.

Defendant-Petitioner bases its petition to remove on 28 U.S.C. §§ 1441, 1446, and 1332. Defendant claims, *inter alia*, pursuant to 28 U.S.C. § 1441, that the matter in controversy exceeds the value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different States. While it is not disputed that the parties are citizens of different states: Plaintiffs are citizens of New York and Defendant is a Minnesota corporation with its principal place of business in St. Paul, Minnesota; however, it is respectfully

- 1 -

submitted that Defendant-Petitioner incorrectly asserts that the amount in controversy requirement is met.

The underlying action involves a lawsuit by STUART and CARINA MARTON (the "MARTON" action) for alleged legal malpractice in which the total amount of damages sought is Sixty-Thousand Dollar ($60,000.00) (Exhibit 1).

Plaintiffs brought an action for a declaratory judgment against Defendant in the Supreme Court of the State of New York, New York County, to obtain a determination to whether notice of an occurrence regarding the MARTON action was timely given and hence whether the Defendant was obligated to defend and indemnify Plaintiffs in the underlying action for alleged malpractice and awarding a sum to be determined by the Court as reasonable reimbursement for sums of money Plaintiffs were caused to expend in bringing the declaratory judgment action.

Plaintiffs seek declaratory relief and as such no dollar amount has been asserted by Plaintiffs. Taking into account the value of the object in controversy, a Sixty-Thousand Dollar ($60,000.00) malpractice claim, the amount in controversy requirement is not met. Thus, it is respectfully submitted that this Court should dismiss the action and remand the proceeding to the Supreme Court of the State of New York, New York County.

## STATEMENT OF FACTS

Certain facts are not in dispute between the parties:

1. Defendant ST. PAUL issued an insurance policy, policy number 507JB0670, which policy provided coverage to Plaintiffs for acts of legal malpractice.

2. The premium charged by Defendant ST. PAUL for issuing the subject insurance policy to Plaintiffs in the sum of Seven Thousand Thirty-Eight Dollars ($7,038.00) has been fully paid, pursuant to the terms therein. Under the terms of the subject

insurance policy, the "policy period" ran from April 28, 2006 through April 27, 2007.

3. Under the terms of the subject insurance policy, Defendant ST. PAUL was to provide legal counsel to defend Plaintiffs against claims thereunder on a "claims made" basis during the policy period and by coverage for any damages thereafter imposed upon Plaintiffs as a result of those claims.

4. STUART and CARINA MARTON brought a claim against Plaintiffs alleging legal malpractice and seeking damages in the amount of Sixty-Thousand Dollars ($60,000.00).

5. Defendant ST. PAUL refused to defend and indemnify Plaintiffs regarding the MARTON complaint, claiming late and improper notice.

6. Plaintiffs brought suit against Defendant ST. PAUL on May 30, 2007, seeking, *inter alia*, a declaration of coverage under a Lawyers Professional Liability Policy issued by Petitioner-Defendant, as is more fully set forth in Exhibit A to Defendant's petition..

## POINT I

28 U.S.C. § 1332 requires diversity of citizenship as well as a minimum amount in controversy, Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, in order to establish diversity jurisdiction.  Attorney's fees, if authorized by statute, court rule or contract, may be considered in determining the amount in controversy.  Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 199 (2d Cir., 2003).  Diversity jurisdiction is not established because the underlying complaint alleging malpractice solely seeks damages of Sixty Thousand Dollars ($60,000.00) and no attorney's fees.  The action for a declaratory judgment is not considered the underlying litigation for purposes of determining the amount in controversy.  See, e.g., Mt.

Vernon Fire Ins. Co. v. Abesol Realty Corp., 288 F.Supp.2d 302 (E.D.N.Y. 2003) (where issue

of whether notice of "underlying complaint" was timely given was at issue, as is the case at bar).

## POINT II

In actions seeking declaratory or injunctive relief, it is well-established that the amount in

controversy is measured by the value of the object of the litigation." Hunt v. Washington State

Apple Adver. Com'n, 432 U.S. 333, 347 (1977).   Here, the object of the litigation is to compel

Defendant to honor its obligations under the terms of its malpractice insurance agreement with

Plaintiffs.

The Second Circuit has observed that "the amount in controversy is calculated from the

plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being

protected or the injury being averted constitutes the amount in controversy when damages are not

requested ." Kheel v. Port of New York Auth., 457 F.2d 46, 49 (2d Cir.1972).

Generally, the amount in controversy depends upon the type of relief sought. Pollock v.

Trustmark Insurance Company, 367 F.Supp.2d 293, 297 (E.D.N.Y. 2005).   When the relief

sought is non-monetary, courts in the Second Circuit endeavor to quantify the value of such

relief. Concorde Fin. Corp. v. Value Line, Inc., 2004 WL 287658, at 2 (S.D.N.Y.2004). Courts

ascertain the value of a non-monetary relief from the perspective of the Plaintiff alone. Id.

Here, from the Plaintiff's standpoint, the declaratory judgment action was brought to

compel Defendant to honor its obligations under the terms of the parties' malpractice insurance

agreement.  If Defendant paid the underlying malpractice claim on its face, it would be Fifteen

Thousand Dollars ($15,000) less than the amount required for subject matter jurisdiction herein.

If Defendant used the motion to dismiss that counsel for Plaintiffs herein has been preparing for

the underlying malpractice action, Defendant would be able to benefit from the time and effort

expended to prepare that motion and possibly would benefit by dismissal of the underlying action, and would be able to collect a Five Thousand Dollar ($5,000.00) deductible for attorneys' fees, if deemed applicable. Certainly, Defendant can speculate about huge attorneys' fees, but that would be mere conjecture. The amount in controversy in actions seeking declaratory relief is measured by the value of the object of the "actual controversy" of the underlying claim (see, e.g., ACMAT Corp. v. Greater N.Y. Mut. Ins. Co., 58 F.Supp.2d 1 (D. Conn. 1999)). Accordingly, any certainty about the amount in controversy falls short of the requisite Seventy-Five Thousand Dollars ($75,000) threshold.

Based on the foregoing, it is respectfully submitted that the Court should calculate the amount in controversy to be the underlying claim that was the object of the controversy, which was the Sixty-Thousand Dollar ($60,000) claim made by the MARTONS against the Plaintiffs. Sixty-Thousand Dollar ($60,000) is well-below the Seventy-Five Thousand Dollars ($75,000) minimum for an amount in controversy necessary to establish diversity jurisdiction.

### POINT III

Where diversity jurisdiction is at stake, the party invoking the jurisdiction of the federal court "has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount" of Seventy-Five Thousand Dollars ($75,000.00). Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir.1994) (quoting Moore v. Betit, 511 F.2d 1004, 1006 (2d Cir.1975). Defendant ST. PAUL has not presented any evidence to prove by a reasonable probability that the claim is in excess of the statutory jurisdictional amount. Defendant ST. PAUL states in a conclusory manner that the claim in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), but no evidence is presented to support that assertion.

## POINT IV

Federal courts construe removal statutes narrowly and any doubts are resolved against removal. Lupo v. Human Affairs, Int'l, Inc., 28 F.3d 269, 274 (2d Cir.1994); (See Frontier Ins. Co. v. MTN Owner Trust, 111 F. Supp. 2d 376, 379 (S.D.N.Y. 2000).   The burden of demonstrating the existence of federal subject matter jurisdiction rests on the party seeking to remove the action to federal court.  California Pub. Employees' Retirement Sys. v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir.2004), *cert. denied sub nom.* California Pub. Employees' Retirement Sys. v. Ebbers, 543 U.S. 1080 (2005).  Federal courts are in favor of dismissing removal actions that are in doubt.  Defendant ST. PAUL has failed to establish its burden of "reasonable probability" in order to determine that the amount in controversy exceeds the Seventy-Five Thousand Dollar ($75,000.00) minimum required by statute.

## POINT V

Attorney's Fees can only be considered as part of an amount in controversy where they are anticipated or awarded in the governing statute, court rule, or agreement between parties. Oscar Gruss & Son, Inc. v. Hollander, *supra,* 337 F.3d 186, 199 (2d Cir, 2003); Hooper Associates, Ltd. v. AGS Computers, Inc., 1989, 74 N.Y.2d 487, 549 N.Y.S.2d 365 (1989).  In the underlying action no governing statute, court rule, or agreement between parties has been made for the award of attorney's fees and as a result, they may not be included in the calculation of the amount in controversy.

Even if attorney's fees were included in the calculation of the amount in controversy, the minimum statutory amount would not be met.   In determining the reasonableness of an application for attorneys' fees, the court should consider the time spent, the difficulties, involved in the case, the nature of the services rendered, the amount in controversy, the professional standing of counsel, the fee customarily charged by other similarly situated attorneys for similar services, the contingency of or certainty of compensation and the results obtained.   Matter of Freeman, 34 NY2d 1, 9, 355 NYS 2d 336 (1974); Steiger v. Dweck, 305 AD2f 475, 476, 762 NYS2d 84 (2d Dept. 2003).    In addition, due to the terms of the policy between Plaintiffs and Defendant, a Five Thousand Dollar ($5,000.00) deductible would also need to be taken into account.

In a similar contractual dispute involving an insurance company, a beneficiary doctor made a claim in the amount of Fifty-Five Thousand Dollars ($55,000.00) from a disability insurance policy plus an award for attorneys' fees as partial relief for insurer's alleged improper business activities. The Eastern District of New York dismissed the removal action and determined that the amount in controversy requirement was not met because it was not feasible for attorney's fees to amount to Nineteen Thousand Dollars ($19,000.00), which including other costs was needed to reach the Seventy-Five Thousand Dollars ($75,000.00) amount in controversy minimum and such attorneys' fees would not be awarded for an action of limited magnitude. Pollock v. Trustmark Insurance Company, *supra*, 367 F.Supp.2d 293.

In the present case, Plaintiffs have not requested attorneys' fees and as such the attorneys' fees should not be factored into the amount in controversy.   Based on the aforementioned precedent in Pollock and the limited size of the underlying claim, it is respectfully submitted that the amount in controversy will not amount to Seventy-Five Thousand

Dollars ($75,000.00) or more and the petition for removal should be dismissed and the proceeding should be remanded to the Supreme Court of New York County.

## CONCLUSION

Based upon the foregoing reasons, it is respectfully submitted that this Court should dismiss Defendant ST. PAUL's Petition for Removal due to FRCP 12(b)(1) and 28 U.S.C. § 1447(c) because the Court lacks subject matter jurisdiction.  Defendant ST. PAUL's Petition for Removal does not satisfy 28 U.S.C. § 1332 because the amount in controversy requirement is not met whether or not the MARTON complaint and attorneys' fees are included.  As a result, it is respectfully submitted that the Court should dismiss Defendant ST. PAUL's petition for removal and remand the proceeding to the Supreme Court of the State of New York, New York County.

Dated: July 5, 2007
      New York, New York

                     LAW OFFICE OF PETER WESSEL, PLLC

                     By:_____
                         PETER WESSEL (PW 4164)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CITAK & CITAK, DONALD CITAK, and
BURTON CITAK,

                      Plaintiffs,

    - against -

THE ST. PAUL TRAVELERS COMPANIES, INC.
a/k/a ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

                     Defendant.
-------------------------------------------------------------X

**AFFIDAVIT OF SERVICE**

HON. WILLIAM H. PAULEY, III

| | |
|---|---|
| **STATE OF NEW YORK** | ) |
| | )ss.: |
| **COUNTY OF NEW YORK** | ) |

      **JORDAN BROOKS**, being sworn, say:

    I am not a party to the action, am over 18 years of age and reside in **Scarsdale, NY**

      On July 6, 2007 at approximately 9:50 a.m., I personally served true copies of Plaintiffs'
**NOTICE OF MOTION, DECLARATION, EXHIBIT, and MEMORANDUM OF LAW,** on
Defendant's attorney Jonathan Harwood, Esq. of Traub Eglin Lieberman Straus LLP at his office
located at Seven Skyline Drive, Hawthorne, New York 10532, by serving the above-referenced
documents on Mr. Harwood's assistant, namely a woman who identified herself as Elvira Porelli,
who had blond hair and green eyes, approximately 35-45 years of age, standing at about 5'2"-5'4",
and weighing approximately 110-120 lbs.  I informed her that I was serving these documents on
behalf of Plaintiffs, and she agreed to accept same.  I also asked her to initial copies of these
documents as proof of receipt of service and  she agreed.

                                                   **JORDAN BROOKS**

Sworn to before me this
6th day of July, 2007.

   NOTARY PUBLIC

Shirley Dor
Notary Public, State of New York
NO. 01DO6099345
Qualified in Kings County
Commission Expires September 29, 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CITAK & CITAK, DONALD CITAK, and
BURTON CITAK,

                          **AFFIDAVIT OF SERVICE**

             Plaintiffs,

                          HON. WILLIAM H. PAULEY, III

    - against -

THE ST. PAUL TRAVELERS COMPANIES, INC.
a/k/a ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

             Defendant.
-------------------------------------------------------------X

**STATE OF NEW YORK**      )
                            )ss.:
**COUNTY OF NEW YORK**   )

       **JORDAN BROOKS**, being sworn, say:

       I am not a party to the action, am over 18 years of age and reside in **Scarsdale, NY**

       On July 6, 2007 at approximately 9:50 a.m., I personally served true copies of Plaintiffs'
**MEMORANDUM OF LAW** on Defendant's attorney Jonathan Harwood, Esq. of Traub Eglin
Lieberman Straus LLP at his office located at Seven Skyline Drive, Hawthorne, New York 10532,
by serving the above-referenced documents on Mr. Harwood's assistant, namely a woman who
identified herself as Elvira Porelli, who had blond hair and green eyes, approximately 35-45 years
of age, standing at about 5'2"-5'4", and weighing approximately 110-120 lbs. I informed her that I
was serving these documents on behalf of Plaintiffs, and she agreed to accept same. I also asked her
to initial copies of these documents as proof of receipt of service and she agreed.

                                             _____
                                            **JORDAN BROOKS**

Sworn to before me this
6th day of July, 2007.

_____
    NOTARY PUBLIC

Shirley Dor
Notary Public, State of New York
NO. 01DO6099345
Qualified in Kings County
Commission Expires September 29, 2007

**07 CIV 5459**
HON. WILLIAM H. PAULEY, III



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITAK & CITAK, DONALD L. CITAK, and
BURTON CITAK,

                                        Plaintiffs,

            -against-

THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a
ST. PAUL FIRE AND MARINE INS. CO.,

                                        Defendant.

## PLAINTIFFS' MEMORANDUM OF LAW

LAW OFFICE OF PETER WESSEL, PLLC

By: _____
     PETER WESSEL (PW 4164)
     Attorneys for Plaintiffs
CITAK & CITAK, DONALD L. CITAK,
     and BURTON CITAK
  270 Madison Avenue, Suite 1203
     New York, N.Y. 10016-0601
(212) 532-9700/(212) 202-7522 (fax)


To:    Traub Eglin Lieberman Straus LLP
       Attn: Jonathan R. Harwood, Esq.
       Attorneys for Defendant
       Mid-Westchester Executive Park
       Seven Skyline Drive
       Hawthorne, New York 10532
       (914) 347-2600