# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
CITAK & CITAK, DONALD L. CITAK and                    SUMMONS
BURTON CITAK,
                            Plaintiffs,        Index No. _____

    -against-                            Plaintiffs designate New York
                                                 County as the place of trial
THE ST. PAUL TRAVELERS COMPANIES, INC.,
a/k/a ST. PAUL FIRE AND MARINE INS. CO.,              Venue is based on Plaintiffs'
                                                 place of business
                            Defendant.
-----------------------------------------------------------------X

To:    THE ST. PAUL TRAVELERS COMPANIES, INC.,
        a/k/a ST. PAUL FIRE AND MARINE INS. CO.
        Bond and Financial Products Claim Office
        Mail Code N08, 385 Washington Street
        St. Paul, Minnesota 55102-1396
        (651) 310-5453/(651) 310-3657 (fax)

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
            May 11, 2007        LAW OFFICE OF PETER WESSEL, PLLC

                                  By:_____
                                      PETER WESSEL
                                      Attorney for Plaintiffs
                                      CITAK & CITAK, DONALD L. CITAK and
                                      BURTON CITAK
                                      270 Madison Avenue, Suite 1203
                                      New York, New York  10016-0601
                                      (212) 532-9700

Filed with the New York County Clerk's Office on May ____, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
CITAK & CITAK, DONALD L. CITAK, and
BURTON CITAK,                                    VERIFIED COMPLAINT

              Plaintiffs,                Index No. _____

-against-

THE ST. PAUL TRAVELERS COMPANIES, INC.,
a/k/a ST. PAUL FIRE AND MARINE INS. CO.,

              Defendant.
-------------------------------------------------------------X

Plaintiffs CITAK & CITAK, DONALD L. CITAK, and BURTON CITAK, by their attorney, LAW OFFICE OF PETER WESSEL, PLLC, complaining of Defendant THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a ST. PAUL FIRE AND MARINE INSURANCE COMPANY (hereinafter "ST. PAUL"), respectfully alleges as follows, upon information and belief:

### IDENTIFICATION OF PARTIES

1. Defendant ST. PAUL is an insurance company licensed to do business in the State of New York, which transacts business in the County, City, and the State of New York and offers professional liability insurance for lawyers.

2. Plaintiff CITAK & CITAK, ESQS., is a partnership in which DONALD L. CITAK, ESQ., and BURTON CITAK, ESQ., are individual partners

3. At all times relevant herein, Plaintiff CITAK & CITAK, ESQS., maintained an office for the practice of law in the County, City, and State of New York.

4. At all times relevant herein, Plaintiffs DONALD L. CITAK, ESQ. and BURTON CITAK, ESQ. were and still are attorneys, duly licensed to practice law in the State of New York and who maintained their offices for the practice of law in the County, City, and State of New York.

### FIRST CAUSE OF ACTION

5. Defendant ST. PAUL issued an insurance policy, policy number 507JB0670, which policy provided coverage to Plaintiffs for acts of legal malpractice (hereinafter referred to "the subject insurance policy"). A copy of policy is annexed as <u>Exhibit "1"</u> and is incorporated by reference herein.

6. The premium charged by Defendant ST. PAUL for issuing the subject insurance policy to Plaintiffs in the sum of Seven Thousand Thirty-Eight Dollars ($7,038.00) has been fully paid, pursuant to the terms therein. Under the terms of the subject insurance policy, the "policy period" ran from April 28, 2006 through April 27, 2007.

7. Under the terms of the subject insurance policy, Defendant ST. PAUL was to provide a) legal counsel to defend Plaintiffs against claims thereunder on a "claims made" basis during the policy period and b) coverage for any damages thereafter imposed upon Plaintiffs as a result of those claims.

8. Under the terms of the subject insurance policy, Defendant ST. PAUL is obligated to provide a legal defense and coverage for any damages

thereafter imposed upon Plaintiffs for "claims" made against Plaintiffs and reported to Defendant ST. PAUL within the "policy period."

9. Plaintiffs first became aware that a potential claim, which would be covered under the terms of the subject insurance policy, could and potentially would be made against them on June 8, 2006.

10. On June 8, 2006, a mediation was held under the auspices of Departmental Disciplinary Committee, Supreme Court, Appellate Division, First Judicial Department (hereinafter referred to as the "Disciplinary Committee") at the offices of LABATON SUCHAROW & RUDOFF LLP, during which the Mediator stated, in sum and substance, that while there was likely no violation of any Disciplinary Rules arising from the complaint that STUART and CARINA MARTON had filed against the Defendants herein, a possible remedy against Plaintiffs may lie through an action for legal malpractice, although no opinion was expressed as to whether any such action would be successful. At no time prior to the mediation session on June 8, 2006, had there been any allegations of legal malpractice raised against Plaintiffs.

11. On June 15, 2006, Plaintiffs notified JLT Services Corp., the named "Producer" of the subject insurance policy, in writing of a potential claim against them under the terms of the subject insurance policy and

requested that JLT Services Corp., take "whatever steps necessary" to notify Defendant ST. PAUL of that potential claim thereunder. See Letter annexed as <u>Exhibit "2"</u>.

12. Defendant ST. PAUL acknowledged receipt of the claim on June 15, 2006. See Letter annexed as <u>Exhibit "3"</u>. As of June 15, 2006, no complaint or formal law suit of any kind had been commenced against Plaintiffs.

13. On November 3, 2006, a Summons and Complaint was filed in Supreme Court, New York County, under Index No. 116472-06, by STUART MARTON and CARINA MARTON, which named the plaintiffs herein (specifically CITAK & CITAK, ESQS., DONALD L. CITAK, ESQ., and BURTON CITAK, ESQ., as Defendants) and which alleged legal malpractice and sought damages on the sum of Sixty Thousand Dollars ($60,000.00) (hereinafter referred to "the MARTON Complaint").

14. On February 13, 2007, Plaintiffs were informed by THOMAS J. CAHILL, ESQ., Chief Counsel of the Disciplinary Committee, that no further action would be taken by the Disciplinary Committee the complaint that STUART and CARINA MARTON had filed and that matter would be closed. See Letter annexed as <u>Exhibit "4"</u>.

15. The MARTON Complaint was first served upon Plaintiffs in February

2007, after the Disciplinary Committee had closed its file regarding the complaint that STUART and CARINA MARTON had filed as evidenced in Exhibit "5".

16. Plaintiffs immediately forwarded the MARTON Complaint to Defendant ST. PAUL. See Letter annexed as Exhibit "5".

17. Defendant ST. PAUL refused to defend and indemnify Plaintiffs regarding the MARTON Complaint, claiming late and improper notice. See Letter annexed as Exhibit "6".

18. Defendant ST. PAUL breached its contract with Plaintiffs in refusing to defend Plaintiffs in the MARTON Complaint and to provide insurance coverage for any damages that might be imposed upon Plaintiffs as a result thereof.

19. Plaintiffs have retained separate and independent counsel to commence this action for a declaratory judgment against Defendant ST. PAUL and have incurred, and will incur, fees in connection therewith. In the event that the issues raised in this action are not resolved prior to the time in which an answer will be required to be interposed in the MARTON Complaint, it will also become necessary for Plaintiffs to retain separate and independent counsel to appear and

defend themselves against the allegations in the MARTON Complaint.

20. Except for the deductible amount of Five Thousand Dollars ($5,000), the sums for legal fees being now expended by Plaintiffs as stated above, and the monies that will in the future become necessary to expend for legal fees and other expenses in the prosecution of this action and in the defense of the MARTON Complaint, would have been superfluous and unnecessary, had Defendant ST. PAUL honored its obligations and commitments to Plaintiffs under the subject insurance policy and had not breached same.

21. Plaintiff seeks an Order a) compelling Defendant ST. PAUL to defend and indemnify Plaintiffs pursuant to the terms of the subject insurance policy and b) reimbursing Plaintiffs for all sums expended, other than the Five Thousand Dollars ($5,000) deductible, due to the failure of Defendant ST. PAUL to defend and provide coverage under the terms of the subject insurance policy.

WHEREFORE, Plaintiffs demand Judgment against Defendant ST. PAUL:

I) declaring that Defendant ST. PAUL is obligated to defend Plaintiffs in the MARTON Complaint commenced against them;

ii) declaring that Defendant ST. PAUL is obligated to provide insurance

coverage and to indemnify Plaintiffs under the terms of the subject insurance policy in that action;

iii) awarding Plaintiffs a sum to be determined by the Court as reasonable reimbursement for the sums of money Plaintiffs were caused to expend in the prosecution of this action and in the defense of the MARTON Complaint as a result of the failure of Defendant ST. PAUL to comply with the terms of the subject insurance policy; and

iv) such other and further relief as may be just and proper under the circumstances herein, including but not limited to the costs and disbursements of this action.

Dated: New York, N.Y.
       May 11, 2007

                                    LAW OFFICE OF PETER WESSEL, PLLC

                                    By: _____
                                        PETER WESSEL
                                    CITAK & CITAK, DONALD L. CITAK and
                                    BURTON CITAK
                                    Attorney for Plaintiffs
                                    270 Madison Avenue, Suite 1203
                                    New York, NY 10016
                                    (212) 532-9700