# EXHIBIT D



At I.A.S. Part __5__ of the Supreme Court of the State of New York, held in and for the County of New York, at the Courthouse located at __80 Centre ST__ Street, New York, New York, on the __7__ day of ~~July~~ August, 2007

PRESENT: HON. __RAKOWER__, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x
STUART E. MARTON and CARINA S. MARTON,

                         Petitioners,        Index No. __109324/2007__

      -against-                               **ORDER TO SHOW CAUSE**

HOGAN CONTRACTING, INC.,

                        Respondent.
-----------------------------------------------------------x

Upon the Petition, dated July 2, 2007, the affirmation of Stuart L. Sanders, Esq., dated July 2, 2007, and the affidavit of Stuart E. Marton, sworn to the 27th day of June, 2007,

LET respondent or its attorneys show cause, at a motion term of I.A.S. Part __5__ of this Court, to be held in and for the County of New York, in Room __307__, at the Courthouse located at __80 Centre__ Street, New York, New York, on the __7__ day of __August__, 2007, at __9:30__ o'clock in the __morning__ ~~noon~~ of that day, or as soon thereafter as counsel may be heard, why an Order should not be made and entered: a) modifying an arbitration Award dated May 7, 2007, as amended on June 7, 2007, pursuant to CPLR § 7511(c)(3), to add an award of pre-award interest, and confirming it, as so modified, pursuant to CPLR § 7511(e); or b) confirming the Award without modification pursuant to CPLR § 7510; c) awarding petitioners post-award interest from May 7, 2007, plus their costs and disbursements in

this special proceeding, and such other, further or different relief as the Court may deem to be just and proper; and it is

**ORDERED,** that service of a copy of this Order to Show Cause and the papers on which it is based upon respondent, on or before _July __, _____, 2007, shall be deemed good and sufficient service.

Enter

Hon. EILEEN A. RAKOWER, J.S.C.

Responsive papers to be served and filed by July 25, 2007

Oral argument directed on Aug 7, 2007

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------x
STUART E. MARTON and CARINA S. MARTON,

                Petitioners,       Index No.

-against-

                                 **PETITION**

HOGAN CONTRACTING, INC.,

                Respondent.
---------------------------------------x

Petitioners, Stuart E. Marton and Carina S. Marton, by their attorneys, Kazlow & Kazlow, petition the Court as follows:

1. Petitioners, Stuart E. Marton and Carina S. Marton, are individuals who reside at 200 East 27th Street, #14F, New York, NY 10016.

2. Upon information and belief, respondent, Hogan Contracting, Inc., is a New York corporation which formerly maintained a place of business at 247 West Hartsdale Avenue, Hartsdale, NY 10530. However, its only known address at present is care of its principal, Raymond Hogan, at 13 Susan Drive, Somers, NY 10589.

3. On or about May 19, 2000, the parties entered into an agreement (the "Contract") for the renovation of petitioners' apartment at 200 East 27th Street, #14F, New York, NY 10016 (the "Project"). Pursuant to the Contract, respondent was to act as the general contractor for the Project.

4. Section 4.6 of the the General Conditions of the Contract provided for the mediation and/or arbitration of all disputes arising out of the Contract.

5. On or about November 7, 2000, respondent quit working on the renovation of petitioners' apartment prior to substantial completion of the Project.

6. Petitioners were therefore compelled to retain a different general contractor who completed the Project.

7. As a result, petitioners incurred additional expenses to complete the Project, and were also entitled to recover liquidated damages under the Contract due to respondent's failure to achieve substantial completion of the Project by the date set forth in the Contract.

8. On or about September 18, 2006, petitioners served a Demand for Arbitration and a statement of their claim on respondent, by certified mail, return receipt requested, sent to respondent's last known business address at 247 West Hartsdale Avenue, Hartsdale, NY 10530.

9. The Demand for Arbitration requested an award against respondent in the amount of $60,000.00 plus interest and petitioners' arbitration costs.

10. On or about September 20, 2006, petitioners filed their Demand for Arbitration and the statement of their claim with the American Arbitration Association pursuant Section 4.6 of the General Conditions of the Contract.

11. On or about October 27, 2006, additional copies of the Demand of Arbitration, the statement of petitioners' claim, and a Notice of Appearance by petitioners' attorneys were served on respondent via regular first class mail and certified mail, return receipt requested, sent to respondent's last known business address at 247 West Hartsdale Avenue, Hartsdale, NY 10530.

12. On or about October 30, 2006, additional copies of the Demand of Arbitration, the statement of petitioners' claim, and the Notice of Appearance by petitioners' attorneys were served on respondent via delivery to the New York Department of State.

13. On or about November 7, 2006, additional copies of the Demand of Arbitration, the statement of petitioners' claim, and the Notice of Appearance by petitioners' attorneys were

2

served on respondent via regular first class mail and certified mail, return receipt requested, sent to respondent at Raymond Hogan's residence at 13 Susan Drive, Somers, NY 10589.

14. Raymond Hogan contacted the American Arbitration Association in response to the Demand for Arbitration. Although he did not serve a formal written answer to petitioner's claim on respondent's behalf, he did participate in the preliminary conference call conducted by the Arbitrator appointed by the American Arbitration Association on February 23, 2007.

15. Petitioners' increased the amount of their claim to $62,817.32, plus interest from March 31, 2001 (the approximate mid-point of the period in which petitioners' additional expenses due to respondent's breach were incurred) and petitioners' costs, in a letter faxed to the American Arbitration Association and Mr. Hogan on March 12, 2007.

16. The Arbitrator heard the case on May 1, 2007. Notice of the date, time and place of the hearing had been sent to both sides by faxes sent on April 6, 2007. Nevertheless, Mr. Hogan failed to appear at the hearing, which proceeded in his absence.

17. On or about May 7, 2007, the Arbitrator issued an Award granting petitioners $62,367.32 in damages plus costs in the amount of $2,200.00, for a total of $64,567.32.

18. However, while the Arbitrator also awarded petitioners post-award interest, he denied petitioner's claim for pre-award interest stating that respondent was not responsible for various procedural and filing errors by petitioners' prior attorneys which had delayed the commencement of the case.

19. On or about May 7, 2007, petitioners requested clarification of the post-award interest rate specified in the Award since the text of the Award described it as "Six Percent (9%) per annum."

3

20. Subsequently, on or about May 18, 2007, petitioners requested that the Arbitrator amend the Award to include pre-award interest on the ground that pre-judgment (or pre-award) interest in a breach of contract case is a matter of right under CPLR § 5001(a), and was therefore not subject to being omitted in the Arbitrator's discretion.

21. On or about June 7, 2007, the Arbitrator issued a decision amending the Award to provide that the rate of post-award shall be "Nine Percent (9%) per annum."

22. However, the Arbitrator refused to reconsider his decision to deny petitioners request for pre-award interest, citing the American Arbitration Association's rule that, "'The arbitrator is not empowered to re-determine the merits of any claim already decided."

23. Despite the Arbitrator's conclusion that his ruling concerning pre-award interest is a matter going to the merits of petitioners' claim that he could not revisit, it is respectfully submitted that, given its non-discretionary nature, the omission of pre-award interest is an imperfection in the form of the Award which this Court can and should remedy through a modification pursuant to CPLR § 7511(c)(3).

24. It is therefore requested that Court modify the Award to include an award of pre-award interest on the principal amount of the award from March 31, 2001, and then confirm the Award as modified pursuant to CPLR § 7511(e).

25. Otherwise, the Court is requested to confirm the Award pursuant to CPLR § 7510.

26. No prior application for the relief sought in this Petition has been made to this, or any other Court.

WHEREFORE, petitioners, Stuart Marton and Carina Marton, request that the Court make and enter an Order: modifying the arbitration Award dated May 7, 2007, as amended on

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
STUART E. MARTON and CARINA S. MARTON,

                              Petitioners,          Index No.

    -against-                                                 **AFFIRMATION IN**
                                                               **SUPPORT OF PETITION**
HOGAN CONTRACTING, INC.,

                              Respondent.
------------------------------------------------------------x

      STUART L. SANDERS, an attorney duly admitted to practice before the Courts of the State of New York, affirms, under penalties of perjury pursuant to CPLR § 2106, that the following statements are true:

      1. I am employed by the law firm of Kazlow & Kazlow, attorneys for petitioners, Stuart E. Marton and Carina S. Marton. As such, I am familiar with the proceedings in this matter, and submit this Affirmation in support of petitioner's application for the modification and/or confirmation of an arbitration Award issued on May 7, 2007, as amended by the Arbitrator on June 7, 2007. I base the factual statements made below upon personal knowledge of the proceedings in the underlying arbitration, and on information contained in the file of this matter maintained by Kazlow & Kazlow, which I believe to be true and accurate.

      2. The accompanying affidavit of Stuart E. Marton describes how this case arose, and how the underlying arbitration proceeding was commenced. Petitioners retained my firm on or about October 20, 2006, at which time the arbitration proceeding was already pending.

      3. On or about October 27, 2006, my firm served a Notice of Appearance, together with additional copies of petitioners' Demand for Arbitration and their statement of their claim, on respondent by regular first class mail and certified mail, return receipt requested, at its last known

business address, at 297 West Hartsdale Avenue, Hartsdale, NY 10530 (copies of the Notice of Appearance and the affidavit of service of the papers on respondent are annexed as Exhibit "G").

4. On or about October 30, 2006, additional copies of the Notice of Appearance, the Demand of Arbitration, and the statement of petitioners' claim, were served on respondent via delivery to the New York Department of State (a copy of the affidavit of service on the Department of State is annexed as Exhibit "H"). This was done after we ascertained that respondent was no longer located at its address in Hartsdale.

5. After a diligent search, we were unable to locate a new business address for respondent, but did ascertain that respondent's owner, Raymond Hogan, resides at 13 Susan Drive, Somers, NY 10589. We therefore served additional copies of the Notice of Appearance, the Demand for Arbitration and the statement of petitioners' claim on respondent at that address by both regular first class mail and certified mail, return receipt requested, on or about November 7, 2006 (an affidavit concerning that serve is annexed as Exhibit "I").

6. Thereafter, Raymond Hogan contacted the American Arbitration Association and participated in the preliminary conference call conducted by Arbitrator Michael Jonah Altschuler on February 23, 2007. At that time it was determined that mediation was not a viable option in this case, and the parties were directed to exchange documents. However, Mr. Hogan never submitted a written answer to the statement of petitioners' claim on behalf of respondent.

7. On March 12, 2007, I faxed a letter to both the American Arbitration Association and Mr. Hogan increasing the amount of petitioners' claim to $62,817.32, plus petitioners' costs and interest from March 31, 2001 (a copy of the letter is annexed as Exhibit "J"). That date was chosen because it is the approximate mid-point of the period in which petitioners' additional

2

8. On or about April 6, 2007, the American Arbitration Association faxed a notice to both sides setting the hearing of the case down for May 1, 2007 (a copy of that notice is annexed as Exhibit "K").

9. On May 1, 2007, Mr. Hogan failed to appear for the hearing, and the hearing proceeded in his absence.

10. Near the end of the hearing, Mr. Altschuler asked Mr. Marton why it had taken him until September 2006 to commence the arbitration against respondent. Mr. Marton explained to Mr. Altschuler that his prior attorneys, Citak & Citak, had caused most of the delay by filing a law suit instead of an arbitration, and then filing a prior Demand for Arbitration which was rejected by the American Arbitration Association, as is explained in Mr. Marton's affidavit.

11. Mr. Altschuler did not indicate at that time that he might deny petitioners pre-award interest based on that testimony, and I therefore had no opportunity prior to the issuance of Mr. Altschuler's decision, on or about May 7, 2007, to address the question of whether pre-award interest is mandatory or discretionary in an arbitration arising from a claimed breach of contract.

12. Nevertheless, on or about May 7, 2007, Mr. Altschuler issued an Award granting petitioners $62,367.32 in compensatory damages, plus costs in the amount of $2,200.00, for a total of $64,567.32, but denying petitioner's claim for pre-award interest on the grounds that respondent was not responsible for the procedural and filing errors committed by petitioners' prior attorneys (a copy of the Award of May 7, 2007 is annexed as Exhibit "L").

13. After receiving a copy of the Award by fax from the American Arbitration Association, I sent a letter to the American Arbitration Association later on May 7, 2007,

3

of the Award described it as "Six Percent (9%) per annum" (a copy of my letter of May 7, 2007 is annexed as Exhibit "M").

14. Subsequently, on May 18, 2007, I wrote to the American Arbitration Association requesting that Mr. Altschuler amend the Award to include pre-award interest on the ground that pre-award interest in a breach of contract case is a matter of right, and not subject to the arbitrator's discretion (a copy of my letter of May 18, 2007 is annexed as Exhibit "N").

15. On or about June 7, 2007, Mr. Altschuler issued a decision amending the Award to clarify that the rate of post-award interest is "Nine Percent (9%) per annum" (a copy of the decision is annexed as Exhibit "O"). However, he refused to reconsider his decision to deny pre-award interest to petitioners, citing the American Arbitration Association's rule that, "'The arbitrator is not empowered to re-determine the merits of any claim already decided."

16. Notwithstanding Mr. Altschuler's decision of June 7, 2007, it is respectfully submitted that pre-award interest is mandatory in a breach of contract case, and that Mr. Altschuler's denial of such interest was an error in the form of the Award, which this Court can correct through a modification pursuant to CPLR § 7511(c)(3), rather than a decision on the merits of petitioners' claim. The Court can then confirm the Award, as so modified, pursuant to CPLR § 7511(e).

17. If the Court concludes, however, that it cannot modify the Award as requested above, then it should nevertheless confirm the Award, as amended by Mr. Altschuler's decision of June 7, 2007, pursuant to CPLR § 7510.

18. The Court is respectfully referred to the accompanying Memorandum of Law for the

4

authorities on which petitioner's rely.

19. No prior application for the relief sought in this Petition has been made to this, or any other Court.

Dated: New York, New York
July 2, 2007

_____
Stuart L. Sanders

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x
STUART E. MARTON and CARINA S. MARTON,

                                Petitioners,        Index No.

       -against-                            **AFFIDAVIT**

HOGAN CONTRACTING, INC.,

                                Respondent.
-------------------------------------------------------------x

STATE OF NEW YORK  )
                             )ss.:
COUNTY OF NEW YORK  )

    STUART E. MARTON, being duly sworn, deposes and says:

    1. I am one of the petitioners in the above-captioned matter, and the husband of the other petitioner, Carina S. Marton.

    2. I submit this affidavit in support of petitioners' application for the modification and/or confirmation of an arbitration Award dated May 7, 2007, which was amended by the Arbitrator on June 7, 2007. I base the following statements on my personal knowledge concerning the facts of this matter.

    3. On or about May 19, 2000, Carina and I entered into a written Contract with respondent, Hogan Contracting, Inc., for the renovation of our apartment at 200 East 27th Street, 14F, New York, NY 10016. A copy of the Contract, along with its General Conditions, is annexed as Exhibit "A." Section 4.6 of the General Conditions of the Contract provides for the mediation and/or arbitration of all disputes arising under the Contract.

    4. On or about November 7, 2000, respondent quit the job without achieving substantial completion of the planned renovations. Carina and I were therefore forced to hire a new general

contractor in order to complete the work.

5. As a result, we incurred additional expenses in the period from November 7, 2000 through September 5, 2001, and were also entitled to liquidated damages under the Contract due to respondent's failure to achieve substantial completion by September 5, 2000.

6. On or about November 8, 2000, Carina and I retained the New York City law firm of Citak & Citak, to enforce our rights against respondent. Unfortunately, Citak & Citak ignored the Contract's arbitration clause, and commenced a law suit in this Court against respondent on our behalf on or about August 1, 2002.

7. That law suit was dismissed by the Hon. Joan A. Madden, in a Decision and Order dated October 10, 2003 (a copy of which is annexed as Exhibit "B"), due to the absence of a prior mediation or arbitration.

8. On or about November 21, 2003, Citak & Citak tried to correct its mistake by filing a Demand for Arbitration on our behalf with the American Arbitration Association. However, unbeknownst to Carina and I, the American Arbitration Association returned the Demand for Arbitration to Citak & Citak on or about December 1, 2003, because Citak & Citak had attached a copy of the General Conditions from someone else's construction contract, on which the standard arbitration clause had been stricken, as an exhibit to the Demand.

9. Carina and I did not find out about the rejection of our Demand for Arbitration until November 8, 2004 when, having unsuccessfully tried to learn the status of my case from Citak & Citak, I directly contacted the American Arbitration Association's Case Administrator. After that, I obtained copies of the Case Administrator's correspondence with Citak & Citak relating to the rejection of our case (copies of such correspondence is annexed as Exhibit "C").

2

10. Left without counsel, I personally served a new Demand for Arbitration and a statement of our claim (copies of which are annexed as Exhibit "D"), on respondent, on or about September 18, 2006, by depositing them, enclosed in a sealed envelope, with postage for certified mail, return receipt requested, affixed thereto, in a mailbox maintained by the United States Postal Service located in the State of New York, addressed to respondent at its last known business address, i.e. 247 West Hartsdale Avenue, Hartsdale, NY 10530 (a copy of my receipt for this certified mailing is annexed as Exhibit "E").

11. On the same day, I refiled the Demand for Arbitration and the statement of our claim by mailing two copies to the American Arbitration Association. It is my understanding that the American Arbitration Association received the Demand and reopened our case on or about September 20, 2006 (copies of my cover letter to the American Arbitration Association and the signed return receipt for my filing are annexed as Exhibit "F").

12. On or about October 20, 2006, Carina and I retained the law firm of Kazlow & Kazlow to represent us in the arbitration. I am informed that Kazlow & Kazlow served additional copies of the Demand for Arbitration and the statement of our claim on respondent at a number of addresses.

13. At the hearing of the arbitration held on May 1, 2007, the Arbitrator, Michael Jonah Altschuler, asked me why it had taken me until September 2006 to commence the arbitration against respondent. I therefore explained to him how my prior attorneys' mishandling of the case had led to the delay. Mr. Altschuler did not indicate at that time that he might deny us pre-award interest based on that testimony.

14. Nevertheless, when we received Mr. Altschuler's decision, dated May 7, 2007, I saw

3

that although Mr. Altschuler awarded Carina and I the full amount of compensatory damages that we sought, i.e. $62,817.32, he denied us pre-award interest, because, in his opinion, respondent was not responsible for the delay.

15. That decision is fundamentally unfair to Carina and I since the whole reason why an arbitration was necessary in the first place was because respondent failed to perform its obligations under our Contract, and then failed to compensate us for the damage which it caused. Moreover, we were also not responsible for most of the delay, since we relied on Citak & Citak to represent us for the first four years after respondent abandoned our renovation project.

16. In any event, I am informed by Kazlow & Kazlow that Mr. Altschuler has refused to reconsider his omission of pre-award interest, and I therefore ask the Court to modify the Award to include it before the Award is confirmed.

LIYA W. BEAUJEAN
Notary Public, State of New York
No. 01BE5078278
Qualified in Westchester County
Commission Expires May 19, 2011

_____
Stuart E. Marton

Sworn to before me this
27 day of June, 2007

_Liya W. Beaujean_
Notary Public

4



# AMERICAN ARBITRATION ASSOCIATION
## Construction Arbitration Tribunal

In the Matter of the Arbitration between:

Re: 13 110 E 02102 06
    Stuart & Carina Marton    ("Claimants")
    and
    Hogan Contracting, Inc.    ("Respondent")

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated May 19, 2000, and having been duly sworn, and having duly heard the proofs and allegations of Claimant, and Claimant having made a motion to amend its claim and the Arbitrator having agreed to consider same and Respondent having failed to appear after due notice by mail and facsimile in accordance with the Rules of the American Arbitration Association, hereby, FIND, as follows:

A. For Claimants' original claim of $60,000.00 plus interest, re-filed and amended upward to claim of $62,817.32 plus interest

    1. Claimants' through documents and the testimony of the project architect proved its damage claim

Awarded $62,367.32

    2. The 6 years and 175 days delay in bringing this dispute to arbitration is allegedly the result of a procedural and filing error by Claimants' former attorney. Respondent bears no responsibility for this late re-filing of the claim and consequential interest claim. Therefore, with regard to the interest claim in the amount of $36,632.11,

Awarded $0.00

    Net total for Claimants..................................... $62,367.32

B. For Respondent's

    1. There is no counterclaim

C. <u>Recapitulation of Damages Awarded</u>

    For Claimants                                 $62,367.32
    For Respondent                               $     0.00

    Net amount due Claimants                  $ 62,367.32

Accordingly, I AWARD as follows:

    Respondent shall pay to Claimants the net sum of Sixty Two Thousand Six Hundred Thirty Seven Dollars and Thirty Two Cents ($62,367.32).

In the Matter of the Arbitration between:

Re: 13 110 E 02102 06
    Stuart & Carina Marton    ("Claimants")
    and
    Hogan Contracting, Inc.    ("Respondent")

## CONTINUED AWARD OF ARBITRATOR

Interest shall be paid by Respondent on the balance by the payments due thirty-one (31) days after the date of transmittal of this Award at the prevailing rate of Six Percent (9%) per annum until fully paid.

The administrative fees of the American Arbitration Association totaling $1,250.00 and the compensation of the arbitrator totaling $950.00 shall be borne entirely by Respondent. Therefore, Respondent shall reimburse Claimants the sum of $2,200.00, representing that portion of said fees in excess of the apportioned costs previously incurred by Claimants.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

May 7, 2007
/Date

*Michael Jonah Altschuler*
Michael Jonah Altschuler, Architect

I, Michael Jonah Altschuler, Architect, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

May 7, 2007
/Date

*Michael Jonah Altschuler*
Michael Jonah Altschuler, Architect

RECEIVED TIME MAY. 7. 9:13AM

**AMERICAN ARBITRATION ASSOCIATION**
Construction Arbitration Tribunal

In the Matter of the Arbitration between:

Re: 13 110 E 02102 06

Stuart & Carina Marton ("Claimants")
and
Hogan Contracting, Inc. ("Respondent")

## DISPOSITION OF APPLICATION FOR CLARIFICATION AND MODIFICATION OF AWARD

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated May 19, 2000, and having been duly sworn, and having duly heard the proofs and allegations of Claimant, and Respondent having failed to appear after due notice by mail and facsimile in accordance with the Rules of the American Arbitration Association, and having previously rendered an Award dated May 7, 2007, and Stuart.L. Sanders Esq., on behalf of Claimants, having filed an application for Clarification of Award dated May 7, 2007 and Raymond Hogan, representative for Respondent, not having responded by May 18, 2007, after due notice by mail and a facsimile in accordance with the Rules of the American Arbitration Association, and Stuart L. Sanders Esq., also having filed an application for Modification of Award dated May 18, 2007, in accordance with the Rules of the American Arbitration Association,, do hereby, DECIDE, as follows:

I. <u>With regard to Claimants' Application for Clarification of Award for:</u>

A typo in the Award Page 2 of 2 paragraph 1 line 2 is corrected to read "rate of Nine Percent (9%) per annum

II. <u>With regard to Claimants" Application for Modification of Award for:</u>

Page One, section A. 2 concerning pre-award interest to Claimants remains as written.

In accordance with Rule-47 of the Construction Industry Arbitration Rules and Mediation Procedures, Amended and Effective September 15, 2005, - Modification of Award - "The arbitrator is not empowered to re-determine the merits of any claim already decided." Therefore, the request for Modification is hereby DENIED.

In all other respects, my Award dated May 7, 2007, is reaffirmed and remains in full force and effect.

_____          _____
June 7, 2007                              Michael Jonah Altschuler
Date                                         Michael Jonah Altschuler, Architect

I, Michael Jonah Altschuler, Architect, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which, is my Disposition of Application for Clarification and Modification of Award.

_____          _____
June 7, 2007                              Michael Jonah Altschuler
Date                                         Michael Jonah Altschuler, Architect