UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CITAK & CITAK, DONALD CITAK and
BURTON CITAK,

                               Plaintiffs,

-against-

THE ST. PAUL TRAVELERS COMPANIES, INC.
a/k/a ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

                               Defendants.
------------------------------------------------------------X

Civil Action No.
07 CIV 5459 (WHP)

### PLAINTIFFS' REPLY MEMORANDUM OF LAW
### IN FURTHER SUPPORT OF MOTION TO REMAND AND DISMISS
### DEFENDANT'S REMOVAL PETITION

This Reply Memorandum is submitted in further support of the present motion by Plaintiffs CITAK & CITAK, DONALD CITAK, ESQ., and BURTON CITAK, ESQ for an Order remanding this action to the Supreme Court of the State of New York, New York County, and dismissing the petition of Defendant-Petitioner THE ST. PAUL TRAVELERS COMPANIES, INC. a/k/a ST. PAUL FIRE AND MARINE INSURANCE COMPANY (hereinafter "ST. PAUL") to remove this action to this Court.

Since Plaintiffs are being sued only for Sixty Thousand Dollars ($60,000.00) by Stuart E. Marton and Carina S. Marton (hereinafter the "Martons") in the underlying legal malpractice action they commenced against Plaintiffs, it is respectfully submitted that the jurisdictional requirement of 28 U.S.C § 1332 that "amount in controversy" exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs is

1

not satisfied in this case. Contrary to Defendant ST. PAUL's contentions, neither the amount of attorneys' fees to be incurred in defending that action nor any potential unplead claim that the Martons may theoretically have be used in calculating the amount in controversy. But even if attorneys' fees in the subsequent declaratory judgment action were to be considered part of the amount in controversy calculation, the attorneys' fees alleged by ST. PAUL are excessive and entirely speculative; therefore, they would not be sufficient to cause the amount in controversy exceed the statutory threshold.

Since the amount in controversy does not exceed the Seventy-Five Thousand Dollars ($75,000.00) statutory threshold, exclusive of interests and costs, it is respectfully submitted that this Court lacks subject matter jurisdiction over this case, requiring that the petition to remove be dismissed and the matter be remanded to state court.

## STATEMENT OF FACTS

This Court is respectfully referred to the Declaration of Burton Citak, Esq., dated July 5, 2007 and Plaintiffs' initial Memorandum of Law, dated July 5, 2007, for a detailed recitation of the relevant facts herein.

Since filing their motion for remand, Plaintiffs learned additional facts particularly germane to the instant action, which were shared with Defendant's counsel herein and discussed at the August 3rd Court conference. On May 7, 2007, the Martons received an arbitration award against Hogan Contracting, Inc. for the full principal sum of Sixty Two Thousand Three Hundred Sixty-Seven Dollars and Thirty-Two Cents ($62,367.32). See Exhibit D to Declaration of Jonathan Harwood, Esq. ("Harwood Declaration"). Based thereupon, a judgment was entered in the Supreme Court, New York County, in

Plaintiffs' favor against Hogan Contracting, Inc. in the total sum of Sixty-Four Thousand One Hundred Fifty-Eight Dollars and Eight Cents ($64,158.08). See Exhibit "7" to Plaintiffs' Reply papers. Since the Martons have successfully prosecuted their action against Hogan Contracting, Inc., <u>none</u> of the purported acts alleged to constitute legal malpractice by the Plaintiffs herein (see ¶ 40 of the Martons' Complaint, <u>Exhibit C</u> to Harwood Declaration), caused the Martons any damage; thus, having failed to sustain any actual damages as a result of the allegedly negligent actions/inactions by Plaintiffs, their claim should not be allowed to stand.

As of September 26, 2007, a Motion to Dismiss the Martons' underlying malpractice action was fully submitted to the Supreme Court, New York County and is pending before Honorable Judge Eileen Ann Rakower, J.S.C. That motion emphasizes the fact that since the Martons successfully arbitrated their claim against Hogan Contracting, Inc., and their arbitration award has been converted into a judgment, as a matter of law, they did not incur any damages resulting from any purported actions/inactions by Plaintiffs herein. The Martons have <u>not</u> sought to amend their underlying complaint against Plaintiffs to include a claim for pre-award interest, which had been denied in their arbitration case against Hogan Contracting, Inc. See <u>Exhibit D</u> to Harwood Declaration. Thus, the <u>only</u> principal sum alleged as damages by the Martons is Sixty Thousand Dollars ($60,000.00). See <u>Exhibit C</u> to Harwood Declaration. Moreover, based upon the plain language of 28 U.S.C § 1332, the "amount in controversy" is determined <u>exclusive of interest and costs</u> (so even were the Martons to

amend their complaint to include a claim for pre-award interest, that amount would <u>not</u> be included to calculate the amount in controversy!)

    I.    <u>Attorneys' Fees Do Not Constitute Part of the "Amount in Controversy"</u>

Case law in the Second Circuit is abundantly clear that, in calculating the amount in controversy threshold of 28 U.S.C. § 1332, one should use the damages claimed in the underlying litigation. An action for declaratory judgment is <u>not</u> considered the underlying litigation for determining the amount in controversy. See, e.g., <u>Mt. Vernon Fire Ins. Co. v. Abesol Realty Corp.</u>, 288 F.Supp.2d 302 (E.D.N.Y. 2003). Therefore, the amount of any attorneys' fees demanded by Plaintiffs in their complaint for declaratory judgment are completely irrelevant to the issue at bar. Indeed, in actions seeking declaratory relief, the amount in controversy is determined <u>solely</u> by the amount at issue in the underlying claim asserted against Plaintiffs. See, e.g., <u>ACMAT Corp. v. Greater N.Y. Mut. Ins. Co.</u>, 58 F.Supp.2d 1, 5 (D. Conn. 1999. Furthermore, in declaratory actions, "the amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy where damages are not requested." <u>Correspondent Svs. Corp. v. First Equities</u>, 442 F.3d 767, 769 (2d Cir. 2006) (citing <u>Kheel v. Port of New York Authority.</u>, 457 F.2d 46, 49 (2d Cir. 1972)). In The underlying malpractice action, however, Sixty Thousand Dollars ($60,000.00) in damages was sought.

Plaintiffs' complaint herein seeks declaratory relief, <u>not</u> damages. The damages sought in the underlying action commenced by the Martons against Plaintiffs are the basis for determining the amount in controversy; that action seeks a stated sum of money.

4

The relief sought in Plaintiffs' declaratory action is simply not determinative. Unlike ACMAT Corp. v. Greater N.Y. Mut. Ins. Co, supra, in the case at bar, there is an specifically stated amount of damages sought from in the underlying action - Sixty Thousand Dollars ($60,000.00). That sum represents the "injury to be averted" by Plaintiffs and the impetus for commencing this declaratory judgment action against Defendant ST. PAUL. Because the damages in the underlying complaint constitute the sole measure for determining the amount in controversy, the statutory threshold of Seventy-Five Thousand Dollars ($75,000.00) is not met.

ST. PAUL fails to cite a single case that upholds their unfounded claim that the amount of attorneys' fees to be incurred in defending the underlying action should included in calculating the amount in controversy threshold. Rather, it merely attempts to distinguish the legal authority cited by Plaintiffs in their initial Memorandum submitted in support of this motion. No attorneys' fees are sought by the Martons in "underlying action"; indeed there is no legal basis for any such award. Plaintiffs recognize that attorneys' fees may only be included in calculating the amount in controversy threshold where they are recoverable as a matter of right, which is by statute or agreement between the parties. See, e.g., In re Ciproflaxin Hydrochloride Antitrust Litigation, 166 F.Supp.2d 740, 755 (E.D.N.Y. 2001). However, since the amount in controversy in a declaratory action is based solely upon the amount of damages demanded in the underlying action (the Martons' malpractice claim against Plaintiffs), attorneys' fees would be included only if the Martons were entitled to attorneys' fees from Plaintiffs in that action by statute or agreement. There is no dispute that no such right exists. Thus, since attorneys' fees

are not part of the "underlying action", they must not be considered in determining the amount in controversy in the case at bar.

    II.    ST. PAUL Cannot Establish to a "Reasonable Probability" that Attorneys Fees in the Underlying Malpractice Action Will Exceed Twenty Thousand Dollars ($20,000.00)[1]

Even assuming *arguendo* that attorneys' fees to be incurred in defending the underlying malpractice action are somehow considered in calculating the amount in controversy pursuant to 28 U.S.C. § 1332, the claim that such fees would exceed Twenty Thousand Dollars ($20,000.00) is unfounded and purely speculative. ST. PAUL cannot prove to a "reasonable probability" that attorneys' fees in the underlying malpractice action would approach Twenty Thousand Dollars ($20,000.00). See Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (party invoking federal jurisdiction has burden of proving that it appears to a "reasonable probability" that claim is in excess of statutory jurisdictional amount).

Since a proponent in a legal malpractice action must upon occasion establish "a case within a case," ST. PAUL asserts, without any proof or calculation tailored specifically to the case at bar, that the attorneys' fees to be incurred in the Martons' action will therefore likely to exceed Twenty Thousand Dollars ($20,000.00). See Defendant-Petitioner's Memorandum of Law p. 6. However, in making this unsupported assertion, ST. PAUL's disregards the fact that the Martons have <u>already</u> prevailed in their

---

[1] To satisfy the amount in controversy, the attorneys' fees incurred by Plaintiffs in defending the Marton action would have to total at least Twenty Thousand Dollars ($20,000.00), since Plaintiffs' policy with ST. PAUL includes a Five Thousand Dollar ($5,000.00) deductible towards litigation expenses.

6

claim against Hogan Contracting, Inc. and have secured a judgment against that entity. See Exhibit D to Harwood Declaration. Thus, unlike Nazario v. Fortunato & Fortunato PLLC, 32 A.D.3d 692, 822 NYS2d 236 (1st Dept 2006), cited by Defendant-Petitioner, the underlying malpractice action does not involve the trial of two cases. As a result, in the case at bar, the underlying action is a straightforward, uncomplicated situation.

Moreover, based upon the uncontroverted fact that the Martons have already obtained a judgment against Hogan Contracting, Inc., it is clear that i) the Martons have not sustained any damages and ii) any delay in attaining that judgment resulted from the Martons' own procrastination and failures to take necessary procedural steps, thereby eliminating any basis for establishing that any purported damages were proximately caused by any actions/inactions by Plaintiffs. Since both of those items (proof of actual damages, proximately caused) are essential elements that a party must establish to succeed on a claim for legal malpractice, the only attorneys' fees likely to be incurred are those in making the motion to dismiss.

Finally, based upon Plaintiffs' attorney evaluation of the underlying malpractice case, he has agreed to represent them in the underlying malpractice case for an agreed upon hourly rate of Four Hundred Dollars ($400.00) per hour, less a professional discount of Fifty Dollars ($50.00) per hour, which fee is not to exceed Twelve Thousand Dollars ($12,500.00). There is no "cap" on fees incurred with respect to the instant Declaratory Judgment action, which is being billed the same hourly rate. As a result, it is impossible for attorneys' fees in the underlying action to exceed the jurisdictional threshold.

Even if attorneys' fees were to be considered in determining the amount in controversy, based upon the foregoing, ST. PAUL cannot establish that there is a reasonable probability that the amount of attorneys' fees' in defending the underlying malpractice action would be in a sum that would cause the amount in controversy to exceed the jurisdictional threshold of 28 U.S.C. § 1332. See, e.g., Insurance Co. of the State of Pa. v. Waterfield, 371 F.Supp.2d 146, 149 (D. Conn. 2005) (attorneys' fees too speculative to satisfy jurisdictional requirement and not proved by a reasonable probability); Fallstrom v. L.K. Comstock & Co., Inc. 1999 WL 608835 (D. Conn. 1999).

III.   Pre-Award Interest Is Not Included in the Amount in Controversy

The only damages claimed by the Martons against Plaintiffs in the underlying malpractice action is the sum of Sixty Thousand Dollars ($60,000.00). See Exhibit C to Harwood Declaration. No other sum has ever been demanded by the Martons in any pleading or prayer for relief. Therefore, ST. PAUL's contention that the amount in controversy should include the Martons' potential and unplead claim by for Thirty Six Thousand Six Hundred Thirty-Two Dollars and Eleven Cents ($36,632.11) of pre-award interest is completely without merit. See Defendants-Petitioner's Memorandum of Law pp. 7-9 and Exhibit E to Harwood Declaration. For any sum greater than Sixty Thousand Dollars ($60,000.00) to be sought by the Martons, they would be obligated to amend their complaint in the underlying action. See, e.g., McHale v. Anthony, 41 AD3d 265, 839 NYS2d 33 (1st Dept 2007); CPLR §3025(b). The Martons must seek leave of the state court to amend their complaint. Until they do and such application is granted, any potential claim for damages that ST PAUL's postulates that the Martons might possibly

theoretically assert at sometime in the future are irrelevant, immaterial and totally speculative.

Furthermore, even if the complaint were to be amended, 28 U.S.C. § 1332 specifically excludes interest and costs in determining the "amount in controversy". Any such amount cannot be included within the calculation used to determine the amount of controversy in the case at bar. Moreover, the rationale offered by the arbitrator for denying the Martons' request for pre-award interest was that Hogan Contracting, Inc. (the "respondent" in that arbitration proceeding) bore no responsibility for the late re-filing of the claim; there was no determination at all as to whether Plaintiffs were in any way at fault for any purported delay in commencing arbitration. See Exhibit D to Harwood Declaration.

In sum, since the amount in controversy in a declaratory action solely consists of the amount of damages alleged in the underlying complaint, exclusive of costs and interest, it is respectfully submitted that any potential, future and unplead claim for pre-award interest cannot be included in the Court's calculation of the amount in controversy since that sum is not presently being sought by the Martons in their complaint against Plaintiffs. See Mt. Vernon Fire Ins. Co. v. Abesol Realty Corp., supra; ACMAT Corp. v. Greater N.Y. Mut. Ins. Co., supra.

## Conclusion

Based upon the foregoing reasons, it is respectfully submitted that this Court should dismiss Defendant ST. PAUL's Petition for Removal pursuant to FRCP 12(b)(1) and 28 U.S.C. § 1447(c) because the Court lacks subject matter jurisdiction. Defendant ST. PAUL's Petition for Removal does not satisfy 28 U.S.C. § 1332 because the amount in controversy threshold is not met. Therefore, it is respectfully submitted that the Court dismiss Defendant ST. PAUL's Petition for Removal and remand the proceeding to the Supreme Court of the State of New York, New York County.

Dated: September 28, 2007
       New York, New York

                                   LAW OFFICE OF PETER WESSEL, PLLC

                                   By: _____
                                       PETER WESSEL (PW 4164)

# EXHIBIT "7"

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: Hon. **EILEEN A. RAKOWER**  PART 5
Justice

STUART E. MARTON and CARINA S. MARTON,

        Petitioners,

INDEX NO. 109324/07
MOTION DATE _____

- v -

MOTION SEQ. NO. 001

HOGAN CONTRACTING, INC.,

MOTION CAL. NO. _____

        Respindent.

RECEIVED AUG 09 2007 MOTION SUPPORT OFFICE

The following papers, numbered 1 to _____ were read on this motion for/to

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | PAPERS NUMBERED 1

Answer — Affidavits — Exhibits _____

Replying Affidavits _____

Cross-Motion: ☐ Yes   X No

    ORDERED that the petition is granted and the award rendered in favor of petitioner and against respondent is confirmed; and it is further

    ORDERED and ADJUDGED that petitioners STUART E. MARTON and CARINA S. MARTON having an address at 200 East 27th Street, New York, NY, 10016 have judgment and recover against respondent, HOGAN CONTRACTING Inc., having an address at, 247 West Harsdale Avenue, Hartsdale, NY, 10530, in the amount of $62,367.32, plus interest at the rate of 9% per annum on the balance by the payments due thirty-one (31) days after the date of the transmittal of the award (which was dated May 7, 2007), in The amount of $ 1245.64 together with costs and disbursements in the amount of $ 545.12 as taxed by the Clerk, for the total amount of $64,158.08, and that the petitioner have execution therefor.

    This constitutes the decision and judgment of the Court.

Dated: August 8, 2007

EILEEN A. RAKOWER, J.S.C.

FILED AUG 27 2007 NEW YORK COUNTY CLERK'S OFFICE

Check one:   X FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION

Check if appropriate:   ☐ DO NOT POST   ☐ REFERENCE

_____
CLERK

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE     J.S.C.
DATED:

SUPREME COURT OF THE STATE OF NEW YORK     K&K No. 56438
COUNTY OF NEW YORK
---------------------------------------------------------------X
STUART E. MARTON and CARINA S. MARTON,

                           Petitioners,     Index No. 109324/2007

         -against-         **BILL OF INTEREST COSTS AND DISBURSEMENTS**

HOGAN CONTRACTING, INC.,

                           Respondent.
---------------------------------------------------------------X

Amount awarded in decision and Judgment dated 08-27-2007  $62,367.32
Interest calculated from June 7, 2007   ~~1,244.97~~  1,245.64

Total damages   ~~$63,612.29~~  63,612.96

| | |
|---|---|
| Costs by Statute CPLR § 8201 | 200.00 ✓ |
| Fee for Index Number | 210.00 ✓ |
| Prospective Marshal's fee | ~~40.00~~ 15.92 |
| Notice of Petition | ~~45.00~~ |
| Request For Judicial Intervention | 95.00 ✓ |
| Service of Order To Show Cause and Petition | ~~25.00~~ 24.20 ~~615.00~~ 545.12 |

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ~~$64,227.29~~  64,158.08

ATTORNEY AFFIRMATION

       STUART L. SANDERS, an attorney duly admitted to practice law before the Courts of the State of New York, one of the attorneys of record for the plaintiff in the above captioned action, states that the disbursements above specified have been or will necessarily be made or incurred therein, and are reasonable in amount. Petitioners are entitled to the entry of judgment pursuant to the decision and Judgment of the Hon. Eileen A. Rakower dated August 8, 2007.

Dated: New York, New York
          August 27, 2007

I HEREBY CERTIFY THAT I HAVE ADJUSTED THIS BILL OF COSTS AT
$ 545.12

27 2007

_____
CLERK

Stuart L. Sanders, Esq.
KAZLOW & KAZLOW
Attorneys for Plaintiff
237 West 35th Street, 14th Floor
New York, NY 10001
(212) 947-2900

FILED
AUG 27 2007
NEW YORK
COUNTY CLERK'S OFFICE

ALL-STATE LEGAL®
07181-BF · 07182-BL · 07183-GY · 07184-WH
800.222.0510 www.aslegal.com

Index No. 109324/2007  Year 20 07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

STUART E. MARTON and CARINA S. MARTON,

    Plaintiffs,

    -against-

HOGAN CONTRACTING, INC.,

    Defendant.

DOCKETED BY

/3(

1-2

## JUDGMENT

**KAZLOW & KAZLOW**

Attorneys for Plaintiff

237 WEST 35TH STREET, 14TH FLOOR
NEW YORK, N.Y. 10001
(212) 947-2900
FAX (212) 563-0629

**FILED AND DOCKETED**

AUG 2 7 2007

AT 1:52 PM
N.Y., CO. CLK'S OFFICE

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated:................................  Signature ................................

Print Signer's Name................................

Service of a copy of the within                                    is hereby admitted.

Dated:

Attorney(s) for

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on                    20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the Hon.                    , one of the judges of the within-named Court,
at
on                    20    , at        M.

Dated:

**KAZLOW & KAZLOW**

Attorney for