UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| CITAK & CITAK, DONALD CITAK and BURTON CITAK, | DECLARATION |
| Plaintiffs, | Civil Action No. 07 CIV 5459 (WHP) <br> HON. WILLIAM H. PAULEY, III |
| - against - | |
| THE ST. PAUL TRAVELERS COMPANIES, INC. a/k/a ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | |
| Defendants. | |

------------------------------------------------------------X

**REPLY DECLARATION IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO REMAND AND TO DISMISS DEFENDANT'S REMOVAL PETITION**

PETER WESSEL, an attorney duly licensed to practice law before the courts in the State of New York and admitted to the Bar of the District Court for the Southern District of New York, subscribes and declares under penalty of perjury that the following is true and correct, pursuant to 28 U.S.C. § 1746:

1. I am the attorney for the Plaintiffs in the above action and, as such, am fully familiar with the facts and circumstances herein.

<u>Documents provided in Reply</u>

2. This Affirmation is submitted in response to the answering papers of Defendant-Petitioner THE ST. PAUL TRAVELERS COMPANIES, INC. a/k/a ST. PAUL FIRE AND MARINE INSURANCE COMPANY (hereinafter "ST. PAUL") and in further support of Plaintiffs' motion for remand and to dismiss ST. PAUL's petition for removal.

1

3. Accompanying this Declaration is a Reply Memorandum of Law, a supplemental exhibit ("Exhibit 7"), and a copy of a Stipulation of counsel for the parties with Exhibits 1 through 6 to the Complaint for a Declaratory Judgment herein. The Reply Memorandum provides further legal support for the relief sought by Plaintiffs herein, in response to ST. PAUL's answering papers.

<u>Interest May Not be Considered As Part of the "Amount in Controversy" Pursuant to 28 U.S.C. § 1332</u>

4. ST. PAUL alleges that the pre-award interest denied the Plaintiffs' former clients Stuart E. Marton and Carina S. Marton (hereinafter the "Martons") in their arbitration claim against Hogan Contracting, Inc. should be included in the amount in controversy.

5. 28 U.S.C. § 1332 provides that district courts shall have jurisdiction of matters where the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), <u>exclusive</u> of interest and costs. Therefore, ST. PAUL's contention that pre-award interest should be taken into account when calculating the amount in controversy is contrary to the plain language of the law. There simply is no case law or other authority to support their baseless claim.

6. In addition, the Martons have not amended their complaint to include a Claim for purported loss of pre-award interest. Thus, even if the words "exclusive of interest and costs" were not specifically excluded by the statute, interest would not be included when calculating in the amount in controversy.

Attorneys' Fees in the Declaratory Action are Immaterial to the Amount in Controversy

7.  Contrary to case law interpreting 28 U.S.C. § 1332, ST. PAUL's alleges that the amount in controversy should include the attorneys' fees sought by Plaintiffs in their action for declaratory judgment.

8.  Case law, as indicated in the Memoranda herein, provides in the Second Circuit that the amount in controversy is calculated by using the damages claimed in the underlying malpractice litigation. An action for declaratory judgment is not considered the underlying litigation for determining the amount in controversy. In this case, the malpractice claim commenced against Plaintiffs herein constitutes the underlying litigation. Therefore, since damages in the complaint are alleged to amount to only Sixty Thousand Dollars ($60,000.00), the amount in controversy is Fifteen Thousand Dollars ($15,000.00) less than the Seventy-Five Thousand Dollars ($75,000.00) that is necessary for this Court to exercise jurisdiction.

9.  Notably, ST. PAUL fails to cite a single case holding that the underlying case is one other than the case for malpractice filed against an insured.

ST. PAUL Cannot Establish to a "Reasonable Probability" that Attorneys' Fees in the Underlying Malpractice Action Will Exceed Twenty Thousand Dollars ($20,000.00)[1]

10.  Even assuming *arguendo* that attorneys' fees to be incurred in defending the underlying malpractice action are somehow considered in calculating the amount in

---

[1] To satisfy the amount in controversy, the attorneys' fees incurred by Plaintiffs in defending the Marton action would have to total at least Twenty Thousand Dollars ($20,000.00), since Plaintiffs' policy with ST. PAUL includes a Five Thousand Dollar ($5,000.00) deductible towards litigation expenses

3

controversy pursuant to 28 U.S.C. § 1332, the claim that such fees would exceed Twenty Thousand Dollars ($20,000.00) is unfounded and purely speculative.

11. ST. PAUL cannot sustain its burden and prove to a "reasonable probability" that attorneys' fees in the underlying malpractice action would approach Twenty Thousand Dollars ($20,000.00).

12. Since filing their motion for remand, Plaintiffs learned additional facts particularly germane to the instant action, which were shared with ST. PAUL's counsel herein and discussed at the August 3rd Court conference. In May 2007, the Martons received an arbitration award against Hogan Contracting for the full principal sum. We subsequently learned that in August 2007 that award was converted into a valid judgment. Therefore, the Martons have sustained no damages as a result of Plaintiffs' purported acts of negligence.

13. In light of the foregoing, the Martons' claim for malpractice does not require the typically complicated trial of a "case within a case". Here the Martons prevailed in their underlying claim and any damages sustained were as a result of their own procrastination and failure to take necessary procedural steps (Mr. Marton waited almost 3 years to commence arbitration).

14. Based upon my evaluation of the case, I have agreed to represent the Citaks in the malpractice case for an agreed upon hourly rate of Four Hundred Dollars ($400.00) per hour, less a professional discount of Fifty Dollars ($50.00) per hour, which fee is not to exceed Twelve Thousand Dollars ($12,500). There is no "cap" on fees incurred with respect to the instant Declaratory Judgment action, which is being billed at the same rate.

15. Based upon the foregoing, Defendant cannot establish that there is a reasonable probability that the amount of attorneys' fees' in defending the underlying malpractice action would be in a sum that would cause the amount in controversy to exceed the jurisdictional threshold of 28 U.S.C. § 1332.

**WHEREFORE**, it is respectfully requested that this Court dismiss the Petition for Removal based on lack of subject matter jurisdiction because the amount in controversy requirement has not been satisfied and remand the proceeding to the Supreme Court of New York County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on September 28, 2007.

_____
PETER WESSEL (PW 4164)