LAW OFFICE OF PETER WESSEL, PLLC
270 Madison Avenue, Suite 1203
New York, New York 10016-0601
(212) 532-9700/(212) 202-7522
peterwessel@wessellaw.com

December 5, 2007

Hon. William H. Pauley, III
United States District Court Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 2210
New York, New York 10007-1316

     Re: *Citak & Citak, et al. v. The St. Paul Travelers Co., Inc.*
       Civil Action No. 07 CIV 5459 (WHP)

Your Honor:

  In preparing for oral argument before the Court on Friday, December 7, 2007, I found some additional legal authority, which was not previously cited, in support of Plaintiffs' contention that the amount in controversy pursuant to 28 U.S.C. §1332 is determined by the damages sought to be recovered in the underlying litigation of *Stuart E. Marton and Carina S. Marton v. Citak & Citak, Donald L. Citak and Burton Citak,* Index No. 116472/06, Supreme Court, New York County. I respectfully submit that these cases mandate that Plaintiffs' motion to remand the present proceedings to the New York State Supreme Court be granted. I also found one case that held that the amount in controversy ought to be determined by the entire value of the insurance policy. Since I would like to be able to refer to these cases at oral argument, I respectfully submit this letter today and request Your Honor's permission to make reference to the cases cited herein at oral argument.

<u>In Support of Remand</u>

  In *Evanston Ins. Co. v. Biomedical Tissue Services, Ltd.*, 2007 WL 4180653 (E.D.N.Y. 2007), defendants were the subject of over seventy (70) lawsuits in various jurisdictions. Upon learning of these suits, plaintiff Evanston commenced a federal court action seeking, primarily, to rescind that policy on the grounds that defendants made numerous material misrepresentations in their application for insurance. Although defendants defaulted, the Court nevertheless carefully considered whether plaintiff's complaint satisfied the amount in controversy requirement. In exploring the potential value of the underlying lawsuits against defendants, the Court stated that "[t]he allegation of multiple lawsuits by itself does not establish that enforcement of the Policy will put Evanston

December 5, 2007, letter to Hon. William H. Pauley, III
page 2 of 3

at risk for more than $75,000" since "Evanston affirmatively pleads elsewhere in its complaint that even if the Policy remains in effect" it is not liable for any punitive damages alleged in the underlying law suits. *Id.* Therefore, the Court unquestionably focused on the damages asserted in the underlying law suits against the defendants. While the Court ultimately deferred to plaintiff's assertion that the amount in controversy requirement was met, the Court measured the amount in controversy based upon the damages asserted in the underlying lawsuits brought against the defendants.

In *Aetna Cas. & Sur. Co. v. Carpena*, 1991 WL 120362 (S.D.N.Y 1991), defendants were sued for negligence in state court and notified their insurance carrier of the claim, which undertook to defend defendants. After defendants became uncooperative with the defense being presented by the carrier on their behalf, a separate state court action was commenced for a declaration absolving the carrier of all coverage obligations under the Policy. Defendants removed the declaratory action to federal court and plaintiff moved to remand on the basis that the amount in controversy requirement was not met. The Court held that the amount plaintiff elected to settle the underlying negligence action for ($300,000.00) determined the amount in controversy. The Court looked directly at the amount required to dispose with the underlying litigation to ascertain the amount in controversy. *Cf. Constitution Reinsurance Corp. v. Stonewall Ins. Co.*, 980 F.Supp. 124 (S.D.N.Y. 1997) (involving case between insurer and reinsurer where amount in controversy comprised of settlement amount in underlying suit between insured and insurer).

The amount in controversy was held to be the amount of damages alleged in the underlying state court action in *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Mastroni*, 754 F.Supp. 269 (D.Conn. 1990). In that case, defendants procured professional liability insurance from National Union. A third-party filed complaints against defendants in state court alleging, *inter alia*, that defendants failed to perform their contractual obligations under a property management agreement. National Union commenced a federal court action seeking a declaration that it had no duty to defend or indemnify the defendants in the pending state court proceedings. Defendants moved to dismiss that complaint, asserting, in part, that the amount in controversy did not exceed the statutory threshold. The Court denied defendants' motion, poignantly concluding that the amount in controversy requirement was met since "in each of the five state court actions, Burr demands damages, including punitive damages, in excess of $15,000, for a total claim in excess of $75,000." *Id.* at 272.

In each of the foregoing cases, the amount in controversy was determined by looking solely and directly to the amount of damages alleged in the underlying state court action. In the case at bar, only $60,000.00 in damages has been alleged by the Martons. As a result,

December 5, 2007, letter to Hon. William H. Pauley, III
page 3 of 3

even if the Martons prevail in their claim against Plaintiffs herein, the <u>maximum</u> liability that Defendants could owe the Martons in that lawsuit would be $60,000.00, plus interest (an item of damages excluded from consideration with respect to the amount in controversy), which sum does not meet the $75,000.00 statutory requirement.

<u>A Different Approach</u>

In *Crag Burn Village, Ass'n, Inc. v. Federal Ins. Co.*, 2005 WL 600342 (W.D.N.Y. 2005), after plaintiff was sued by a third-party for breach of contract in state court, its insurer denied coverage. A declaration was sought that the insurer was obligated, pursuant to the parties' policy, to defend and indemnify it in the underlying state court action. The insurer removed the declaratory judgment action and plaintiff moved to remand. In assessing the amount in controversy, the Court held that, in a declaratory judgment action, "the entire value of the insurance policy determines the jurisdictional amount", since that is the amount that the carrier may be called upon to ultimately pay. *Id.* In *Crag Burn*, the parties' policy called for coverage up to $1,000,000.00 per claim. Thus, the Court held the amount in controversy threshold had been attained. However, since the sum St. Paul's might ultimately be called upon to pay will not exceed $60,000.00 (because the maximum amount the Martons seek in the underlying action is $60,000.00, plus interest, which is not included in the amount in controversy), it is respectfully submitted that the face amount of the policy is simply not a relevant determining factor.

Thank you for your further time and consideration.

Respectfully submitted,

Peter Wessel (PW4164)
Law Office of Peter Wessel, PLLC
270 Madison Avenue, Suite 1203
New York, New York 10016-0601
(212) 532-9700/(212) 202-7522 (fax)
peterwessel@wessellaw.com

cc:   Jonathan R. Harwood, Esq.
      Traub Lieberman Straus & Shrewsberry LLP
      Mid-Westchester Executive Park
      Seven Skyline Drive
      Hawthorne, New York 10532-2185
      (914) 347-2600/(914) 347-8898 (fax)
      jharwood@traublieberman.com



# hp LaserJet 4345mfp series

## Fax Call Report

1

Law Office of Peter Wessel
(212) 202-7522
05-Dec-2007 07:03 PM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| 1522 | 05-Dec-2007 07:01 PM | Send | 919143478898 | 1:20 | 3 | Success |

LAW OFFICE OF PETER WESSEL, PLLC
270 Madison Avenue, Suite 1203
New York, New York 10016-0601
(212) 532-9700/(212) 202-7522
peterwessel@wessellaw.com

December 5, 2007

Hon. William H. Pauley, III
United States District Court Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 2210
New York, New York 10007-1316

Re:  *Citak & Citak, et al. v. The St. Paul Travelers Co., Inc.*
Civil Action No. 07 CIV 5459 (WHP)

Your Honor:

  In preparing for oral argument before the Court on Friday, December 7, 2007, I found some additional legal authority, which was not previously cited, in support of Plaintiffs' contention that the amount in controversy pursuant to 28 U.S.C. §1332 is determined by the damages sought to be recovered in the underlying litigation of *Stuart E. Marton and Carina S. Marton v. Citak & Citak, Donald L. Citak and Burton Citak*, Index No. 116472/06, Supreme Court, New York County. I respectfully submit that these cases mandate that Plaintiffs' motion to remand the present proceedings to the New York State Supreme Court be granted. I also found one case that held that the amount in controversy ought to be determined by the entire value of the insurance policy. Since I would like to be able to refer to these cases at oral argument, I respectfully submit this letter today and request Your Honor's permission to make reference to the cases cited herein at oral argument.

<u>In Support of Remand</u>

  In *Evanston Ins. Co. v. Biomedical Tissue Services, Ltd.*, 2007 WL 4180653 (E.D.N.Y. 2007), defendants were the subject of over seventy (70) lawsuits in various jurisdictions. Upon learning of these suits, plaintiff Evanston commenced a federal court action seeking, primarily, to rescind that policy on the grounds that defendants made numerous material misrepresentations in their application for insurance. Although defendants defaulted, the Court nevertheless carefully considered whether plaintiff's complaint satisfied the amount in controversy requirement. In exploring the potential value of the underlying lawsuits against defendants, the Court stated that "[t]he allegation of multiple lawsuits by itself does not establish that enforcement of the Policy will put Evanston