UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
CITAK & CITAK et al.,         :
                              :
            Plaintiffs,       :     07 Civ. 5459 (WHP)
                              :
     -against-                :     MEMORANDUM AND ORDER
                              :
THE ST. PAUL TRAVELERS        :
COS., INC.,                   :
                              :
            Defendant.        :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

On May 30, 2007, Plaintiffs/Respondents Citak & Citak, Donald Citak and Burton Citak (collectively the "Citaks") filed this action in New York State Supreme Court (New York County) seeking a declaratory judgment of their rights under a malpractice insurance policy (the "Policy") issued by Defendant/Petitioner St. Paul Travelers Cos., Inc. ("St. Paul's"). On June 8, 2007, St. Paul's filed a notice of removal in this Court pursuant 28 U.S.C. § 1441, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Citaks seek remand of the action, asserting that the amount in controversy requirement for federal jurisdiction is not met. For the following reasons, the Citaks' motion is denied.

BACKGROUND

The Policy provides that St. Paul's will pay all "damages" in excess of the $5,000 deductible as well as "reasonable and necessary fees charged by (an) attorney(s) . . . and all other fees, costs and expenses resulting from the investigation, adjustment, defense and appeal" of any suit. (Declaration of Jonathan R. Harwood in Opposition to Plaintiffs' Motion to Remand, dated

Aug. 31, 2007 ("Harwood Decl.") Ex. B: Lawyers Professional Liability Policy No. 507JB0670 issued March 27, 2006 at 1, §§ I, IV, VIII(c).) The Policy also reserves to St. Paul's the "right and duty" to defend any claim for damages. (Harwood Decl. Ex. B at 1.)

The Citaks claim that St. Paul's refused to provide counsel and indemnify them for a malpractice claim filed against them on November 3, 2006 in New York State Supreme Court (New York County) by Stuart and Carina Marton (the "Marton Action"). The Martons allege that the Citaks' legal malpractice damaged them in their pursuit of an arbitration award against a contractor. (Harwood Decl. Ex. C: Complaint, Marton v. Citak & Citak, No. 116472-06 (N.Y. Sup. Ct. Nov. 3, 2006.) The Martons seek "at least $60,000 in damages, with interest from November 29, 2000, together with plaintiffs' costs and disbursements in [the] action." (Harwood Decl. Ex. C at 9.) After an arbitrator awarded the Martons $62,367.32 against their contractor, the Citaks moved to dismiss the Marton Action arguing that, having won the arbitration, the Martons could not demonstrate that the Citaks' alleged malpractice had caused them any harm. On October 11, 2007, the New York State Supreme Court denied the Citaks' motion to dismiss because (1) "but for defendants' negligence, [the Martons] would have procured a judgment against [the contractor] while that entity had assets sufficient to satisfy the judgment;" and (2) the arbitrator denied the Martons' request for $36,632.11 in pre-judgment interest, finding that the Citaks, and not the contractor, were responsible for the nearly seven year delay in bringing the arbitration. (Decision and Order, Marton v. Citak & Citak, No. 116472-06 (N.Y. Sup. Ct. Oct. 11, 2007) at 4.)

DISCUSSION

To establish diversity jurisdiction, the amount in controversy must be at least $75,000, exclusive of interest and costs. 28 U.S.C. § 1441. Attorney fees, if authorized by agreement between the parties, may be included in this amount. Oscar Gruss & Son, Inc. v. Holander, 337 F.3d 186, 199 (2d Cir. 2003); Ins. Co. of Pa. v. Waterfield, 371 F. Supp. 2d 146, 149 (D. Conn. 2005).

"A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Scherer v. The Equitable Life Assurance Soc'y of the United States, 347 F.3d 394, 398 (2d Cir. 2003). Where the relief sought is declaratory, the amount in controversy is measured by the value of the object of the litigation. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977). "The amount in controversy is not necessarily the money judgment sought or recovered, but the value of the consequences that may result from the litigation." Crag Burn Village Ass'n v. Fed. Ins. Co., No. 04 Civ. 436A, 2005 WL 600342, at *1 (W.D.N.Y. Mar. 8, 2005) (citing Beacon Constr. Co., Inc. v. Matco Elec. Co., Inc., 521 F.2d 392, 399 (2d Cir. 1975)). This value is measured from the plaintiff's perspective and is "the monetary value of the benefit that would flow to the plaintiff if . . . declaratory relief were granted." American Standard, Inc. v. Oakfabco, Inc., 498 F. Supp. 2d 711, 717 (S.D.N.Y. 2007).

The Citaks seek a declaratory judgment that St. Paul's will indemnify them against any award in, and provide counsel for, the Marton Action. The Marton action remains pending, and there is a "reasonable probability" that the claim is worth at least $90,000, taking into account the $60,000 claimed in the Martons' Action plus the $36,632.11 for which the arbitrator indicated that the Citaks, and not the Martons' contractor, were responsible. Combined

3

with attorney fees, to which the Citaks are entitled pursuant to the Policy, the value to the Citaks of a declaratory judgment is likely well in excess of $100,000, even after subtracting the deductible. See Crag Burn Village Ass'n, 2005 WL 600342, at *1 (calculating the amount in controversy from the value of the insurance policy, rather than amount claimed in the complaint).

Accordingly, St. Paul's has established a reasonable probability that the claim against it is in excess of the jurisdictional amount.

## CONCLUSION

For the foregoing reasons, the Citaks' motion for remand is denied.

Dated: December 26, 2007
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

4

*Counsel of record:*

Peter Wessel, Esq.
Law office of Peter Wessel, PLLC
270 Madison Avenue, Suite 1203
New York, NY 10016
*Counsel for Plaintiffs*

Jonathan Robert Harwood, Esq.
Traub Eglin Lieberman Straus, LLP
Seven Skyline Drive
Hawthorne, NY 10532
*Counsel for Defendant*