# TRAUB LIEBERMAN
# STRAUS & SHREWSBERRY LLP

NEW YORK | NEW JERSEY | FLORIDA

Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532

Telephone (914) 347-2600
Facsimile (914) 347-8898
www.traublieberman.com

January 4, 2008

Hon. William H. Pauley, III
United States District Court Judge
United States District Court
500 Pearl Street, Room 2210
New York, New York 10007




Re: Citak & Citak v. The St. Paul Travelers Companies, Inc.
Civil Action No.: 07 CIV 5459 (WHP)

Dear Judge Pauley:

This firm represents the defendant in the captioned matter. Pursuant to your Honor's rules, we request a pre-motion conference, as defendant believes it has valid grounds to move to dismiss the complaint for failure to state a cause of action.

Plaintiffs Citak & Citak, Donald Citak and Burton Citak (collectively "the Citak firm") seek a declaration of coverage, under a Lawyers Professional Liability Policy issued by St. Paul Travelers ("the Policy"), for a claim asserted by former clients Stuart and Carina Marton. The Policy was in effect for the policy period of April 28, 2006 to April 28, 2007.

On or about November 2, 2006, the Martons commenced an action against the Citak firm in the Supreme Court of the State of New York (referred to hereinafter as "the *Marton* action"), alleging that the Martons retained the Citak firm to represent them in a breach of contract action against a contractor retained to perform renovations for the Martons. The contract allegedly required that: any claim under the contract be initiated within 21 days of the occurrence of the event in question or 21 days after the claimant became aware of the condition; claims under the contract would be referred to the Martons' architect and that his decision was a condition precedent to any mediation, arbitration or legal proceeding; and mediation pursuant to the Construction Industry Mediation Rules of the American Arbitration Association (AAA) was a condition precedent to arbitration or any legal or equitable proceedings and a claim not resolved by mediation was to be arbitrated pursuant to the Construction Industry Arbitration Rules of the AAA.

The Citak firm allegedly failed to send notice of the claim within the time required and failed to initiate mediation or arbitration proceedings, as required by the contract. It is further alleged that the Citak firm commenced an action in the Supreme Court of the State of New York without first submitting the claim to the architect or commencing mediation or arbitration, as required by the contract. As a result, the case was dismissed. The Martons further alleged that, after the suit was

Hon. William H. Pauley, III
Page 2

dismissed the Citak firm submitted a Demand for Arbitration and a request for a prior mediation to the AAA. This was done in November 2003, over two years before the Policy was issued. According to the Martons, AAA returned the Demand for Arbitration to the Citak firm, advising that the arbitration clause in the contract submitted with the request had been crossed out. The Citak firm was allegedly advised that an arbitration demand could only be resubmitted with a Submission to Arbitration form that was completed by all parties. It is alleged that no such form was ever submitted and the Citak firm took no further action with respect to the dispute.

In December 2005, five months before the Policy was issued, Mr. Marton also filed a complaint with the Departmental Disciplinary Committee of the Supreme Court, Appellate Division, First Department ("the Disciplinary Committee"). That complaint contains the same allegations concerning the Citak firm's alleged failure to prosecute the Marton's claims against their contractor. In a supplement to the complaint, Mr. Marton stated that the Citak firm's actions left him "without a remedy against [his] contractor."

On June 15, 2006, the Citak firm advised JLT Services Corp., the producer of the policy, that there was a potential claim by the Martons. That notice was submitted to St. Paul, which acknowledged receipt of the notice in a June 20, 2006. In correspondence dated June 23, 2006, St. Paul advised the Citak firm that there would not be coverage for a claim by the Martons. In so doing, St. Paul referred to policy exclusion G, which states that the policy does not apply to "'claims' arising out of any error, omission, negligent act or 'personal injury' occurring prior to the inception date of the Policy if any insured prior to the inception date knew or could have reasonably foreseen that such error, omission, negligent act or 'personal injury' might be expected to be the basis of a 'claim' or 'suit.'" St. Paul noted that the disciplinary complaint had been filed in December 2005 and the Citak firm had filed a response in February 2006, all of which occurred before the inception of the policy. The letter also noted that in its January 20, 2006 application for insurance the Citak firm stated, incorrectly, that it had not been the subject of a disciplinary complaint.

In the first cause of action in the instant matter, the Citak firm contends that it is entitled to defense and indemnification under the policy for the *Marton* action and St. Paul's refusal to provide such coverage constitutes a breach of the insurance policy. Application of the relevant policy language, the undisputed facts and the applicable law demonstrate that this is simply not the case. The determination of whether coverage exists for the *Marton* action is based on whether the Citak firm had a reasonable basis to believe, prior to issuance of the Policy, that it breached a professional duty or to foresee that a claim arising out of such breach would be made against the firm. As noted above, exclusion G of the Policy precludes coverage for such matters. The undisputed facts, as plead in the complaint and supported by the exhibits attached thereto, demonstrate that the Citak firm had such knowledge.

In the complaint in the instant action, the Citak firm asserts that it is entitled to coverage for the *Marton* action because it had no reason to believe a claim would be made against it until the mediation conducted by the Disciplinary Committee, where the mediator suggested that a

Hon. William H. Pauley, III
Page 3

malpractice suit would be a more appropriate remedy for the Martons. This assertion is premised on the belief that the Citak firm could not have a reasonable basis to believe a claim might be made until one was specifically threatened. This argument, however, evinces a fundamental misreading of the applicable policy wording. As noted above, Exclusion G precludes coverage for "'claims' arising out of any error, omission, negligent act or 'personal injury' occurring prior to the inception date of the Policy if any insured prior to the inception date knew or could have reasonably foreseen that such error, omission, negligent act or 'personal injury' might be expected to be the basis of a 'claim' or 'suit.'" In every instance in which the New York courts have applied this or similar language they have looked at what an attorney should have objectively known, not what he claims his subjective knowledge was, in determining whether coverage exists. *See Sirignano v. Chicago Insurance Co.*, 192 F.Supp.2d 199 (S.D.N.Y. 2002); *Ingalsbe v. Chicago Insurance Co.*, 270 A.D.2d 684, 704 N.Y.S.2d 697 (3d Dep't 2000); *Bellefonte Insurance Co. v. Eli D. Albert, P.C.*, 99 A.D.2d 947, 472 N.Y.S.2d 635 (1st Dep't 1984). The appropriate inquiry, as established in these cases, is whether the facts at issue would lead a reasonable attorney to expect that his conduct could result in a future claim. *Id.* An attorney's expressed, subjective belief is of no moment. *Id.*

Application of these principles confirms the propriety of St. Paul's denial of coverage. In October 2003, the Citak firm knew that the suit it had commenced on behalf of the Martons had been dismissed on the grounds that the matter had to be arbitrated. Shortly thereafter, the Citak firm also learned that AAA had rejected the arbitration request because the agreement submitted to it did not contain an arbitration clause. The Citak firm was also advised that it needed to provide a Submission of Dispute Resolution form to AAA in order to proceed with the arbitration. No such form was ever provided. Finally, as a result of the disciplinary charge filed in December 2005 the Citak firm knew that Mr. Marton was claiming that he had been harmed by the firm's failure to do these things. In light of the foregoing, the Citak firm knew that its client was claiming that he had lost the opportunity to pursue his claim and that he blamed the Citak firm for the situation. Knowing this, the Citak firm had reason to believe that a claim would be made against it by Mr. Marton. Since this knowledge existed prior to the April 28, 2006 issuance of the Policy, the Citak firm is not entitled to any coverage under the Policy.

Defendant respectfully requests a pre-motion conference with the court in order to discuss its proposed motion to dismiss.

Thank you for your consideration of this matter.

Sincerely,

Jonathan R. Harwood

cc: Peter Wessell, Esq.

*Application granted. The Court will hold a pre-motion conference currently [illegible] in addition to the scheduling conference currently scheduled for that time.*

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
1/1/2008

TRAUB LIEBERMAN
TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP