# EXHIBIT A

# EXHIBIT "4"


**ST PAUL
TRAVELERS**

ST. PAUL FIRE AND MARINE INSURANCE
COMPANY
MC 9275-508F
385 Washington Street
St. Paul, MN 55102
Telephone: (651) 310-8393
Fax: (866) 608-9632

June 20, 2006

Donald L. Citak
Citak & Citak Attorney At Law
270 MADISON AVENUE, SUITE 1203
NEW YORK, NY 10016

RE:   **Insured:**            Citak & Citak Attorney At Law
      **Policy Number:**      0507JB0670
      **Tracking Number:**    MB12104
      **Matter:**             Stuart Marton
      **Claim Number:**       0507JB0670 22H001

Dear Mr. Citak,

This letter formally acknowledges ST. PAUL FIRE AND MARINE INSURANCE COMPANY's receipt of the above-referenced matter on 06/15/2006. Timothy C. Krsul will review this on the company's behalf and will contact you in the near future to discuss this matter. Timothy C. Krsul can be reached at (651) 310-5453.

In the meantime, ST. PAUL FIRE AND MARINE INSURANCE COMPANY must respectfully reserve any legal and policy defenses it may have in connection with this matter.

Sincerely,

ST. PAUL FIRE AND MARINE INSURANCE COMPANY
Nhoua Yang
Claim Support Spec
Telephone: (651) 310-8393
Fax: (866) 608-9632
NYANG@STPAULTRAVELERS.COM

CC: Demetrius McCord
JLT Services Corporation
13 Cornell Road
Latham, NY 12110-0000

Andrew Sutcliffe, St. Paul Travelers (via email only)

FC02672 Rev 10/03

# EXHIBIT "5"

**Stuart Marton**
**200 East 27ᵗʰ Street, #14F**
**New York, New York 10016**

VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED

September 18, 2006

American Arbitration Association
950 Warren Avenue
East Providence, RI 02914
Attn: Ms. Karen Smith, Intake Supervisor

Re:    13 459 02998 03
       Stuart & Carina Marton
       and
       Hogan Contracting, Inc.

Dear Ms. Smith:

As per our recent telephone conversation, I am resubmitting the above Demand for Arbitration. The initial demand was not able to be administered by the AAA because your office incorrectly believed that the arbitration provision in the contract was stricken from the underlying AIA General Conditions.

This is incorrect. The document submitted to you by my ex-attorney was not part of my contract with Hogan Contracting. My ex-attorney made this error and failed to notify you and me of the error.

Enclosed please find two copies of each: the revised Demand for Arbitration (my ex-attorney in no longer listed), the contract between the parties, and the AIA General Conditions that specify arbitration. In addition, enclosed please find the initial Demand for Arbitration, copies of correspondence between your office and my ex-attorney, and the required filing fee of $950.

I have mailed the original Demand for Arbitration to Hogan Contacting, Inc.

Thank you for your assistance.

Sincerely,

## NATURE OF DISPUTE BETWEEN PARTIES

1.  In or about May 2000, Stuart and Carina Marton (hereinafter "Claimants") entered into a contract with Hogan Contracting Inc. (hereinafter "Respondent"), pursuant to which Respondent was to undertake the combination and renovation of the subject apartments, the result of which in part was to make them into one apartment unit. Pursuant to the terms of the Agreement, Respondent was to provide all of the work, labor and services and furnish all of the goods, materials and equipment necessary to complete the combination and renovation of the subject apartments.

2.  A copy of the parties' agreement is annexed as <u>Exhibit A.</u>

3.  Pursuant to this Agreement,
    A)  all of the work, labor and services to be performed and the goods, materials and equipment to be supplied were to be done at the subject apartments in New York County;
    B)  the work for this project was to have commenced in early June 2000 and was to have been completed in early September 2000;
    C)  in the event of any delay in the completion of the work, labor and services to be performed by Respondent, Respondent was to pay to Claimants liquidated damages in the sum of One Hundred and Seventy-Five ($175.00) Dollars for each calendar day of delay until the work is substantially complete;
    D)  Claimants were to have paid Respondent a total sum in excess of $120,000.00 for undertaking all of the work, labor and services and for furnishing all of the goods, materials and equipment necessary to complete the combination and renovation of the subject apartments.

4.  Respondent commenced work at the subject apartments under the terms of the Agreement.

5.  Between June and November 2000, Claimants paid the sum of $108,604.00 to Respondent for the work, labor and services undertaken and goods, material and equipment supplied by Respondent in performance its obligations under the terms of the Agreement.

6.  Commencing in November 2000, Respondent refused to perform any further work, labor and/or services at, or supply any further goods, materials and equipment to, the subject apartments, to complete the terms of the Agreement.

7. Respondent's failure to perform and complete its duties and obligations under the terms of the Agreement was a breach of its contract with Claimant.

8. As a result of Respondent's breach of the Agreement, Claimants have been and will be compelled to expend money to complete the work, labor and/or services at, or obtain the goods, materials and equipment to, the subject apartments, necessary to complete the project commenced and undertaken by Respondent under the terms of the Agreement, the completion of which was substantially delayed by the Respondent's actions.

9. In connection with the work, labor and services undertaken by Defendant in performing obligations at the subject apartments pursuant to the terms of the Agreement, Respondent explicitly and impliedly warranted that the work, labor and services performed by Respondent were guaranteed, in that they would be of good quality, free from defects and performed in a workman-like manner.

10. In connection with the goods, materials and equipment supplied by Respondent in performing obligations at the subject apartments pursuant to the terms of the Agreement, Respondent explicitly and impliedly warranted that the goods, materials and equipment supplied were guaranteed, in that they would be of good quality and free from defects.

11. Claimants were induced to rely and did rely on Respondent's warranties.

12. Respondent breached its warranties concerning the quality of the workmanship and materials in significant aspects of the work, labor and services rendered and undertaken and/or the goods, materials and equipment supplied by Respondent were not of good quality and/or were not free from defects.

13. As a result of Respondent's breach of the Agreement, Claimants have been and will be compelled to expend money to complete and/or repair and redo the work, labor and/or services at, or obtain the goods, materials and equipment to, the subject apartments, necessary to complete the project commenced and undertaken by Respondent under the terms of the Agreement.

14. As a result of the foregoing, Claimants have sustained damages in the sum of approximately Sixty Thousand ($60,000.00) Dollars.

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

## CONSTRUCTION INDUSTRY ARBITRATION RULES
### Demand for Arbitration

*MEDIATION: If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☐
*There is no additional administrative fee for this service.*

| | |
|---|---|
| Name of Respondent    HOGAN CONTRACTING INC. | Name of Representative (if known) |
| Address:    247 WEST HARTSDALE AVE. | Name of Firm (if applicable) |
| | Representative's Address: |

| City  HARTSDALE | State  NY | Zip Code  10530 | City | State | Zip Code |
|---|---|---|---|---|---|
| Phone No.  (914) 684-0277 | | Fax No.  (914) 684-0285 | Phone No. | | Fax No. |
| Email Address: | | | Email Address: | | |

The named claimant, a party to an arbitration agreement dated _MAY 19, 2000_, which provides for arbitration under the Construction Industry Rules of the American Arbitration Association, hereby demands arbitration.

ARBITRATION CLAUSE CONTAINED IN THE FOLLOWING CONTRACT DOCUMENT: (Please check one)
☒ AIA-American Institute of Architects  ☐ AGC-Associated General Contractors of America  ☐ DBIA-Design Build Institute of America
☐ EJCDC-Engineers Joint Contract Documents Committee  ☐ ASA-American Subcontractors Association  ☐ CMAA-Construction Management
Association of America  ☐ Other (specify)_____

THE NATURE OF THE DISPUTE
    SEE ATTACHED

| | |
|---|---|
| Dollar Amount of Claim $  60,000 + | Other Relief Sought: ☐ Attorneys Fees  ☒ Interest  ☒ Arbitration Costs ☐ Punitive/ Exemplary ☐ Other |

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $ 950

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE: _ARCHITECT FAMILIAR WITH RENOVATION AND CONSTRUCTION IN MANHATTAN ARCHITECT ATTACHMENT, PARTICULARLY COMBINING TWO (2) APARTMENTS INTO ONE (1)_

| | |
|---|---|
| Hearing locale  NY COUNTY    (check one) ☒ Requested by Claimant  ☐ Locale provision included in the contract | |
| Estimated time needed for hearings overall:   2  hours or _____ days | Specify type of business: Claimant _____   Respondent _____ |

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association's Case Management Center, located in (check one)  ☐ Atlanta, GA  ☐ Dallas, TX  ☒ East Providence, RI  ☐ Fresno, CA  ☐ International Centre, NY, with a request that it commence administration of the arbitration.  Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

| | |
|---|---|
| Signature (may be signed by a representative)    Date: 9/17/05 | Name of Representative |
| Name of Claimant   STUART MARSTON | Name of Firm (if applicable) |
| Address (to be used in connection with this case)   200 EAST 27 ST, #14F | Representative's Address |
| City  NY | State  NY | Zip Code  10016 | City | State | Zip Code |
| Phone No.  (917) 748-5523 | | Fax No. | Phone No. | | Fax No. |
| Email Address: | | | Email Address: | | |

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to the AAA.  Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online.  AAA Customer Service can be reached at 800-778-7879

# EXHIBIT "6"

PAUL J. CURRAN, ESQ.
  CHAIRMAN

HALIBURTON FALES, 2D., ESQ.
MARTIN R. GOLD, ESQ.
WILLIAM FRANCIS KUNTZ, II, ESQ.
ROY L. REARDON, ESQ.
STEPHEN L. WEINER, ESQ.
  SPECIAL COUNSEL

EUGENE F. BANNIGAN, ESQ.
DR. JANE EISNER BRAM
DOUGLAS W. BRANDRUP, ESQ.
CHRISTOPHER E. CHANG, ESQ.
ANN J. CHARTERS
LISA D. CHARLES
DENIS F. CRONIN, ESQ.
CHERYL DAVIS, ESQ.
JEAN E. DAVIS
TELESFORO DEL VALLE JR., ESQ.
PAUL F. DOYLE, ESQ.
PATRICIA FARREN, ESQ.
STEVEN N. FEINMAN, ESQ.
CHARLOTTE MOSES FISCHMAN, ESQ.
THOMAS FITZPATRICK, ESQ.
WILLIAM L. FREEMAN
WILLIAM A. GALLINA, ESQ.
PAUL G. GARDEPHE, ESQ.
JOSEPH STEVEN GENOVA, ESQ.
ALFRED G. GEROSA
ROBERT L. HAIG, ESQ.
WILLIAM E. HAMMOND, ESQ.
PATRICIA HANDAL
PATRICIA HATRY, ESQ.
PATRICIA M. HYNES, ESQ.
SUSAN M. KARTEN, ESQ.
STEPHEN E. KAUFMAN, ESQ.
JOHN J. KENNEY, ESQ.
DAVID G. KEYKO, ESQ.
MYRON KIRSCHBAUM, ESQ.
ANDREW M. LAWLER, ESQ.
HON. ALFRED D. LERNER
FRANK J. LOVERRO, ESQ.
MARY B. MAGUIRE
CHARLES C. MARINO
DOUGLASS B. MAYNARD, ESQ.
JOHN W. McCONNELL, ESQ.
LAWRENCE D. McGOVERN, ESQ.
HAROLD F. McGUIRE, JR., ESQ.
FITZGERALD MILLER
CHARLES G. MOERDLER, ESQ.
MATHIAS E. MONE, ESQ.
MERCEDES A. NESFIELD
LYNN K. NEUNER, ESQ.
JANE W. PARVER, ESQ.
ANTHONY M. RADICE, ESQ.
TIMOTHY G. REYNOLDS, ESQ.
MARTIN S. ROTHMAN, ESQ.
REUBEN SAMUEL, ESQ.
SAMUEL W. SEYMOUR, ESQ.
DANIEL E. SIFF, ESQ.
JOHN SIFFERT, ESQ.
MARIAN E. SILBER, ESQ.
EUGENE P. SOUTHER, ESQ.
CHRISTINE COLLINS TOMAS
JOHN L. WARDEN, ESQ.
ERIC J. WARNER, ESQ.
SUSAN WELSHEL
  COMMITTEE MEMBERS

THOMAS J. CAHILL
  CHIEF COUNSEL

SHERRY K. COHEN
  FIRST DEPUTY CHIEF COUNSEL

ANDRAL N. BRATTON
  DEPUTY CHIEF COUNSEL

CHRISTINE C. ANDERSON
ANGELA CHRISTMAS
NICOLE CORRADO
KEVIN P. CULLEY
JORGE DOPICO
MADY J. EDELSTEIN
JEREMY S. GARBER
NAOMI F. GOLDSTEIN
JOSEPH J. HESTER
ROBERTA N. KOLAR
JUN HWA LEE
VITALY LIPKANSKY
STEPHEN P. McGOLDRICK
KEVIN E.F. O'SULLIVAN
ORLANDO REYES
JAMES T. SHED
EILEEN J. SHIELDS
JUDITH N. STEIN
RAYMOND VALLEJO
  STAFF COUNSEL

SUPREME COURT, APPELLATE DIVISION
FIRST JUDICIAL DEPARTMENT
61 BROADWAY
NEW YORK, N.Y. 10006

(212) 401-0800
FAX: (212) 401-0810

February 13, 2007

PERSONAL AND CONFIDENTIAL

Donald L. Citak, Esq.
270 Madison Avenue
Suite 1203
New York, NY  10016-0601

Re: Complaint of Stuart E. Marton
    Docket No.  2005.3319

Dear Mr. Citak:

    Following a careful investigation of the
allegations in the complaint filed by Stuart E Marton
against you, and after review by a member of the
Departmental Disciplinary Committee, we have
determined to take no further action and closed the
file on this matter.

                              Very truly yours,

                              Thomas J. Cahill

D-PR/R  JNS

# EXHIBIT "7"

*Citak & Citak*
*Attorneys at Law*

—

*Burton Citak*
*Donald L. Citak*

*270 Madison Avenue, New York, N.Y. 10016*

*(212) 759-9585 / (800) 724-9585*

*Fax (212) 759-2979*

E-mail: dcitak@citaklaw.com
bcitak@citaklaw.com

February 15, 2007

JLT Services Corp.
13 Cornell Road
Latham, NY 12110

      Re:    Stuart E. Marton, et al vs .Citak & Citak, et al.
             Policy # 507JB067

Gentleman:

      Please be advised that on this date, we received the enclosed notice from the Disciplinary Committee indicating that there is not further action to be taken by them.

      Simultaneously, we were served on this date with the enclosed Summons and Complaint. Please arrange to forward same to Traveler's Insurance Company, St. Paul and Liberty who previously insured us and advise our office if they are prepared to represent our office in connection to this matter.

      Your prompt attention to the foregoing would be greatly appreciated.

                    Very truly yours,

                    Burton Citak

BC/sd

# EXHIBIT "8"

 TRAVELERS

March 5, 2007


Mr. Burton Citak, Esq.
Citak & Citak
270 Madison Avenue, Suite 1203
New York, New York 10016


| Re: | Insured: | Citak & Citak |
| --- | --- | --- |
| | Policy: | St. Paul Fire & Marine Insurance Company, Lawyers Professional Liability Policy No. 507JB0670, effective April 28, 2006 – April 28, 2007 |
| | Matter: | Stuart E. Marton et al. v. Citak & Citak et al. |
| | Tracking no.: | MB12104 |
| | Claim no.: | 0507JB0670-22H001 |

Dear Mr. Citak:

I am writing in response to your letter of February 15, 2007 enclosing (1) a Notice from the Disciplinary Committee indicating that there would be no further action taken and (2) a Complaint in the above matter. This matter was submitted to me for review under St. Paul Fire & Marine Insurance Company ("St. Paul") Lawyers Professional Liability Policy No. 507JB0670 (the "Policy"). The Policy is subject to a $1,000,000 limit of liability each claim and a $5,000 deductible each claim.

After review of the Complaint, the allegations appear to involve the same circumstances which were involved in the disciplinary committee complaint which you previously reported to us. Unfortunately, there would not be coverage for the Complaint for the reasons below.

As stated in the pertinent section of the insuring agreement, the Policy provides coverage for damages for which a "claim" is first made against an insured and reported to us within the "policy period". In addition, under paragraph G of Section VII "Exclusions", the Policy does not apply to "claims" arising out of any error, omission, negligent act or "personal injury" occurring prior to the inception date of the Policy if any insured prior to the inception date knew or could have reasonably foreseen that such error, omission, negligent act or "personal injury" might be expected to be the basis of a "claim" or "suit". The Policy incepted on April 28, 2006 and has a policy period of April 28, 2006 to April 28, 2007.

On June 15, 2006, you notified your agent of a "potential" claim by letter dated June 15, 2006. The matter involved a complaint filed by Stuart Marton on December 23, 2005 with the Departmental Disciplinary Committee for the Supreme Court, Appellate Division.

Mr. Donald L. Chak. Esq.
March 5, 2007
Page 2

According to Mr. Marton's disciplinary complaint. he hired your firm to represent him
against a contractor who walked away from renovating his home in violation of a
contract. You filed a lawsuit, which the court dismissed because the court said that the
case had to be arbitrated. You filed for arbitration on Mr. Marton's behalf, but the AAA
would not accept the case because the contractor would not agree to arbitration. Mr.
Marton claims that you never informed him that the AAA would not take the case and did
not generally respond to him thereafter. You allegedly did not return to court after the
contractor refused to arbitrate.

On February 8, 2006, your firm responded in writing to Mr. Marton's disciplinary
complaint and denied his allegations. Under the circumstances, it appears that you knew
or could have reasonably foreseen that this matter might be expected to be the basis of a
claim prior to April 28, 2006.

Further, your firm's application for insurance, which is dated January 20, 2006, asks:
"has any attorney for whom coverage is sought been. . .the subject of a disciplinary
complaint. . . ." Your firm answered "no". The application required your firm to
"immediately notify" St. Paul of any changes to any information in the application prior
to the effective date of any policy issued by St. Paul. It does not appear that St. Paul was
notified of this matter prior to April 28, 2006. It appears that now Mr. Marton has
commenced a lawsuit against you arising out of these circumstances.

Consequently, it does not appear that this matter would be covered under the St. Paul
Policy. This matter does not fall within coverage. It is otherwise excluded, and it was
not timely reported. If you believe I have reached this conclusion in error, please advise
me, and I will revisit coverage under the Policy. Accordingly, St. Paul will not be
providing a defense or indemnification for the Complaint, and I will keep this file closed.
Under the circumstances, St. Paul reserves all of its rights and defenses under the Policy
and applicable law.

Please feel free to contact me with any comments or questions regarding the matters
raised in this letter.

Very truly yours,

Timothy C. Krsul
Professional E&O Claim Attorney
St. Paul Mercury Insurance Company
385 Washington Street
St. Paul, MN 55102-1396
Phone (651) 310 5453
Fax (651) 310-3657
Email tkrsul@stpaultravelers.com

Mr. Donald L. Clark, Esq.
March 5, 2007
Page 3

cc:    Demetrius McCord (JLT) via e-mail

# EXHIBIT "9"

# AMERICAN ARBITRATION ASSOCIATION
## Construction Arbitration Tribunal

In the Matter of the Arbitration between:

Re: 13 110 E 02102 06
    Stuart & Carina Marton    ("Claimants")
    and
    Hogan Contracting, Inc.    ("Respondent")

## AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated May 19, 2000, and having been duly sworn, and having duly heard the proofs and allegations of Claimant, and Claimant having made a motion to amend its claim and the Arbitrator having agreed to consider same and Respondent having failed to appear after due notice by mail and facsimile in accordance with the Rules of the American Arbitration Association, hereby, FIND, as follows:

A. For Claimants' original claim of $60,000.00 plus interest, re-filed and amended upward to claim of $62,817.32 plus interest

    1. Claimants' through documents and the testimony of the project architect proved its damage claim

Awarded $62,367.32

    2. The 6 years and 175 days delay in bringing this dispute to arbitration is allegedly the result of a procedural and filing error by Claimants' former attorney. Respondent bears no responsibility for this late re-filing of the claim and consequential interest claim. Therefore, with regard to the interest claim in the amount of $36,632.11.

Awarded $0.00

    Net total for Claimants........................................ $62,367.32

B. For Respondent's

    1. There is no counterclaim

C. Recapitulation of Damages Awarded

| | |
|---|---|
| For Claimants | $62,367.32 |
| For Respondent | $____0.00 |
| Net amount due Claimants | $ 62,367.32 |

Accordingly, I AWARD as follows:

    Respondent shall pay to Claimants the net sum of Sixty Two Thousand Six Hundred Thirty Seven Dollars and Thirty Two Cents ($62,367.32).

In the Matter of the Arbitration between:

Re: 13 110 E 02102 06
    Stuart & Carina Marton    ("Claimants")
    and
    Hogan Contracting, Inc.    ("Respondent")

## CONTINUED AWARD OF ARBITRATOR

Interest shall be paid by Respondent on the balance by the payments due thirty-one (31) days after the date of transmittal of this Award at the prevailing rate of Six Percent (9%) per annum until fully paid.

The administrative fees of the American Arbitration Association totaling $1,250.00 and the compensation of the arbitrator totaling $950.00 shall be borne entirely by Respondent. Therefore, Respondent shall reimburse Claimants the sum of $2,200.00, representing that portion of said fees in excess of the apportioned costs previously incurred by Claimants.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby, denied.

_May 7, 2007_
/Date

_Michael Jonah Altschuler_
Michael Jonah Altschuler, Architect

I, Michael Jonah Altschuler, Architect, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

_May 7, 2007_
/ Date

_Michael Jonah Altschuler_
Michael Jonah Altschuler, Architect

# EXHIBIT "10"

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: Hon. EILEEN A. RAKOWER                    PART 5

                                    *Justice*

STUART E. MARTON and CARINA S. MARTON

                         Petitioners,              INDEX NO.      109324/07
                                                   MOTION DATE _____

                    v.                             MOTION SEQ. NO. 001 _____

HOGAN CONTRACTING, INC.,                           MOTION CAL. NO. _____

                         Respondent.

**RECEIVED**
AUG 09 2007
MOTION SUPPORT
OFFICE

The following papers, numbered 1 to ____ were read on this motion for/to

|                                                                    | PAPERS NUMBERED |
|--------------------------------------------------------------------|-----------------|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...   | 1               |
| Answer — Affidavits — Exhibits                                     |                 |
| Replying Affidavits                                                |                 |

Cross-Motion:   ☐ Yes   X No

     ORDERED that the petition is granted and the award rendered in favor of

petitioner and against respondent is confirmed;  and it is further

     ORDERED and ADJUDGED that petitioners STUART E. MARTON and CARINA S. MARTON

having an address at 200 East 27th Street, New York, NY, 10016 have judgment and

recover against respondent, HOGAN CONTRACTING Inc., having an address at, 247 West

Harsdale Avenue, Hartsdale, NY, 10530 in the amount of $62,367.32, plus interest at the

rate of 9% per annum on the balance by the payments due thirty-one (31) days after the

*in The amount of $ 1245.64*

date of the transmittal of the award (which was dated May 7, 2007), together with costs

and disbursements in the amount of $ _545.12_ as taxed by the Clerk, for the

total amount of $ 64,158.08 and that the petitioner have execution therefore.

**FILED**

     This constitutes the decision and judgment of the Court.

Dated: August 8, 2007

AUG 27 2007
NEW YORK
COUNTY CLERKS OFFICE

                         EILEEN A. RAKOWER, J.S.C.

Check one:   X FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION

Check if appropriate:   ☐ DO NOT POST   ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK      K&K No. 56438
COUNTY OF NEW YORK
------------------------------------------------------------------x

STUART E. MARTON and CARINA S. MARTON.

                              Petitioners,        Index No. 109324/2007

            -against-                             **BILL OF INTEREST**
                                                  **COSTS AND**
HOGAN CONTRACTING, INC.,                          **DISBURSEMENTS**

                              Respondent.
------------------------------------------------------------------x

Amount awarded in decision and Judgment dated 08-27-2007   $62,367.32
Interest calculated from June 7, 2007                      ~~1,244.97~~   1,245.64

Total damages                                             ~~$63,612.29~~   63,612.96

Costs by Statute CPLR § 8201                       200.00 ✓
Fee for Index Number                               210.00 ✓
Prospective Marshal's fee                          ~~40.00~~  15.92
Notice of Petition                                 ~~45.00~~
Request For Judicial Intervention                  95.00 ✓
Service of Order To Show Cause and Petition        ~~25.00~~ 24.20  ~~615.00~~   545.12

Total . . . . . . .............................................................~~$64,227.29~~   64,158.08

### ATTORNEY AFFIRMATION

          STUART L. SANDERS, an attorney duly admitted to practice law

before the Courts of the State of New York, one of the attorneys of record for the

plaintiff in the above captioned action, states that the disbursements above specified

have been or will necessarily be made or incurred therein, and are reasonable in

amount. Petitioners are entitled to the entry of judgment pursuant to the decision and

Judgment of the Hon. Eileen A. Rakower dated August 8, 2007,

Dated: New York, New York
        August 27, 2007

I HEREBY CERTIFY THAT I HAVE
ADJUSTED THIS BILL OF COSTS AT
$     545.12

AUG 27 2007

_____
        CLERK

_____
Stuart L. Sanders, Esq.
KAZLOW & KAZLOW
Attorneys for Plaintiff
237 West 35th Street, 14th Floor
New York, NY 10001
(212) 947-2900

**FILED**

AUG 27 2007

NEW YORK
COUNTY CLERK'S OFFICE

**07 CIV 5459**

## HON. WILLIAM H. PAULEY, III

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CITAK & CITAK, DONALD L. CITAK, and
BURTON CITAK,

Plaintiffs,

-against-

THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a
ST. PAUL FIRE AND MARINE INS. CO.,

Defendant.

---

AMENDED COMPLAINT

---

PETER WESSEL (PW 4164)
LAW OFFICE OF PETER WESSEL, PLLC
Attorney for Plaintiffs CITAK & CITAK,
DONALD L. CITAK and BURTON CITAK
270 Madison Avenue, Suite 1203
New York, New York 10016-0601
(212) 532-9700/(212) 202-7522 (fax)
peterwessel@wessellaw.com

To:    JONATHAN R. HARWOOD, ESQ.
TRAUB EGLIN LIEBERMAN STRAUSS LLP
Attorneys for THE ST. PAUL TRAVELERS
COMPANIES, INC., a/k/a ST. PAUL FIRE
AND MARINE INS. CO.
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600/(914) 347-8898 (fax)
jharwood@tels.com