# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

K&K No. 56438

-------------------------------------------------------------------x

STUART E. MARTON and CARINA S. MARTON,

                       Plaintiffs,

-against-

CITAK & CITAK, DONALD L. CITAK and
BURTON CITAK,

                       Defendants.

-------------------------------------------------------------------x

SUMMONS
AND COMPLAINT

Index No. 116472-06

Date filed: 11-3-2006

Basis of venue is defendants' actual place of business and employment.

TO THE ABOVE NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer on the plaintiffs' attorneys within TWENTY days after the service of this Summons, exclusive of the day of service (or if this Summons is not personally delivered to you within the State of New York, within THIRTY days after service is complete); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

    Plaintiffs reside at 200 East 27th Street, #14F, New York, NY 10016.

Dated: New York, New York
        November 2, 2006

Defendants' address:

    270 Madison Avenue
    New York, NY 10016

                                    GENE R. KAZLOW
                                    KAZLOW & KAZLOW
                                    Attorneys for Plaintiffs
                                    237 West 35th Street, 14th floor
                                    New York, NY  10001
                                    212-947-2900

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x
STUART E. MARTON and CARINA S. MARTON,

                                    Plaintiffs,        Index No.

      –against–                                 **COMPLAINT**

CITAK & CITAK, DONALD L. CITAK and
BURTON CITAK,

                                    Defendants.
---------------------------------------------------------------x

        Plaintiffs, Stuart E. Marton ("S. Marton") and Carina S. Marton, by their attorneys, Kazlow & Kazlow, for their Complaint against defendants, allege as follows:

        1. Plaintiffs, Stuart E. Marton and Carina S. Marton, are individuals who reside at 200 East 27th Street, #14F, New York, NY 10016.

        2. Upon information and belief, defendant Citak & Citak is a New York general partnership which maintains its principal office and place of business at 270 Madison Avenue, New York, NY 10016.

        3. Upon information and belief, defendant Donald L. Citak ("D. Citak") is an attorney admitted to practice before the courts of the State of New York who is a general partner in the firm of Citak & Citak and maintains his actual place of business and employment at 270 Madison Avenue, New York, NY 10016.

        4. Upon information and belief, defendant Burton Citak ("B. Citak") is an attorney admitted to practice before the courts of the State of New York who is a general partner in the firm of Citak & Citak and maintains his actual place of business and employment at 270 Madison Avenue, New York, NY 10016.

5. Jurisdiction and venue are based upon, and are proper in the County of New York pursuant to, the actual place of business and employment of the defendants, which is located in the County of New York.

## Background Facts

6. On or about May 19, 2000, plaintiffs entered into a written agreement (the "Hogan Contract") with Hogan Contracting, Inc. ("Hogan"), for the combination and renovation of apartments 14E and 14F at 200 East 27th Street, New York, NY 10016 (the "Project").

7. Under the terms of the Hogan Contract, Hogan was required to achieve substantial completion of the Project on or before September 5, 2000.

8. However, Hogan did not achieve substantial completion of the Project on or before September 5, 2000, and notified plaintiffs' architect, in writing, on or about November 7, 2000, that it was withdrawing from the Project.

9. On or about November 8, 2000, S. Marton requested that Citak & Citak represent plaintiffs in connection with Hogan's withdrawal from the Project, and sent D. Citak a copy of the Hogan Contract, plus a copy of the applicable General Conditions of the Contract for Construction, i.e. Document A201-1997 published by the American Institute of Architects (the "General Conditions").

10. The note which S. Marton sent to D. Citak on November 8, 2000 together with the copies of the Hogan Contract and the General Conditions specifically cautioned D. Citak that the copy of the General Conditions which was being provided to him was a copy which S. Marton had received from an associate of his, and was marked up for a contract other than the Hogan Contract.

2

11. Paragraph 4.3.2 of the General Conditions required plaintiffs to initiate any claim under the Hogan Contract "within 21 days after occurrence of the event giving rise to such Claim or within 21 days after the claimant first recognizes the condition giving rise to the Claim," by the giving of written notice of such claims to their architect and to Hogan.

12. Paragraph 4.4.1 of the General Conditions also provided that a claims under the Hogan Contract was to be initially referred to plaintiffs' architect for decision, and that, "An initial decision by the Architect shall be required as a condition precedent to mediation, arbitration or litigation of all Claims between the Contractor and Owner arising prior to the date final payment is due, unless 30 days have passed after the Claim has been referred to the Architect with no decision having been rendered by the Architect."

13. Article 4.5 of the General Conditions further specified that an effort to mediate a claim under the Hogan Contract pursuant to the Construction Industry Mediation Rules of the American Arbitration Association was "a condition precedent to arbitration or the institution of legal or equitable proceedings," and Article 4.6 of the General Conditions required that a claim not resolved by mediation be arbitrated pursuant to the Construction Industry Arbitration Rules of the American Arbitration Association.

14. On or about November 15, 2000, D. Citak sent a letter to Hogan indicating that Citak & Citak represented plaintiffs in connection with any claims that might arise in connection with the work undertaken by Hogan pursuant to the Hogan Contract.

15. However, D. Citak and Citak & Citak failed to send a notice of claim to Hogan and plaintiffs' architect within the time period specified in paragraph 4.3.2 of the General Conditions, and also failed, at first, to initiate a mediation or arbitration pursuant to the American Arbitration

3

Association's construction industry rules.

16. On or about December 6, 2000, D. Citak sent a letter to plaintiffs confirming that Citak & Citak would represent them in connection with their dispute with Hogan, and bill them for Citak & Citak's services at an hourly rate.

17. On or about July 23, 2002, plaintiffs signed a Retainer Agreement which superceded D. Citak's letter of December 6, 2000, and provided for Citak & Citak to receive a one-third contingent fee from any amount recovered from Hogan.

18. On or about August 1, 2002, D. Citak and Citak & Citak commenced a lawsuit on behalf of plaintiffs against Hogan by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New York, without having previously submitted plaintiffs' claim to plaintiffs' architect, or to mediation or arbitration as required by the above-referenced provisions of the General Conditions.

19. Among other things, the Complaint filed by D. Citak and Citak & Citak on plaintiffs' behalf demanded $60,000.00 in damages from Hogan for the expenses needed to complete the Project.

20. On or about November 27, 2002, Hogan, through its attorneys, moved to dismiss plaintiffs' lawsuit and asserted, among other things, that plaintiffs' lawsuit was improperly commenced because plaintiffs' claim had not been submitted to plaintiffs' architect, and had not been mediated or arbitrated as required by the General Conditions.

21. Hogan's motion papers also asked the Court to dismiss plaintiffs' law suit because the time for the submission of claims to plaintiffs' architect had run and elapsed in November 2000.

22. On or about October 10, 2003, the Hon. Joan A. Madden issued a Decision and Order

dismissing plaintiffs' law suit because of the absence of a prior mediation and arbitration, as required by the General Conditions, and noted "that issues concerning whether plaintiffs waived their right to mediate and then to arbitrate based on their alleged failure to submit their claims to the Architect in accordance with the procedures provided under the AIA General Conditions when the parties initially attempted to resolve their dispute through the Architect are for the arbitrator, as they are 'inextricably bound up with questions of contract performance.'"

23. On or about November 12, 2003, D. Citak and Citak & Citak submitted a Demand for Arbitration, including a request for a prior mediation, to the American Arbitration Association.

24. Along with the Demand for Arbitration, D. Citak and Citak & Citak sent the American Arbitration Association a copy of the Hogan Contract and the General Conditions.

25. However, the copy of the General Conditions which D. Citak and Citak & Citak sent to the American Arbitration Association was a copy of the copy provided to D. Citak by S. Marton on or about November 8, 2000, which, as S. Marton informed D. Citak at that time, was marked up for somebody else's contract.

26. On or about November 21, 2003, a Case Manager for the American Arbitration Association wrote to D. Citak and to Hogan's attorney acknowledging receipt of the Demand for Arbitration submitted by D. Citak and Citak & Citak, but noted that the arbitration clause designating the American Arbitration Association as the administering agency for the dispute had been crossed out in the copy of the General Conditions that American Arbitration Association had received with the Demand for Arbitration.

27. The Case Manager's letter of November 21, 2003 therefore required that both parties sign and return a Submission to Dispute Resolution form on or before November 26, 2003.

28. D. Citak and Citak & Citak failed to inform the Case Manager, in response to the Case Manager's letter of November 21, 2003, that the copy of the General Conditions submitted with the Demand for Arbitration was marked up for a different contract, or that arbitration clause in the General Conditions to the Hogan Contract had not been crossed out.

29. On December 1, 2003, the Case Manager sent another letter to D. Citak and to Hogan's attorney referencing her letter of November 21, 2003, and noting that the filing requirements discussed in that letter had not been satisfied. For that reason, the Case Manager stated that she was returning the original filing for the case, including the check provided by Citak & Citak, to D. Citak.

30. On or about December 3, 2003, D. Citak met with plaintiffs at the office of Citak and Citak, at which time he told plaintiffs that he would return the case to the Supreme Court if Hogan did not agree to a forum for arbitration.

31. However, D. Citak failed to inform plaintiffs that Citak & Citak had submitted the marked up copy of the General Conditions to the American Arbitration Association.

32. On or about December 4, 2003, D. Citak sent a letter to Hogan's attorney requesting that he sign the American Arbitration Association's Submission to Dispute Resolution Form.

33. Hogan's attorney did not return the Submission to Dispute Resolution Form to D. Citak, and Citak & Citak took no further steps to recommence a mediation or arbitration proceeding before the American Arbitration Association on plaintiffs' behalf, or to return the case to the Supreme Court.

34. Thereafter, D. Citak and Citak & Citak failed to inform plaintiffs that the American Arbitration Association had closed its file and returned the papers submitted in connection with

plaintiffs' claim against Hogan.

35. D. Citak and Citak & Citak also failed to communicate with plaintiffs about their case, failed to return telephone calls from S. Marton, and ignored written requests sent in March, June and September 2004 by S. Marton.

36. On or about November 8, 2004, S. Marton finally learned from another Case Manager employed by the American Arbitration Association that plaintiffs claim against Hogan had been administratively closed by the American Arbitration Association in December 2003.

37. Upon information and belief, Hogan has gone out of business, and its assets are no longer available to satisfy plaintiffs' claim for damages.

### AS AND FOR A FIRST CAUSE OF ACTION

38. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 37, above, as if fully set forth herein.

39. By agreeing to represent plaintiffs with regard to their claim against Hogan, D. Citak and Citak & Citak undertook to exercise the ordinary reasonable skill, diligence and knowledge commonly possessed by a member of the legal profession in handling the prosecution of plaintiffs' claim.

40. D. Citak and Citak & Citak failed to exercise the ordinary reasonable skill, diligence and knowledge commonly possessed by a member of the legal profession in handling the prosecution of plaintiffs' claim against Hogan, in that they: a) negligently failed to submit a notice of claim to plaintiffs' architect within the time allowed for such a submission by the terms of the General Conditions; b) negligently commenced an action in the Supreme Court, New York County, although the General Conditions clearly provided for mediation and arbitration of all

7

claims under the Construction Industry Rules promulgated by the American Arbitration Association; c) negligently submitted a copy of the General Conditions to the American Arbitration Association which they knew, or should have known to be marked up for a different contract; d) negligently failed to correct their mistaken submission of a marked-up copy of the General Conditions to the American Arbitration Association after the American Arbitration Association's Case Manager advised D. Citak that the markings had eliminated the General Conditions' specification of the American Arbitration Association as the administering agency for the case; e) negligently failed to inform plaintiffs that they had submitted the marked-up copy of the General Conditions to the American Arbitration Association, or that American Arbitration Association had returned the papers submitted in connection with plaintiffs' claim against Hogan and closed its file; f) negligently failed to take any further actions to recommence mediation, arbitration or court proceedings against Hogan on behalf of plaintiffs; and g) negligently failed to respond to plaintiffs' repeated requests for status reports concerning their case.

41. But for this professional malpractice by D. Citak and Citak & Citak, plaintiffs would have prevailed in their claim against Hogan at a time when Hogan still possessed assets from which plaintiffs' could have been satisfied in whole or in part.

42. The professional malpractice of D. Citak and Citak & Citak therefore proximately resulted in damages to plaintiffs in the amount of at least $60,000.00, the exact amount of plaintiffs' damages to be established upon the trial of this action.

43. As a general partner of Citak & Citak, B. Citak is also personally liable to plaintiffs for the damages which plaintiffs' sustained through the malpractice of D. Citak and Citak & Citak.

8

**WHEREFORE**, plaintiffs respectfully request that the Court make and enter a judgment in favor of plaintiffs, and against defendants, under plaintiffs' First Cause of Action, in the amount of at least $60,000.00, with interest from November 29, 2000, together with plaintiffs' costs and disbursements in this action, with the exact amount of plaintiffs' damages to be established upon the trial of this action; and that the Court also grant plaintiffs such other, further or different relief as the Court may deem to be just and proper.

Dated: New York, New York
       November 2, 2006

                                    _____
                                    Gene R. Kazlow
                                    KAZLOW & KAZLOW
                                    Attorneys for Plaintiffs
                                    237 West 35th Street, 14th Floor
                                    New York, NY 10001
                                    (212) 947-2900

9

07 CIV 5459
HON. WILLIAM H. PAULEY, III

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITAK & CITAK, DONALD L. CITAK, and
BURTON CITAK,

                                      Plaintiffs,

-against-

THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a
ST. PAUL FIRE AND MARINE INS. CO.,

                                      Defendant.

**PLAINTIFFS' NOTICE OF MOTION,
DECLARATION, AND EXHIBIT**

LAW OFFICE OF PETER WESSEL, PLLC

By: _/s/ Peter Wessel_
PETER WESSEL (PW 4164)
Attorneys for Plaintiffs
CITAK & CITAK, DONALD L. CITAK,
and BURTON CITAK
270 Madison Avenue, Suite 1203
New York, N.Y. 10016-0601
(212) 532-9700/(212) 202-7522 (fax)