# EXHIBIT "II"

Case 1:07-cv-05459-WHP   Document 28-3   Filed 02/28/2008   Page 1 of 18

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CITAK & CITAK, DONALD CITAK and              SECOND
BURTON CITAK,                                AMENDED COMPLAINT

                                             Civil Action No.
                        Plaintiffs,          07 CIV 5459 (WHP)
                                             HON. WILLIAM H. PAULEY III
       - against -

THE ST. PAUL TRAVELERS COMPANIES, INC.
a/k/a ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,


                        Defendant.
------------------------------------------------------------X
```

Plaintiffs CITAK & CITAK, DONALD L. CITAK, and BURTON CITAK, by their attorney, LAW OFFICE OF PETER WESSEL, PLLC, complaining of Defendant THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a ST. PAUL FIRE AND MARINE INSURANCE COMPANY (hereinafter "ST. PAUL"), respectfully allege as follows, upon information and belief:

## IDENTIFICATION OF PARTIES

1. Defendant ST. PAUL is an insurance company licensed to do business in the State of New York, which transacts business in the County, City, and the State of New York and offers professional liability insurance for lawyers.

2. Plaintiff CITAK & CITAK, ESQS., is a partnership in which DONALD L. CITAK, ESQ., and BURTON CITAK, ESQ., are individual partners.

3. At all times relevant herein, Plaintiff CITAK & CITAK, ESQS., has maintained an office for the practice of law in the County, City, and State of New York.

4. At all times relevant herein, Plaintiffs DONALD L. CITAK, ESQ. and BURTON CITAK, ESQ. were and still are attorneys, duly licensed to practice law in the State of New York and who have maintained their offices for the practice of law in the County, City, and State of New York.

## JURISDICTION

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 on the grounds that i) Plaintiffs are citizens of New York and Defendant is a Minnesota corporation with its principal place of business in St. Paul, Minnesota and ii) based upon the decision of Hon. William H. Pauley III, dated December 26, 2007, the amount in controversy herein has been deemed to exceed Seventy Five Thousand Dollars ($75,000.00).

9. Under the terms of the subject insurance policy, Defendant ST. PAUL is obligated to provide a legal defense and coverage for any damages thereafter imposed upon Plaintiffs for "claims" made against Plaintiffs and reported to Defendant ST. PAUL within the "policy period."

10. Upon information and belief, on or about January 27, 2006, Plaintiffs received a letter from the Departmental Disciplinary Committee of the First Judicial Department of the Supreme Court of the State of New York (hereinafter referred to as the "DDC") enclosing a document that the DDC had received from STUART and CARINA MARTON (hereinafter referred to as the "MARTONS"), who were former clients of Plaintiffs, and requested a response from Plaintiffs. A copy of the MARTONS' document is annexed hereto and incorporated herein as Exhibit "2" (hereinafter referred to as the "MARTONS' DDC Statement") and a copy of the response to that letter by Donald L. Citak, Esq., dated January 27, 2006, is annexed hereto and incorporated herein as Exhibit "2A".

11. A)   The MARTONS' DDC Statement does not allege conduct that constitutes legal malpractice;

B) The MARTONS' DDC Statement ends with the MARTONS' query: "I appreciate your efforts to understand why Mr. Citak ignores me and has not returned to court to represent me";

C) The Statute of Limitations had not passed in connection with the MARTONS' action against Hogan Contracting, Inc. (hereinafter referred to as "HOGAN"); and

d) The MARTONS were fully capable, intellectually and financially, of retaining other counsel or proceeding *pro se* to prosecute their claim (as they subsequently elected to do).

12. A) The MARTONS' DDC Statement does not hint at the possibility of a malpractice action in that it does not:

i) allege any damages claimed to have been sustained by the MARTONS as a result of any actions or inactions of Plaintiffs; and

ii) allege any actions or inactions, taken or failed to have been taken, by Plaintiffs, which would constitute legal malpractice or the basis of a malpractice lawsuit.

B) The MARTONS' DDC Statement did not sound in actionable professional malpractice since the relief sought by the MARTONS was to learn why Plaintiffs had allegedly ignored the MARTONS and not returned to court to represent them.

13. Commencing in November/December 2003 and continuing thereafter, Plaintiffs believed that the MARTONS had elected to abandon their claim, in that the MARTONS canceled an appointment with Plaintiffs, failed to call to re-schedule that appointment, failed to otherwise contact or communicate with Plaintiffs, and failed to remit to Plaintiffs the fees that the American Arbitration Association had requested in order to proceed with a contemplated arbitration before that entity.

14. The MARTONS failed to advance filing fees for arbitration despite requests by Plaintiffs for such funds which the MARTONS were obligated to pay under the terms of the Retainer Agreement that the MARTONS had previously signed with Plaintiffs.

15. In November/December 2003, the MARTONS were not barred by the statute of limitations in prosecuting their claim against HOGAN. Upon information and belief, the MARTONS were cognizant of this fact and of their ability to retain counsel to further prosecute their action against HOGAN, should they elect to do so.

16. Plaintiffs had a long-standing personal and professional relationship with STUART E. MARTON, who had maintained a separate office on the 20th floor in the same building as did the Plaintiffs, 18 East 48th Street, NY, NY 10017. Plaintiffs had performed legal work for various relatives of the MARTONS (cousins), on both personal matters (involving matrimonial and estate matters), as well as on litigation matters on behalf of corporate entities in which it is believed STUART E. MARTON may have had some ownership or beneficial interest.

17. Following receipt of the MARTONS' DDC Statement, Plaintiffs adhered to the DDC request and submitted a response thereto to DDC in February 2006.

18. A)   Upon information and belief, the MARTONS submitted a Reply to Plaintiffs' response in March 2006;

    B)   In accordance with DDC practices, the MARTONS were not obligated to and did not provide a copy of their Reply to Plaintiffs; and

    C)   Plaintiffs were not provided with a copy of the MARTONS' Reply either by the MARTONS or the DDC.

19. In accordance with DDC practices, the MARTONS and Plaintiffs agreed to meet with a mediator to discuss the DDC matter.

20. On June 8, 2006, a mediation was held under the DDC's auspices at the offices of LABATON SUCHAROW & RUDOFF LLP, during which the DDC Mediator, in sum and substance, advised the parties:

    A) that it did not appear to him that there had been any violation of any Disciplinary Rules arising from the MARTONS' DDC Statement;

    B) that he could not and would not render any opinion as to whether the MARTONS might be able to seek a remedy against Plaintiffs in an action for legal malpractice; and

    C) that he would provide a copy of the MARTONS' Reply to Plaintiffs.

21. At no time prior to the DDC mediation session on June 8, 2006, had there been any mention or discussion of any allegation of legal malpractice raised against Plaintiffs by the MARTONS nor had there been any reference or discussion of any allegation of legal malpractice by the DDC mediator.

22. A)   As a result of the conversations and/or discussions at the June 8, 2006 DDC Mediation session, Plaintiffs first became aware that a potential claim existed, which would be covered under the terms of the subject insurance policy; and

LAW OFFICE OF PETER WESSEL, PLLC • 270 Madison Avenue, Suite 1203 • New York, N.Y. 10016-0601 • 212-532-9700

8

B) Prior to June 8, 2006, no complaint, formal law suit or formal proceeding of any kind had been commenced against Plaintiffs, nor had Plaintiffs received any other communication, oral or written, concerning any potential claim that the MARTONS might assert against Plaintiffs for legal malpractice.

23. On June 15, 2006, Plaintiffs notified JLT Services Corp., the named "Producer" of the subject insurance policy, in writing of a potential claim against them under the terms of the subject insurance policy and requested that JLT Services Corp. take "whatever steps necessary" to notify Defendant ST. PAUL of that potential claim thereunder. See Letter annexed as Exhibit "3".

24. Defendant ST. PAUL acknowledged receipt of the claim on June 15, 2006. See Letter annexed as Exhibit "4".

25. A) On or about September 18, 2006, the MARTONS served a Demand for Arbitration and a statement of their claim on HOGAN, which ultimately resulted in an award by an AAA arbitrator in favor of MARTON. See Demand annexed as Exhibit "5";

B) The MARTONS did not notify Plaintiffs that they had filed this arbitration proceeding against HOGAN; and

C) Upon information and belief, the MARTONS did not notify the DDC that they had commenced an arbitration proceeding that was pending against HOGAN (even though no DDC decision had been rendered as of that date).

26. A) On November 3, 2006, a Summons and Complaint was filed in Supreme Court, New York County, under Index No. 116472-06, by the MARTONS, which named the Plaintiffs herein (specifically CITAK & CITAK, ESQS., DONALD L. CITAK, ESQ., and BURTON CITAK, ESQ., as Defendants) and which alleged legal malpractice and sought damages in the specific stated sum of Sixty Thousand Dollars ($60,000.00) (hereinafter referred to as "the MARTONS' Legal Malpractice Action"); and

B) Upon information and belief, the MARTONS did not notify the DDC that they had commenced an action in the Supreme Court seeking damages against Plaintiffs for legal malpractice (even though no DDC decision had been rendered as of that date).

27. On February 13, 2007, Plaintiffs were informed by THOMAS J. CAHILL, ESQ., DDC's Chief Counsel, that no further action would be taken by the DDC regarding the MARTONS' DDC Statement and that the DDC matter would be closed. See Letter annexed as Exhibit "6".

28. The MARTONS' Legal Malpractice Action was first served upon Plaintiffs in February 2007, only after the DDC had closed its file regarding the MARTONS' DDC Statement.

29. Plaintiffs immediately forwarded the MARTONS' Legal Malpractice Action to Defendant ST. PAUL. See Letter annexed as Exhibit "7".

30. By letter dated March 5, 2007, Defendant ST. PAUL refused to defend and indemnify Plaintiffs regarding the MARTONS' Legal Malpractice Action, claiming late and improper notice. See Letter annexed as Exhibit "8".

31. Defendant ST. PAUL breached its contract with Plaintiffs in refusing to defend Plaintiffs in the MARTONS' Legal Malpractice Action and to provide insurance coverage for any damages that might be imposed upon Plaintiffs as a result thereof.

32. Plaintiffs have retained separate and independent counsel to commence this action for a declaratory judgment against Defendant ST. PAUL and have incurred, and will incur, fees in connection therewith.

33. The sums for legal fees being now expended by Plaintiffs as stated above, and the monies that will in the future become necessary to expend for legal fees and other expenses in the prosecution of this action and in the defense of the MARTONS' Legal Malpractice Action, would have been superfluous and unnecessary, if Defendant ST. PAUL honored its obligations and commitments to Plaintiffs under the subject insurance policy and had not breached same.

34. On or about May 7, 2007, an arbitration award was issued in favor of the MARTONS against HOGAN in the sum of $62,367.32. A copy of the arbitration award is annexed as Exhibit "9".

35. On or about August 8, 2007, the MARTONS converted their arbitration award into a judgment of the Supreme Court of the State of New York, which together with interest, costs and disbursements in the sum of $1,790.76, resulted in a judgment in the amount of $64,158.08 in favor of the MARTONS against HOGAN. See Exhibit "10".

36. Upon information and belief, at no time relevant hereto, did HOGAN have sufficient unencumbered assets from which the judgment ultimately obtained by the MARTONS could have been satisfied.

37. Upon information and belief, the MARTONS have not exhausted

efforts to collect upon and/or enforce their judgment against HOGAN.

38. Plaintiff seeks to have this Court a) compel Defendant ST. PAUL to defend them in the MARTONS' Legal Malpractice Action and indemnify Plaintiffs pursuant to the terms of the subject insurance policy and b) reimburse Plaintiffs for all sums expended on legal fees in this action and in defending the MARTONS' Legal Malpractice Action to date, due to the failure of Defendant ST. PAUL to defend and provide coverage under the terms of the subject insurance policy.

**WHEREFORE**, Plaintiffs demand Judgment against Defendant ST. PAUL:

i) declaring that Defendant ST. PAUL is obligated to defend Plaintiffs in the MARTONS' Legal Malpractice Action commenced against them;

ii) declaring that Defendant ST. PAUL is obligated to provide insurance coverage and to indemnify Plaintiffs under the terms of the subject insurance policy in that action;

iii) awarding Plaintiffs a sum to be determined by the Court as reasonable reimbursement for the sums of money Plaintiffs were caused to expend in the prosecution of this action;

iv) awarding Plaintiffs a sum to be determined by the Court as

reasonable reimbursement for the sums of money Plaintiffs were caused to expend in the defense of the MARTONS' Legal Malpractice Action as a result of the failure of Defendant ST. PAUL to comply with the terms of the subject insurance policy; and

v) such other and further relief as may be just and proper under the circumstances herein, including but not limited to the costs and disbursements of this action.

Dated: New York, New York
February 28, 2008

        LAW OFFICE OF PETER WESSEL, PLLC

        By: _/s/ Peter Wessel_
        PETER WESSEL (PW 4164)
        CITAK & CITAK, DONALD L. CITAK and
        BURTON CITAK
        Attorney for Plaintiffs
        270 Madison Avenue, Suite 1203
        New York, New York 10016-0601
        (212) 532-9700

STATE OF NEW YORK          )
                           : ss.:  **VERIFICATION**
COUNTY OF NEW YORK         )

DONALD L. CITAK, ESQ., being duly sworn, deposes, and says that he is one of the plaintiffs herein, he has read the foregoing Second Amended Complaint for a Declaratory Judgment, knows the contents thereof to be true of each of his own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters he believes those statements to be true. The source of his information and the grounds for his belief is communications with counsel and counsel's investigation of the matter.

_____
DONALD L. CITAK, ESQ.

Sworn to before me this
28th day of February 2008

_____
NOTARY PUBLIC

```
Shirley Dor
Notary Public, State of New York
NO. 01DO6099345
Qualified in Kings County
Commission Expires September 29, 2008
```

07 CIV 5459
HON. WILLIAM H. PAULEY, III

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CITAK & CITAK, DONALD L. CITAK, and
BURTON CITAK,

                              Plaintiffs,

    -against-

THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a
ST. PAUL FIRE AND MARINE INS. CO.,

                              Defendant.

---

## SECOND AMENDED COMPLAINT

---

*/s/ Peter Wessel*
PETER WESSEL (PW 4164)
LAW OFFICE OF PETER WESSEL, PLLC
Attorney for Plaintiffs CITAK & CITAK,
DONALD L. CITAK and BURTON CITAK
270 Madison Avenue, Suite 1203
New York, New York 10016-0601
(212) 532-9700/(212) 202-7522 (fax)
peterwessel@wessellaw.com

To: JONATHAN R. HARWOOD, ESQ.
TRAUB EGLIN LIEBERMAN STRAUSS LLP
Attorneys for THE ST. PAUL TRAVELERS
COMPANIES, INC., a/k/a ST. PAUL FIRE
AND MARINE INS. CO.
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
(914) 347-2600/(914) 347-8898 (fax)
jharwood@tels.com

# EXHIBIT 2A

Jan-27-2006  12:00 PM   Citak and Citak   12127592979   1/1

# Citak & Citak
### Attorneys at Law

Barton Citak
Donald L. Citak
Erik Raines

RECEIVED
2006 JAN 27 PM 12:03
DEPARTMENTAL
DISCIPLINARY
COMMITTEE

270 Madison Avenue, New York, N.Y. 10016
(212) 759-9585 / (800) 724-9585
Fax (212) 759-2979

E-mail: dcitak@citaklaw.com
bcitak@citaklaw.com
eraines@citaklaw.com

January 27, 2006



**VIA FACSIMILE AND REGULAR MAIL**
*(212) 401-0810*
Departmental Disciplinary Committee
Supreme Court, Appellate Division, First Judicial Department
61 Broadway
New York, New York 10006

Attn: Joel A. Peterson

Re:     Complaint of Mr. Stuart Marton
        against Attorney Donald L. Citak
Docket #:   2005.3319

Dear Mr. Peterson:

This will confirm our telephone conversation this morning concerning the above complaint, which the undersigned received under the Committee's cover letter dated January 9, 2005.

As indicated, I respectfully requested some additional time within which to respond to Mr. Marton's complaint. You have graciously granted me until February 13, 2006 to serve a response to Mr. Marton's complaint.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

Donald L. Citak

DLC/sd