EXHIBIT "VIII"

Citak & Citak
Attorneys at Law

Burton Citak
Donald L. Citak

270 Madison Avenue, New York, N.Y. 10016
(212) 759-9585 / (800) 724-9585
Fax (212) 759-2979

E-mail: dcitak@citaklaw.com
bcitak@citaklaw.com

November 12, 2003

American Arbitration Association
950 Warren Avenue
East Providence, Rhode Island 02914

Re: Marton v. Hogan Contacting Inc.
Index #: 602826/2002

To whom it may concern:

Enclosed herein pursuant to your regulations please find three copies of the Demand for Arbitration under the Construction Industry Arbitration Rules. A copy of the Agreement between the owner and contractor and the General Conditions of the Contract for Construction. Please note the original Demand for Arbitration has been sent to the Respondent's representative.

Also enclosed please find a check in the sum of Three Hundred Twenty Five ($ 325.00) Dollars, payment of your filing fee.

Your prompt attention to the foregoing would be greatly appreciated. Please contact the undersigned concerning the assignment of an Arbitrator at your earliest convenience.

Very truly yours,

Donald L. Citak

DLC/sd
Enclosure

cc: Lee Pollack, Esq
    attorney for Respondent

# American Arbitration Association
## CONSTRUCTION INDUSTRY ARBITRATION RULES
### DEMAND FOR ARBITRATION

**MEDIATION** If you want the AAA to contact the other party and attempt to arrange a mediation, please check this box. ☒

**TO: Name of Respondent:** Hogan Contracting, Inc.
**Address:** 247 West Hartsdale Avenue
**City:** Hartsdale  **State:** NY  **Zip Code:** 10530
**Phone No.:** 914-684-0277  **Fax No.:** 914-684-0285

**Name of Representative (if known):** Lee Pollack, Esq./ Maguire & Pollack
**Address:** 106 Corporate Park Drive, Suite 401
**City:** White Plains  **State:** NY  **Zip Code:** 10604
**Phone No.:** 914-251-1525  **Fax No.:** 914-251-0662

THE NAMED CLAIMANT, A PARTY TO A WRITTEN AGREEMENT PROVIDING FOR ARBITRATION UNDER THE CONSTRUCTION INDUSTRY ARBITRATION RULES, HEREBY DEMANDS ARBITRATION THEREUNDER. (ATTACH THE ARBITRATION CLAUSE)

**NATURE OF DISPUTE** (Please give enough details to enable the AAA to select arbitrators with appropriate experience)

See attached

**DOLLAR AMOUNT OF CLAIM:** $ 60,000.00
**OTHER RELIEF SOUGHT:**

**PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE**

Architect familiar with renovations and construction in Manhattan residence apartments, particularly combining two (2) apartments into one (1) residential unit.

**CLAIMANT IS**
☒ Owner  ☐ Design Professional (specify_____)  ☐ Contractor
☐ Subcontractor (specify_____)  ☐ Other (specify_____)

**RESPONDENT IS**
☐ Owner  ☐ Design Professional (specify_____)  ☒ Contractor
☐ Subcontractor (specify_____)  ☐ Other (specify_____)

**ESTIMATED TIME NEEDED FOR HEARINGS OVERALL** ____ hours ____ days

Copies of this demand are being filed with the American Arbitration Association at its NY County (location of) office. Claimant requests that the AAA commence the administration of the arbitration. Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

**CLAIMANT REQUESTS THAT ARBITRATION HEARINGS BE HELD AT THE FOLLOWING LOCALE**
NY County - Location of where work was performed.

**Signature:** [signed]  **Title:** Attorney (Citak & Citak)  **Date:** 11-10-03

**Name of Claimant:** Stuart & Carina Marton
**Address:** 200 East 27th Street, Apt. 14F
**City:** New York  **State:** NY  **Zip Code:** 10016
**Phone No.:**  **Fax No.:**

**Name of Representative:** Donald Citak/ Citak & Citak
**Address:** 270 Madison Avenue, Suite 1203
**City:** New York  **State:** NY  **Zip Code:** 10016
**Phone No.:** 212-759-9585  **Fax No.:** 212-759-2979

TO INSTITUTE PROCEEDINGS, PLEASE SEND THREE COPIES OF THIS DEMAND AND THE ARBITRATION AGREEMENT, WITH THE FILING FEE, AS PROVIDED FOR IN THE RULES, TO THE AAA. SEND THE ORIGINAL DEMAND TO THE RESPONDENT.

Form C12-07/01

## NATURE OF DISPUTE BETWEEN PARTIES

1. In or about May 2000, Stuart and Carina Marton (hereinafter "Claimants") entered into a contract with Hogan Contracting Inc, (hereinafter "Respondent"), pursuant to which Respondent was to undertake the combination and renovation of the subject apartments, the result of which in part was to make them into one apartment unit. Pursuant to the terms of the Agreement, Respondent was to provide all of the work, labor and services and furnish all of the goods, materials and equipment necessary to complete the combination and renovation of the subject apartments.

2. A copy of the parties' agreement is annexed as Exhibit A.

3. Pursuant to this Agreement,
   A) all of the work, labor and services to be performed and the goods, materials and equipment to be supplied were to be done at the subject apartments in New York County;
   B) the work for this project was to have commenced in early June 2000 and was to have been completed in early September 2000;
   C) in the event of any delay in the completion of the work, labor and services to be performed by Respondent, Respondent was to pay to Claimants liquidated damages in the sum of One Hundred and Seventy-Five ($175.00) Dollars for each calendar day of delay until the work is substantially complete;
   D) Claimants were to have paid Respondent a total sum in excess of $120,000.00 for undertaking all of the work, labor and services and for furnishing all of the goods, materials and equipment necessary to complete the combination and renovation of the subject apartments.

4. Respondent commenced work at the subject apartments under the terms of the Agreement.

5. Between June and November 2000, Claimants paid the sum of $108,604.00 to Respondent for the work, labor and services undertaken and goods, material and equipment supplied by Respondent in performance its obligations under the terms of the Agreement.

6. Commencing in November 2000, Respondent refused to perform any further work, labor and/or services at, or supply any further goods, materials and equipment to, the subject apartments, to complete the terms of the Agreement.

7. Respondent's failure to perform and complete its duties and obligations under the terms of the Agreement was a breach of its contract with Claimant.

8. As a result of Respondent's breach of the Agreement, Claimants have been and will be compelled to expend money to complete the work, labor and/or services at, or obtain the goods, materials and equipment to, the subject apartments, necessary to complete the project commenced and undertaken by Respondent under the terms of the Agreement, the completion of which was substantially delayed by the Respondent's actions.

9. In connection with the work, labor and services undertaken by Defendant in performing obligations at the subject apartments pursuant to the terms of the Agreement, Respondent explicitly and impliedly warranted that the work, labor and services performed by Respondent were guaranteed, in that they would be of good quality, free from defects and performed in a workman-like manner.

10. In connection with the goods, materials and equipment supplied by Respondent in performing obligations at the subject apartments pursuant to the terms of the Agreement, Respondent explicitly and impliedly warranted that the goods, materials and equipment supplied were guaranteed, in that they would be of good quality and free from defects.

11. Claimants were induced to rely and did rely on Respondent's warranties.

12. Respondent breached its warranties concerning the quality of the workmanship and materials in significant aspects of the work, labor and services rendered and undertaken and/or the goods, materials and equipment supplied by Respondent were not of good quality and/or were not free from defects.

13. As a result of Respondent's breach of the Agreement, Claimants have been and will be compelled to expend money to complete and/or repair and redo the work, labor and/or services at, or obtain the goods, materials and equipment to, the subject apartments, necessary to complete the project commenced and undertaken by Respondent under the terms of the Agreement.

14. As a result of the foregoing, Claimants have sustained damages in the sum of approximately Sixty Thousand ($60,000.00) Dollars.

13459 2998 03 P1

**CITAK & CITAK**
ATTORNEY PROFESSIONAL ACCOUNT
270 MADISON AVE., STE. 1203
NEW YORK, NY 10016

17981

PAY TO THE ORDER OF: A AA

DATE: 11-12-03

$ 325.00

— Three hundred and twenty-five —  xx/100 DOLLARS

FOR: MAR 1st

⑈017981⑈ ⑆026013576⑇ 1500330704⑈

# EXHIBIT "IX"

*Citak & Citak*
*Attorneys at Law*

*Barton Citak*
*Donald L. Citak*

270 Madison Avenue, New York, N.Y. 10016
(212) 759-9585 / (800) 724-9585
Fax (212) 759-2979

E-mail: dcitak@citaklaw.com
bcitak@citaklaw.com

November 19, 2003

Stuart Marton
200 East 27th Street, Apt. 14E
New York, New York 10016

Dear Stuart:

The Summons and Complaint of behalf of your neighbor, Siba Shakib, has finally been prepared and delivered to me.

Enclosed herein please find a copy of the Summons and Complaint that her attorney, William Jaffe, Esq., delivered to my office. Kindly forward same to your insurance company (Chubb) for the defense of same.

In connection with your claim against Hogan Contracting, Inc., you should have received copies of our Demand for Arbitration at this point. Be advised that, although we had enclosed a check for the filing fee of $ 325.00, we were advised by AAA that this amount was the fee for Mediation only. The fee for a Mediation/Arbitration is $ 750.00. Under your contract, you are required to proceed to Mediation first and then to Arbitration. If you proceed to Mediation under the present $ 325.00 filing fee, the fee for Arbitration at a subsequent date would be the full $ 750.00

Please advise if you simply wish to proceed to Mediation at this time, or to proceed to Mediation/Arbitration, in which case we request that you forward to us a check in the sum of $ 425.00 payable to the American Arbitration Association, which we will tender to them.

We await word from you in connection with this matter.

Very truly yours,

Donald L. Citak

DLC/sd
Enclosure

# EXHIBIT "X"



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Catherine Shanks
Vice President, Northeast Case Management Center
Christopher Freazza, Yvonne Nelson
Assistant Vice President
950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
Internet: http://www.adr.org/

# FAX

Date: November 21, 2003

To
Donald Citak
Citak & Citak
270 Madison Avenue - Suite 1203
New York, NY 10016
Fax Number: 212-759-2979

Lee Pollack, Esq.
Maguire & Pollack
106 Corporate Park Drive - Suite 401
White Plains, NY 10604
Fax Number: 914-251-0662

From: Susan Gilkenson for Jodie L. Waterman

Number of Pages: 2 (including cover)

Re: 13 459 02998 03
Stuart & Carina Marton
and
Hogan Contracting, Inc.

MESSAGE: PRECASE

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.



American Arbitration Association
Dispute Resolution Services Worldwide

Catherine Shanks
Vice President, Northeast Case Management Center
Christopher Fracassa, Yvonne Nelson
Assistant Vice President
950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org

November 21, 2003

**Via Facsimile**
Donald Citak
Citak & Citak
270 Madison Avenue - Suite 1203
New York, NY 10016

**Via Facsimile**
Lee Pollack, Esq.
Maguire & Pollack
106 Corporate Park Drive - Suite 401
White Plains, NY 10604

Re: 13 459 02998 03
   Stuart & Carina Marton
   and
   Hogan Contracting, Inc.

Dear Parties:

This will acknowledge receipt on November 17, 2003, of a Demand for Arbitration dated November 12, 2003. We understand a copy was sent to the Respondent.

We note the contract clause providing for arbitration designating the American Arbitration Association as the administering agency has been eliminated from the contract. Notwithstanding that fact, the AAA is of course willing to provide its administrative services in this matter. Therefore, the AAA invites the parties to provide their written consent for the AAA's continued administration of this arbitration. You may do so by completing a Submission to Dispute Resolution form. Please note, all parties participating in the arbitration must sign this form. The AAA requests that you return your Submission to Dispute Resolution form on or before November 26, 2003, so that we may proceed with the next administrative step in this matter.

If you have any questions, please feel free to contact the undersigned.

Sincerely,

Jodie L. Waterman
Case Manager
401 431 4799
Watermanj@adr.org

Jacqueline N. Pelphrey
Supervisor
401 431 4817
Pelphreyj@adr.org

# EXHIBIT "XI"

# American Arbitration Association
## SUBMISSION TO DISPUTE RESOLUTION

The named parties hereby submit the following dispute for resolution, under the rules of the American Arbitration Association:

**Rules Selected:**
- ☐ Commercial
- ☒ Construction
- ☐ Other _____ (describe)

**Procedure Selected:**
- ☐ Binding Arbitration
- ☒ Mediation
- ☒ Other   proceed to Arbitration if necessary (describe)

**Nature of Dispute** (attach additional sheets if necessary):
See attached.

**Amount of Monetary Claim or Nature of Non-Monetary Claim:**
$ 60,000.00

**Type of Business:** Claimant _____    Respondent   Contractor

**Place of Hearing**  New York County - Location of where work was performed

We agree that, if arbitration is selected, we will abide by and perform any award rendered hereunder and that a judgment may be entered on the award.

To be completed and signed by all parties
(attach additional sheets if necessary, please remember to obtain signatures)

| | |
|---|---|
| Stuart & Carina Marton | Hogan Contracting, Inc. |
| Name of Party | Name of Party |
| 200 East 27th Street, Apt. 14E | 247 West Hartsdale Avenue |
| Address | Address |
| New York, New York 10016 | Hartsdale, New York 10530 |
| City, State and Zip Code | City, State and Zip Code |
| (___) _____ | (914) 684-0277    914-684-0285 |
| Telephone    Fax | Telephone    Fax |
| Donald L. Citak, Esq. | Lee Pollack, Esq. |
| Name of the Party's Attorney or Representative | Name of the Party's Attorney or Representative |
| Citak & Citak | Maguire & Pollack |
| Name of Firm (if applicable) | Name of Firm (if applicable) |
| 270 Madison Avenue, Suite 1203 | 106 Corporate Park Drive, Suite 401 |
| Address | Address |
| New York, New York 10016 | White Plains, New York 10604 |
| City, Sate and Zip Code | City, Sate and Zip Code |
| (212) 759-9585    212-759-2979 | (914) 251-1525    914-251-0662 |
| Telephone    Fax | Telephone    Fax |
| Signed† [signature]  Title _____ | Signed† _____ Title _____ |
| (may be signed by a representative) | (may be signed by a representative) |
| Date: 12-3-03 | Date: _____ |

Please file two signed copies and the non-refundable filing fee with the AAA.
For additional information, please visit our Web site at www.adr.org

† Signatures of all parties are required.

Form G1A-3803

**Citak & Citak**
Attorneys at Law

Burton Citak
Donald L. Citak

270 Madison Avenue, New York, N.Y. 10016
(212) 759-9585 / (800) 724-9585
Fax (212) 759-2979

E-mail: dcitak@citaklaw.com
bcitak@citaklaw.com

December 4, 2003

BY FAX ONLY (914) 251-0662

Maguire & Pollack
106 Corporate Park Drive - Suite 401
White Plains, NY 10604
Attention: Lee A. Pollock, Esq.

Re:  Our client:  Stuart and Carina Marton
     Your client: Hogan Contracting, Inc.

Dear Mr. Pollock:

You should be in receipt of the letter from the AAA, requesting that the parties acknowledge their consent to have the matter submitted to that organization for mediation and arbitration in connection with their dispute arising from their May 2000 contract. The need to do so exists because the paragraph in that contract designating the AAA as the arbitration organization was crossed out.

Kindly sign the enclosed form which shall serve as the submission and designation form required by AAA.

If you propose to have the matter submitted to a different arbitration organization, please advise us that organization, and forward us a copy of that organization's arbitration rules.

Thank you for your courtesy and cooperation.

Very truly yours,

Donald L. Citak

DLC/tg

# EXHIBIT "XII"



**DEPARTMENTAL DISCIPLINARY COMMITTEE**

# COMPLAINTS AGAINST LAWYERS



**Answers to Your Questions:**

- Where to Send Your Complaint
- What is the Departmental Disciplinary Committee?
- What the Committee Can and Cannot Do
- How to File a Complaint
- Other Sources of Help

**DEPARTMENTAL DISCIPLINARY COMMITTEE**

Supreme Court, Appellate Division
First Judicial Department
61 Broadway, 2nd Floor
New York, New York 10006
Phone: (212) 401-0800
Fax: (212) 401-0810

**YEAR 2007**

nkd

Page 4

**COMPLAINTS AGAINST LAWYERS**

resolving the complaint privately;

- Issue a private sanction to the lawyer (a "Letter of Admonition");

- Recommend to the Court that the lawyer receive a public condemnation ("censure");

- Recommend to the Court that the lawyer's right to practice law be taken away for a specified period of time ("suspension"); or

- Recommend to the Court that the lawyer's license to practice law be taken away ("disbarment").

## IV. WHAT THE COMMITTEE CANNOT DO

In response to complaints, the Committee is limited to disciplining the offending lawyer or referring the matter to a mediator (as outlined above). The Committee cannot:

- Give you legal advice or represent you in a civil suit against your lawyer, including a suit for legal malpractice or any other claim. If you wish to

Page 5

**DEPARTMENTAL DISCIPLINARY COMMITTEE**

obtain money from your lawyer on your claim of improper conduct, you should consult an attorney knowledgeable in that field for advice and representation. There are time limits for making certain claims, so you should seek legal advice promptly.

- Determine fee disputes between you and your lawyer. Lawyers are required to participate in mandatory arbitration of fee disputes of certain matters.

- Collect money for you. If an attorney owes you money, and you have not obtained a judgment, you should consider hiring a lawyer to collect your money.

- Generally speaking, act on your complaint if there is related pending litigation.

If you are in doubt as to whether the Committee can help you, you may contact the Committee for guidance. Use the address and telephone number provided on page 2 of this pamphlet.