# EXHIBIT A

**LAW OFFICE OF PETER WESSEL, PLLC**
270 Madison Avenue, Suite 1203
New York, New York 10016-0601
(212) 532-9700/(212) 202-7522 (fax)
peterwessel@wessellaw.com

USM5W SDNY

August 1, 2007

Hon. William H. Pauley, III                                                                                    *by hand*
United States District Court Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 2210
New York, New York 10007

          Re:    *Citak & Citak, Donald L. Citak and Burton Citak vs. The St. Paul Traveler Cos., Inc.*
                Civil Action No. 07 CIV 5459 (WHP)

Your Honor:

      Today I received Defendant's request for a Pre-Motion Conference. I am submitting this letter in response, as I am permitted under Your Honor's Individual Practice Rules regarding such requests. I submit this letter for the purpose of presenting Plaintiff's view of pertinent facts, applicable law, and issues to be determined. I hope this proves to be useful for our conference on August 3, 2007.

## STATEMENT OF FACTS

1. Defendant ST. PAUL previously issued a Lawyers Professional Liability Policy to Plaintiffs, policy number 507JB0670, which provided coverage to Plaintiffs for acts of legal malpractice.
2. The premium charged by Defendant ST. PAUL for issuing the subject insurance policy to Plaintiffs was Seven Thousand Thirty-Eight Dollars ($7,038.00), which has been fully paid.
3. Under the terms of the subject insurance policy, the "policy period" ran from April 28, 2006 through April 27, 2007. Under the terms of the subject insurance policy, Defendant ST. PAUL is to indemnify and is obligated to provide legal defense and coverage for any damages thereafter imposed upon Plaintiffs for "claims" first made against Plaintiffs and reported to Defendant ST. PAUL within the "policy period."
4. Plaintiffs received a disciplinary complaint from their former clients Stuart and Carina Marton (hereinafter referred to as "MARTON") in December 2005, which sought to have Plaintiffs continue their representation of MARTON in their claim against Hogan Contracting, Inc. (hereinafter referred to as "HOGAN") a contractor who had gone out of business.
5. Plaintiffs have stated they believed that MARTON had elected to abandon their claim by not contacting Plaintiffs, after MARTON canceled an appointment and did not remit to Plaintiffs the fees that the arbitration body had requested.
6. At that time, MARTON was not barred by the statute of limitations to prosecute their claim against the contractor who had gone out of business (see paragraphs 13 and 18, *infra*).
7. On June 8, 2006, a mediation was held under the auspices of Departmental Disciplinary Committee, Supreme Court, Appellate Division, First Judicial Department (hereinafter referred to as the "Disciplinary Committee") at the offices of Labaton Sucharow & Rudoff LLP, during which the Mediator stated, in sum and substance, that while there was likely no violation of the any Disciplinary Rules arising from the complaint that MARTON filed, a possible remedy against Plaintiffs may lie through an action for legal malpractice, although no opinion was expressed as to

whether any such action could or should be commenced.

8. Plaintiffs have asserted that they first became aware that a potential claim, which would be covered under the terms of the subject insurance policy, could and potentially would be made against them on June 8, 2006 by former clients MARTON.

9. Even though there had been a prior mediation session, at no time prior to the mediation session held on June 8, 2006 had there been any allegation or suggestion of malpractice raised against Plaintiffs.

10. On June 15, 2006, Plaintiffs notified JLT Services Corp., an agent for Defendant, in writing of a potential claim against them under the terms of the subject insurance policy and requested that JLT Services Corp., the named "Producer" of the subject insurance policy, take "whatever steps necessary" to notify Defendant ST. PAUL of that potential claim thereunder.

11. Defendant ST. PAUL acknowledged receipt of the claim on June 15, 2006. As of June 15, 2006, no complaint or formal law suit of any kind had been commenced against Plaintiffs.

12. Upon information and belief, based upon information that was just obtained, on or about September 18, 2006, MARTON served a Demand for Arbitration and a statement of their claim on HOGAN, which ultimately resulted in an arbitration award (see paragraph 18, *infra*). MARTON did not notify Plaintiffs that he had an arbitration proceeding pending against HOGAN.

13. On November 3, 2006, a Summons and Complaint was filed in Supreme Court, New York County, under Index No. 116472-06, by MARTON which named the Plaintiffs herein (specifically Citak & Citak, Donald L. Citak, and Burton Citak as Defendant) and which alleged legal malpractice and sought damages on the sum of Sixty Thousand Dollars ($60,000.00) (hereinafter referred to "the MARTON COMPLAINT").

14. On February 13, 2007, Plaintiffs were informed by Thomas J. Cahill, Chief Counsel of the Disciplinary Committee, that no further action would be taken by the Disciplinary Committee the complaint that MARTON had filed and that matter would be closed.

15. On February 13, 2007, after the Disciplinary Committee had closed its file regarding the complaint that MARTON had filed, the Marton Complaint was first served upon Plaintiffs. Upon information and belief, MARTON did not notify the Disciplinary Committee that he had an arbitration proceeding pending against HOGAN.

16. Plaintiffs immediately forwarded the MARTON Complaint to Defendant ST. PAUL.

17. By letter dated March 5, 2007, Defendant ST. PAUL refused to defend and/or indemnify Plaintiffs in regard to the MARTON COMPLAINT.

18. Upon information and belief, based upon information that was just obtained, on or about May 7, 2007, an arbitration award was issued in the amount of $62,367.32 plus cost of $2,200, for a total of $64,567.32.

19. A motion to dismiss the MARTON COMPLAINT is pending.

## STATEMENT OF PERTINENT LAW

1. It is well-settled that New York law requires compliance with the notice provisions of a liability policy as a condition precedent to coverage. See *Security Mut. Ins. Co. of New York v. Acker-Fitzsimmons Corp.*, 31 N.Y.2d 436, 293 N.Y.S.2d 902 (1972). Therefore, absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy and the insurer need not show prejudice before it can assert the defense of noncompliance.

2. Under New York insurance law, policy clauses requiring notice "as soon as practicable" are construed to require notice within a reasonable time after the duty to give notice has arisen. *Security Mutual Ins. Co. v. Acker-Fitzsimons Corp.*, 31 N.Y.2d 436, 441, 340 N.Y.S.2d 902, (1972); *Christiania Gen. Ins. Co. of New York v. Great American Ins. Co.*, 979 F.2d 268 (2d Cir., 1992).

August 1, 2007 letter to Hon. William H. Pauley, III, U.S.D.J.
page 3 of 3

August 1, 2007 letter to Hon. William H. Pauley, III, U.S.D.J.
page 3 of 3

3. The determination of when the duty to give notice accrues requires an objective evaluation to ascertain whether the circumstances known to the insured at that time would lead a reasonable attorney to expect that his conduct could result in a future claim of malpractice. *Sirignano v. Chicago Ins. Co.*, 192 F.Supp.2d 199 (S.D.N.Y. 2002); *Ingalsbe v. Chicago Ins. Co.*, 270 A.D.2d 684, 704 N.Y.S.2d 697 (3rd Dept. 2000); *Bellefonte Ins. Co. v. Eli D. Albert, P.C.*, 99 A.D.2d 947, 472 N.Y.S.2d 635 (1st Dept. 1984).

4. Whether an insured's failure to provide timely notice to an insurer is reasonable under the circumstances is ordinarily a question of fact precluding summary judgment. *Kaliandasani v. Otsego Mut. Fire. Ins. Co.*, 256 A.D.2d 310 (2d Dept. 1998).

5. A delay in notice may be unreasonable as a matter of law when no excuse for the delay is put forth or the proffered excuse is meritless. *Public Serv. Mut. Ins. Co. v. Levy*, 87 Misc.2d 924, 387 N.Y.S.2d 962, 965 (Sup. Ct.1976), aff'd, 57 A.D.2d 794, 395 N.Y.S.2d 1 (1977); *Mount Vernon Fire Ins. Co. v. Abesol Realty Corp.*, 288 F.Supp.2d 302, 311 (E.D.N.Y., 2003); *Red Apple Supermarkets, Inc. v. North River Ins. Co.*, 182 F.3d 901 (2nd Cir., 1999); *Olin Corp. v. Ins. Co. of North America*, 966 F.2d 718, 724 (2d Cir. 1992).

6. There may be circumstances that excuse a failure to give timely notice, such as where the insured has a "good-faith belief of nonliability" provided that belief is reasonable. *Great Canal Realty Corp. v. Seneca Ins. Co.*, 800 N.Y.S.2d 521, 522, 5 N.Y.3d 742, 743 (2005). However, the belief must be reasonable under all the circumstances and it may be relevant on the issue of reasonableness, whether and to what extent the insured has inquired into the circumstances of the accident or occurrence. Additionally, the insured bears the burden of establishing the reasonableness of the proffered excuse. *Id.* at 744.

## ISSUES TO BE DETERMINED

1. Would a reasonable attorney would believe, based on the circumstances surrounding the initial disciplinary action, that the conduct complained of could result in a legal malpractice claim, and if so, did the Plaintiffs have a duty to give notice to Defendant ST. PAUL at that time?

2. If it is determined that the Plaintiffs failed to give timely notice, did they have a good-faith belief of nonliability, based on the circumstances?

Respectfully submitted,

PETER WESSEL
LAW OFFICE OF PETER WESSEL, PLLC
270 Madison Avenue, Suite 1203
New York, New York 10016-0601
(212) 532-9700/(212) 202-7522 (fax)
peterwessel@wessellaw.com

cc: JONATHAN R. HARWOOD, ESQ.
TRAUB EGLIN LIEBERMAN STRAUSS LLP
Mid-Westchester Executive Park
Seven Skyline Drive                                *via fax and e-mail*
Hawthorne, New York 10532
(914) 347-2600/(914) 347-8898 (fax)
jharwood@tels