# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 5
-----------------------------------------------------------------X
STUART E. MARTON and CARINA S. MARTON,

                          Plaintiffs,                    Index No.
                                                          116472/06

            - against -                                 Decision and
                                                           Order

CITAK & CITAK, DONALD L. CITAK and BURTON CITAK,

                        Defendants.
-----------------------------------------------------------------X

HON. EILEEN A. RAKOWER

      Plaintiffs bring this action for legal malpractice. Plaintiffs engaged the law firm of Citak & Citak to represent them by a retainer agreement dated December 6, 2000, and superceded by an agreement date July 23, 2002. Plaintiffs claim that they were damaged in their pursuit of justice against a contractor hired to renovate their apartment due to the negligent representation of Citak & Citak. Defendants move to dismiss the complaint, and provide the retainer agreements and other documentation to show they were not negligent.

      CPLR 3211(a)(1) states:

           (a) Motion to dismiss cause of action. A party may move for judgment dismissing one or more causes of action asserted against him on the ground that:

           (1) A defense is founded upon documentary evidence.

"Generally, on a motion to dismiss brought pursuant to CPLR 3211, the court must 'accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit

1

of every possible favorable inference, and determine whether the facts as alleged fit into any cognizable legal theory.' ... The court, however, is not required to accept factual allegations, or accord favorable inferences where the factual assertions are plainly contradicted by documentary evidence." *(Bishop v. Maurer,* 33 AD3d 497 at 498, [1st Dept, 2006]) citations omitted.

Required elements of a claim for legal malpractice include the negligence of the attorney, a showing that the attorney's negligence was the proximate cause of the loss sustained, and actual damages. The plaintiff must show that he or she would have had a favorable outcome but for the negligence of the attorney. Where the plaintiff alleging legal malpractice prevails on his or her underlying claim, there is no claim for legal malpractice.

Plaintiffs, in their complaint, allege that defendants undertook to represent them regarding a dispute they had with Hogan Construction, Inc. ("Hogan"). Plaintiffs allege that they provided defendants with the contract between themselves and Hogan, "plus a copy of the applicable General Conditions of the Contract for Construction, i.e. Document A201-1997 published by the American Institute of Architects,"; that defendants pursued a lawsuit against them in the Supreme Court, New York County, that the lawsuit was dismissed by the Honorable Joan Madden for defendants' failure to pursue conditions precedent set forth in the contract and pursue mediation and arbitration. Further, plaintiff alleges that defendants then pursued mediation and arbitration, but appended the wrong documentation, which resulted in the American Arbitration Association's closing the file, and thereafter Hogan went out of business.

Thus, plaintiffs allege defendants were negligent in failing to submit a notice of claim to plaintiffs' architect within the time allowed by the terms of the Hogan contract; that they negligently commenced the Supreme Court action instead of pursuing mediation and arbitration pursuant to the Hogan contract, that they negligently submitted improper papers to the American Arbitration Association; that they negligently failed to correct their mistaken submission; that they negligently failed to inform plaintiffs of the mistaken submission; that they negligently failed to take further action; and negligently failed to respond to plaintiffs' requests for status reports. Plaintiffs allege that they would have prevailed in their claim against Hogan at a time when Hogan still possessed assets from which plaintiffs' could have been satisfied. Finally, plaintiffs assert that the underlying action against Hogan alleged

2.

damages in the amount of at least $60,000, which is the amount they claim they are damaged by defendants' malpractice.

Defendants offer documentary evidence including: the contract between plaintiffs and Hogan; the November 7, 2000 letter from Hogan to plaintiffs' architect informing her Hogan would not be resuming work on plaintiffs' apartment; the AIA Document A201-1997 which defendants contend plaintiffs supplied to them; defendants' November 15, 2000 communication to Hogan; the December 6, 2000 letter from defendants to plaintiffs confirming the retainer arrangement; a copy of plaintiffs' check dated December 7, 2000 indicating "retainer" on the face of the check; the July 23, 2002 retainer agreement between plaintiffs and defendants, which superceded the December 6, 2000 retainer and a copy of plaintiffs' check dated July 29, 2002; a copy of the summons and complaint filed on behalf of plaintiffs by defendants in the 2002 action in Supreme Court New York County against Hogan; a copy of the affidavit of Stuart Marton prepared by defendants in opposition to Hogan's motion to dismiss the Supreme Court action; a copy of Justice Madden's decision with notice of entry dismissing the Supreme Court action against Hogan; a copy of the demand for arbitration filed by defendants on behalf of plaintiffs dated November 10, 2003; the November 19, 2003 letter from defendants to plaintiffs regarding the arbitration; a copy of the November 21, 2003 communication from the American Arbitration Association to defendants requiring further submissions; and a copy of defendants' communication to Hogan's attorney requesting action regarding the demand for arbitration.

Many of what defendants call "miscues" arise from the document plaintiffs provided to defendants labeled Document A201-1997. It is undisputed that plaintiffs did not receive a copy of this document with their signed contract and never initialed or signed such a document when they executed their contract with Hogan. Nevertheless, plaintiffs claim they provided a similar document to defendants along with a cover letter dated November 8, 2000. The cover letter, written by Stuart Marton, explained "that this copy of the underlying document was provided to me by an associate and is marked-up for a different contract; my specific contract did not have the underlying document physically included." Defendants neither admit nor deny the November 8, 2000 communication, and do not include it in the documentary papers submitted.

Defendants, for the first time in the reply, clarify that they are seeking relief

3

Supreme Court Records OnLine Library - page 4 of 6

under both CPLR 3211 (a)(1) and (a)(7).

Defendants urge that s have successfully pursued their arbitration remedy against Hogan, and that the award has been converted into a Supreme Court judgment against Hogan. Thus, defendants conclude that plaintiffs will be unable to sustain their claim of legal malpractice for failure to show that they sustained harm from defendants' conduct.

Plaintiffs claim that, but for defendants' negligence, they would have procured a judgment against Hogan while that entity had assets sufficient to satisfy the judgment. Additionally, while not pleaded in the original complaint, plaintiffs point out that the arbitrator specifically denied pre-award interest in the amount of $36,632.11, stating:

> The 6 years and 175 days delay in bringing this dispute to arbitration is allegedly the result of a procedural and filing error by Claimants' former attorney. Respondent bears no responsibility for this late re-filing of the claim and consequential interest claim. Therefore, with regard to the interest claim in the amount of 36,632.11. Awarded $0.00.

Thus, plaintiffs were also damaged by this additional amount of pre-award interest.

"Where relevant, the issue of noncollectibility should be treated as a matter constituting an avoidance or mitigation of the consequences of the attorney's malpractice... the burden of proving noncollectibility must be borne by the attorney defendant." (*Lindenman v. Kreitzer*, 7 AD3d 30 [1st Dept., 2004])

When considering a motion to dismiss

> the pleading is to be afforded a liberal construction. We accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit. (*Leon v. Martinez*, 84 N.Y.2d 83 [1994])

Further, when assessing the sufficiency of the complaint in stating a cause of action:

4

Supreme Court Records OnLine Library - page 5 of 6

a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint... and the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one. (*Id.*)

The motion to dismiss pursuant to 3211(a)(1) must be denied as the documentary evidence produced fails to conclusively establish a defense to legal malpractice as a matter of law. Indeed, plaintiffs have provided additional documentary evidence which raises issues of fact regarding Document A201-1997, a document central to certain of the claims for the alleged malpractice.

The motion to dismiss pursuant to 3211(a)(7) is similarly denied. It is sufficient at the pleading stage for plaintiffs to allege facts from which damages attributable to defendants' conduct might reasonably by inferred.

Wherefore, it is hereby

ORDERED that defendant's pre answer motion to dismiss is denied and the defendants are directed to serve their answer within 20 days of service of this order with notice of entry; and it is further

ORDERED that the Trial Support Office is directed to reassign this case to a non-City part and remove it from the Part 5 inventory as the City is not and never has been a party to this action. Plaintiff shall serve a copy of this order on all other parties and the Trial Support Office, 60 Centre Street, room 158.

This constitutes the decision and order of the court.

Dated: October 9, 2007

Eileen A. Rakower, J.S.C.

FILED
OCT 17 2007
COUNTY CLERKS OFFICE NEW YORK

5