## LAW OFFICE OF PETER WESSEL, PLLC
**270 Madison Avenue, Suite 1203**
**New York, New York 10016-0601**
**(212) 532-9700/(212) 202-7522 (fax)**
peterwessel@wessellaw.com

March 14, 2008

Hon. William H. Pauley, III
United States District Court Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 2210
New York, New York 10007-1316

> Re:   *Citak & Citak, et al. v. The St. Paul Travelers Co., Inc.*
>        Civil Action No. 07 CIV 5459 (WHP)

Your Honor:

This firm represents the Plaintiffs in the above-referenced matter. Pursuant to your Honor's rules, enclosed please find two (2) courtesy copies of Plaintiffs' Reply Memorandum of Law and one (1) courtesy copy of my Declaration and the Declaration of Plaintiff Donald Citak. Also pursuant to your Honor's rules, following is a list of all papers filed in connection with Plaintiffs' Cross-Motion to further amend its Amended Complaint herein:

1.  Plaintiffs' Notice of Cross-Motion;

2.  Declaration of Peter Wessel, Esq. in Opposition to Defendant's Motion to Dismiss and in Support of Plaintiffs' Cross-Motion to Amend Complaint;

3.  Declaration of Donald L. Citak, Esq. in Support of Plaintiffs' Cross-Motion to Amend Complaint and in Opposition to Defendant's Motion to Dismiss;

4.  Declaration of Burton Citak, Esq. in Opposition to Defendant's Motion to Dismiss and in Support of Plaintiffs' Cross-Motion to Amend Complaint;

5.  Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss and in Support of Plaintiffs' Cross-Motion to Amend Complaint;

6.  Reply Declaration of Jonathan R. Harwood, Esq. In Support of Defendant's Motion to Dismiss Complaint;

7.  Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss Complaint;

8.  Declaration of Peter Wessel, Esq. in Further Support of Plaintiffs' Cross-Motion to Amend Complaint;

9.  Declaration of Donald L. Citak, Esq. in Further Support of Plaintiffs' Cross-Motion to Amend Complaint; and

10. Plaintiffs' Reply Memorandum of Law in Further Support of Plaintiffs' Cross-Motion to Amend Complaint.

Your Honor's further time and consideration in reviewing these papers is appreciated.

Respectfully yours,

Peter Wessel
Law Office of Peter Wessel, PLLC

Enclosures

cc:     Jonathan Harwood, Esq. (letter only)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

CITAK & CITAK, DONALD CITAK and
BURTON CITAK,

                            Plaintiffs,                    **Civil Action No.**
                                                          **07 CIV 5459 (WHP)**

    -    against –

THE ST. PAUL TRAVELERS COMPANIES,
INC., a/k/a ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

                            Defendant.

-----------------------------------------------------------X

### PLAINTIFFS' REPLY MEMORANDUM OF LAW

### IN FURTHER SUPPORT OF PLAINTIFFS' CROSS-MOTION
### TO AMEND COMPLAINT

LAW OFFICE OF PETER WESSEL, PLLC

By: _____
        PETER WESSEL (PW 4164)
Attorney for Plaintiffs
CITAK & CITAK, DONALD CITAK
and BURTON CITAK
270 Madison Avenue, Suite 1203
New York, NY 10016
(212) 532-9700
(212) 202-7522 (fax)

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted on behalf of Plaintiffs CITAK & CITAK, DONALD CITAK and BURTON CITAK (hereinafter "Plaintiffs") in further support of their Cross-Motion to amend their Amended Complaint herein.

Leave to amend a pleading should be freely granted except in the limited circumstances where the amendment would be futile, prejudicial, is asserted in bad faith, or would cause undue delay. Defendant THE ST. PAUL TRAVELERS COMPANIES, INC. a/k/a ST. PAUL FIRE AND MARINE INSURANCE COMPANY's (hereinafter "Defendant") has failed to meet its burden of establishing that Plaintiffs' amendment satisfies any of these four (4) criteria.

Plaintiffs seek to amend a single paragraph of the Amended Complaint to reflect accurately the date on which they received a letter from the Departmental Disciplinary Committee of the First Judicial Department of the Supreme Court of the State of New York (hereinafter the "DDC") enclosing the document plus exhibits the DDC had received from Stuart and Carina Marton (hereinafter the "Martons' DDC Statement"). Plaintiffs' proposed amendment is based on documentation obtained from the DDC's files, which supports Plaintiffs' contention that they were unaware of the Martons' DDC Statement at the time they completed and filed their applied for insurance coverage from Defendant. The proposed amendment rebuts Defendant's unfounded statements to the Court that Plaintiffs were aware of the Martons' DDC Statement when they applied for insurance from Defendant.

It is respectfully submitted that based on the applicable facts and the relevant case law, Plaintiffs' motion to amend their Amended Complaint should be granted in its entirety.

## STATEMENT OF FACTS

The Court is respectfully referred to Plaintiffs' moving papers for a complete recitation of the facts relevant herein.

## ARGUMENT

## POINT I

## PERMISSION FOR PLAINTIFFS TO FURTHER AMEND THEIR AMENDED COMPLAINT SHOULD BE FREELY GRANTED

Under FED.R.CIV.P 15(a)(2), a "court should freely give leave [to amend a complaint] when justice so requires." *Cevasco v. Nat'l R.R. Passenger Corp.*, 2007 WL 4440922 at * 3 (S.D.N.Y. 2007); *RSM Production Corp. v. Fridman*, 2007 WL 2295897 at *3 (S.D.N.Y. 2007). This standard is liberally construed. *See, e.g., Bellen v. Weiser*, 2007 WL 2979827 at *8 (S.D.N.Y. 2007). An amendment is permitted unless it would be futile or prejudice to the opposing party and where it is not asserted in bad faith or will cause undue delay. *Cevasco v. Nat'l R.R. Passenger Corp., supra*, 2007 WL 4440922 at *2.

The non-moving party has the burden of establishing that an amendment would be futile. *See Resqnet.com, Inc. v. Lansa, Inc.*, 382 F.Supp.2d 424, 449 (S.D.N.Y. 2005). "A proposed amendment is futile when it fails to state a claim upon which relief can be granted." *Rates Technology Inc. v. Mediatrix Telecom, Inc.*, 2007 WL 1987787 (E.D.N.Y. 2007)(quoting *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990)). "A determination of futility is governed by the same standards as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.* (citing *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)). Thus, the relevant inquiry is whether "the complaint alleges 'enough facts to state a claim for relief that is plausible on its face.'" *In re 1st Rochdale Co-op Group, Ltd.*, 2008 WL 170410 (S.D.N.Y. 2008) (quoting *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007)(quoting

2

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007)). In this case, the proposed new paragraph 10 in the Second Amended Proposed Complaint is corroborated by ample proof. Indeed, Plaintiff Donald Citak's January 27, 2006 letter to Joel A. Peterson (hereinafter the "Peterson Letter") confirms a telephone conversation in which Mr. Peterson granted Plaintiffs an extension of time to respond to the Martons' DDC Statement, which Plaintiff Donald Citak attests was written on the date Plaintiffs received the Martons' DDC Statement. See Exhibit "II" – Proposed Second Amended Complaint (specifically Exhibit 2A annexed thereto). By failing to assert that the Plaintiffs have not stated enough facts to render the amendment plausible on its face, Defendant has failed to sustain its burden of demonstrating that the Plaintiffs' proposed amendment would be futile.

Likewise, "in the absence of a showing by the non-movant of prejudice or bad faith", a party will be permitted to amend its pleadings *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Additionally, "delay alone, in the absence of a showing of undue prejudice or bad faith, typically provides an insufficient basis for denying a motion to amend." *Resqnet.com*, 382 F.Supp.2d at 449. Defendant herein has not claimed, much less established, that it would be prejudiced in any way by Plaintiffs' amendment. Defendant has similarly failed to either allege any bad faith on Plaintiffs' behalf in seeking the amendment or claimed any delay at all would occur. Thus, Defendant has not carried its burden to establish any factor upon which this Court might deny Plaintiffs' motion to amend its Amended Complaint.

Furthermore, Defendant does not cite a single case in support of its argument that Plaintiffs' cross-motion should be denied. Defendant simply contends that Plaintiffs should not be permitted to amend the complaint to reflect correctly that they received the Martons' DDC

Statement "on or about January 27, 2006" because they have not so stated in the past. This argument is both factually inaccurate and ineffectual in light of the above-cited case law.

Contrary to Defendant's assertions, Plaintiffs' initial pleading does not refer to a specific date on which they received the Martons' DDC Statement. See Exhibit "XIII" annexed hereto. Rather, Plaintiffs had imprecisely stated in their Amended Complaint that the document was received "on or about December 2005," which does not preclude Plaintiffs from having received the document in January 2006. See Exhibit "I" to Plaintiffs' Cross-Motion Papers – Amended Complaint ¶10; In response to Defendant's erroneous allegations that Plaintiffs were aware of the Martons' DDC Statement prior to applying for insurance from Defendant (Def's Memo of Law p5), Plaintiffs gathered the necessary documentation from the DDC to establish that they received the Martons' DDC Statement after January 20, 2006, the date on which they completed their application for insurance from Defendant.  Thus, Plaintiffs were completely unaware that they were the subject of the Martons' DDC Statement at the time of their insurance application. See Exhibit "II" – Proposed Second Amended Complaint (specifically Exhibit 2A annexed thereto); DCitak Declaration annexed to Plaintiffs' Cross-Motion and Opposition Papers to Defendant's Motion (hereinafter "DCitak Decl.") ¶¶3-5, 12-13.

Defendant's insinuation, in a footnote, that Plaintiffs could not have received the Martons' DDC Statement on or about January 27, 2006 is entirely groundless.  The DDC cover letter under which the Martons' DDC Statement and exhibits were sent is dated January 9, 2006 – not January 6, 2006 as erroneously stated by Defendant.  Def's Reply Memo of Law p3 fn2; Exhibit "II" – Proposed Second Amended Complaint (specifically Exhibit 2A annexed thereto). Significantly more important is the fact that the DDC's files do not contain any proof of when the package containing its cover letter, the Martons' DDC Statement along with the other

4

exhibits, was actually mailed or on what date that package was postmarked. The DDC's practice is to mail such packages by regular mail (not by certified, registered or express mail or by any other overnight carrier). As a result, the envelope containing the Martons' DDC Statement can not be tracked. Considering that the package was sent by regular mail and that a federal holiday fell on Monday, January 16, 2006, there is not a scintilla of evidence that Plaintiffs did not receive the Martons' DDC Statement until on or about January 27, 2006. Donald Citak's statement based upon the Peterson Letter remains the only definitive proof of Plaintiffs' date of receipt of the Martons' DDC Statement. See DCitak Decl. ¶5. Since Plaintiffs' proposed amendment is integral to "sharpen the pleadings to conform to the evidence," Plaintiffs' cross-motion to further amend should be granted. *Bridgeport Music Inc. v. UMG Recordings, Inc.*, 2008 WL 113672 at * 7 (S.D.N.Y. 2008).

Defendant also completely misconstrues the purpose of the Plaintiffs' proposed amendment. Plaintiffs do not contend that the date on which they received the Martons' DDC Statement pertains to whether they could have reasonably foreseen a potential claim or suit by the Martons; indeed, that date is irrelevant. The Martons' DDC Statement, whenever it was received, would not have allowed Plaintiffs to reasonably foresee a potential malpractice suit and it does not suggest the numerous causes of action set forth in Defendant's answering papers.

Rather, that date is significant only because Defendant, orally at a conference before this Court and in its Memorandum of Law, misstated to the Court that Plaintiffs knew of the Martons' DDC Statement prior to applying for insurance coverage from Defendant. See Def's Memo of Law p5. Such an accusation, given the complete absence of any documentation in support thereof, is a reckless claim concerning the integrity of the Plaintiffs. To refute Defendant's baseless allegations, Plaintiffs ascertained all the information contained in the

5

DDC's files regarding the Martons' DDC Statement. While nothing therein revealed the date of receipt of that document by Plaintiffs, the re-discovery of the Peterson Letter refreshed Plaintiff Donald Citak's recollection as to that date. See Exhibit "II" – Proposed Second Amended Complaint (specifically Exhibit 2A annexed thereto). By claiming fraudulent conduct on behalf of Plaintiffs, Defendant has wrongfully maligned Plaintiffs. Only by cross-moving to further amend their Amended Complaint to accord that pleading with the documentary evidence can Plaintiffs properly address Defendant's unfounded claims to restore their image before the Court.

As this Reply Memorandum is limited only to discussion of Plaintiffs' Cross-Motion, further refutation of the points made in Defendant's Reply Memorandum will be addressed at the oral argument before this Court.

## CONCLUSION

For the reasons stated above, it is respectfully submitted that this Court should:

a) grant Plaintiffs' motion to amend their Amended Complaint, accept the Proposed Second Amended Complaint and the exhibits annexed thereto as Plaintiffs' pleading herein, and deem Defendant to have been served with same as of the date of the Court's decision; and

b) grant such other and further relief as may be proper under the circumstances.

Dated: New York, NY
       March 14, 2008

LAW OFFICE OF PETER WESSEL, PLLC

By: _____

PETER WESSEL (PW 4164)
Attorney for Plaintiffs
CITAK & CITAK, DONALD CITAK
and BURTON CITAK
270 Madison Avenue, Suite 1203
New York, NY 10016
(212) 532-9700
(212) 202-7522 (fax)

EXHIBIT "XIII"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

CITAK & CITAK, DONALD L. CITAK and
BURTON CITAK,

                   Plaintiffs,

    -against-

THE ST. PAUL TRAVELERS COMPANIES, INC.,
a/k/a ST. PAUL FIRE AND MARINE INS. CO.,

                   Defendant.

-------------------------------------------------------------------X

**SUMMONS**

Index No. **60/797/2007**

Plaintiffs designate New York
County as the place of trial

Venue is based on Plaintiffs'
place of business

*NEW YORK
COUNTY CLERK'S OFFICE*

*MAY 3 0 2007*

*NOT COMPARED
WITH COPY FILE*

To:   THE ST. PAUL TRAVELERS COMPANIES, INC.,
      a/k/a ST. PAUL FIRE AND MARINE INS. CO.
      Bond and Financial Products Claim Office
      Mail Code N08, 385 Washington Street
      St. Paul, Minnesota 55102-1396
      (651) 310-5453/(651) 310-3657 (fax)

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to

serve a copy of your answer, or, if the complaint is not served with this summons, to

serve a notice of appearance, on the Plaintiffs' Attorney within 20 days after the

service of this summons, exclusive of the day of service (or within 30 days after the

service is complete if this summons is not personally delivered to you within the

State of New York); and in case of your failure to appear or answer, judgment will be

taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
      May 30, 2007

                LAW OFFICE OF PETER WESSEL, PLLC

                By:_____

                PETER WESSEL
                Attorney for Plaintiffs
                CITAK & CITAK, DONALD L. CITAK and
                BURTON CITAK
                270 Madison Avenue, Suite 1203
                New York, New York 10016-0601
                (212) 532-9700

Filed with the New York County Clerk's Office on May 30, 2007

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
CITAK & CITAK, DONALD L. CITAK, and
BURTON CITAK,

**VERIFIED COMPLAINT**

                      Plaintiffs,

Index No. **601797/2007**

       - against -

THE ST. PAUL TRAVELERS COMPANIES, INC.,
a/k/a ST. PAUL FIRE AND MARINE INS. CO.,

                     Defendant.
-----------------------------------------------------------------------X

      Plaintiffs CITAK & CITAK, DONALD L. CITAK, and BURTON CITAK, by

their attorney, LAW OFFICE OF PETER WESSEL, PLLC, complaining of

Defendant THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a ST. PAUL

FIRE AND MARINE INSURANCE COMPANY (hereinafter "ST. PAUL"),

respectfully alleges as follows, upon information and belief:

## IDENTIFICATION OF PARTIES

1.    Defendant ST. PAUL is an insurance company licensed to do business

      in the State of New York, which transacts business in the County, City,

      and the State of New York and offers professional liability insurance for

      lawyers.

2.    Plaintiff CITAK & CITAK, ESQS., is a partnership in which DONALD L.

      CITAK, ESQ., and BURTON CITAK, ESQ., are individual partners

3.    At all times relevant herein, Plaintiff CITAK & CITAK, ESQS., maintained

an office for the practice of law in the County, City, and State of New York.

4.  At all times relevant herein, Plaintiffs DONALD L. CITAK, ESQ. and BURTON CITAK, ESQ. were and still are attorneys, duly licensed to practice law in the State of New York and who maintained their offices for the practice of law in the County, City, and State of New York.

## FIRST CAUSE OF ACTION

5.  Defendant ST. PAUL issued an insurance policy, policy number 507JB0670, which policy provided coverage to Plaintiffs for acts of legal malpractice (hereinafter referred to "the subject insurance policy"). A copy of policy is annexed as Exhibit "1" and is incorporated by reference herein.

6.  The premium charged by Defendant ST. PAUL for issuing the subject insurance policy to Plaintiffs in the sum of Seven Thousand Thirty-Eight Dollars ($7,038.00) has been fully paid, pursuant to the terms therein. Under the terms of the subject insurance policy, the "policy period" ran from April 28, 2006 through April 27, 2007.

7.  Under the terms of the subject insurance policy, Defendant ST. PAUL was to provide a) legal counsel to defend Plaintiffs against claims thereunder on a "claims made" basis during the policy period and b) coverage for any damages thereafter imposed upon Plaintiffs as a

2

result of those claims.

8.  Under the terms of the subject insurance policy, Defendant ST. PAUL is obligated to provide a legal defense and coverage for any damages thereafter imposed upon Plaintiffs for "claims" made against Plaintiffs and reported to Defendant ST. PAUL within the "policy period."

9.  Plaintiffs first became aware that a potential claim, which would be covered under the terms of the subject insurance policy, could and potentially would be made against them on June 8, 2006.

10. On June 8, 2006, a mediation was held under the auspices of Departmental Disciplinary Committee, Supreme Court, Appellate Division, First Judicial Department (hereinafter referred to as the "Disciplinary Committee") at the offices of LABATON SUCHAROW & RUDOFF LLP, during which the Mediator stated, in sum and substance, that while there was likely no violation of any Disciplinary Rules arising from the complaint that STUART and CARINA MARTON had filed against the Defendants herein, a possible remedy against Plaintiffs may lie through an action for legal malpractice, although no opinion was expressed as to whether any such action would be successful. At no time prior to the mediation session on June 8, 2006, had there been any allegations of legal malpractice raised against Plaintiffs.

11. On June 15, 2006, Plaintiffs notified JLT Services Corp., the named "Producer" of the subject insurance policy, in writing of a potential claim against them under the terms of the subject insurance policy and requested that JLT Services Corp., take "whatever steps necessary" to notify Defendant ST. PAUL of that potential claim thereunder. See Letter annexed as Exhibit "2".

12. Defendant ST. PAUL acknowledged receipt of the claim on June 15, 2006. See Letter annexed as Exhibit "3". As of June 15, 2006, no complaint or formal law suit of any kind had been commenced against Plaintiffs.

13. On November 3, 2006, a Summons and Complaint was filed in Supreme Court, New York County, under Index No. 116472-06, by STUART MARTON and CARINA MARTON, which named the plaintiffs herein (specifically CITAK & CITAK, ESQS., DONALD L. CITAK, ESQ., and BURTON CITAK, ESQ., as Defendants) and which alleged legal malpractice and sought damages on the sum of Sixty Thousand Dollars ($60,000.00) (hereinafter referred to "the MARTON Complaint").

14. On February 13, 2007, Plaintiffs were informed by THOMAS J. CAHILL, ESQ., Chief Counsel of the Disciplinary Committee, that no further action would be taken by the Disciplinary Committee the complaint that

STUART and CARINA MARTON had filed and that matter would be closed.  See Letter annexed as <u>Exhibit "4"</u>.

15.  The MARTON Complaint was first served upon Plaintiffs in February 2007, after the Disciplinary Committee had closed its file regarding the complaint that STUART and CARINA MARTON had filed as evidenced in Exhibit "5".

16.  Plaintiffs immediately forwarded the MARTON Complaint to Defendant ST. PAUL. See Letter annexed as <u>Exhibit "5"</u>.

17.  Defendant ST. PAUL refused to defend and indemnify Plaintiffs regarding the MARTON Complaint, claiming late and improper notice. See Letter annexed as <u>Exhibit "6"</u>.

18.  Defendant ST. PAUL breached its contract with Plaintiffs in refusing to defend Plaintiffs in the MARTON Complaint and to provide insurance coverage for any damages that might be imposed upon Plaintiffs as a result thereof.

19.  Plaintiffs have retained separate and independent counsel to commence this action for a declaratory judgment against Defendant ST. PAUL and have incurred, and will incur, fees in connection therewith.  In the event that the issues raised in this action are not resolved prior to the time in which an answer will be required to be

interposed in the MARTON Complaint, it will also become necessary for Plaintiffs to retain separate and independent counsel to appear and defend themselves against the allegations in the MARTON Complaint.

20.   Except for the deductible amount of Five Thousand Dollars ($5,000) , the sums for legal fees being now expended by Plaintiffs as stated above, and the monies that will in the future become necessary to expend for legal fees and other expenses in the prosecution of this action and in the defense of the MARTON Complaint, would have been superfluous and unnecessary, had Defendant ST. PAUL honored its obligations and commitments to Plaintiffs under the subject insurance policy and had not breached same.

21.   Plaintiff seeks an Order a) compelling Defendant ST. PAUL to defend and indemnify Plaintiffs pursuant to the terms of the subject insurance policy and b) reimbursing Plaintiffs for all sums expended, other than the Five Thousand Dollars ($5,000) deductible, due to the failure of Defendant ST. PAUL to defend and provide coverage under the terms of the subject insurance policy.

**WHEREFORE,** Plaintiffs demand Judgment against Defendant ST. PAUL:

I) declaring that Defendant ST. PAUL is obligated to defend Plaintiffs in

the MARTON Complaint commenced against them;

    ii) declaring that Defendant ST. PAUL is obligated to provide insurance coverage and to indemnify Plaintiffs under the terms of the subject insurance policy in that action;

    iii) awarding Plaintiffs a sum to be determined by the Court as reasonable reimbursement for the sums of money Plaintiffs were caused to expend in the prosecution of this action and in the defense of the MARTON Complaint as a result of the failure of Defendant ST. PAUL to comply with the terms of the subject insurance policy; and

    iv) such other and further relief as may be just and proper under the circumstances herein, including but not limited to the costs and disbursements of this action.

Dated:  New York, N.Y.
         May 30, 2007

                        LAW OFFICE OF PETER WESSEL, PLLC

By: _____
                        PETER WESSEL
                        CITAK & CITAK, DONALD L. CITAK and
                        BURTON CITAK
                        Attorney for Plaintiffs
                        270 Madison Avenue, Suite 1203
                        New York, NY 10016
                        (212) 532-9700

STATE OF NEW YORK          )
                           : ss.:  <u>VERIFICATION</u>
COUNTY OF NEW YORK         )

      DONALD L. CITAK, ESQ., being duly sworn, deposes, and says that he is one of the plaintiffs herein, he has read the foregoing Complaint for a Declaratory Judgment, knows the contents thereof to be true of each of his own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters he believes those statements to be true.  The source of his information and the grounds for his belief is communications with counsel and counsel's investigation of the matter.

DONALD L. CITAK, ESQ.

Sworn to before me this
30th day of May 2007

NOTARY PUBLIC

Robert Thaler
Notary Public, State of New York
No. 01TH6131025
Qualified in New York C.
Commission Expir...

Robert Thaler
Notary Public, State of New York
No. 01TH6131025
Qualified in New York County
Commission Expires July 25, 2009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CITAK & CITAK, DONALD L. CITAK, and
BURTON CITAK,

                                        Plaintiffs,

        -against-

THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a
ST. PAUL FIRE AND MARINE INS. CO.,

                                        Defendant.

## SUMMONS & VERIFIED COMPLAINT

Index Number **601797/2007**

To:   THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a
      ST. PAUL FIRE AND MARINE INS. CO.
      Bond and Financial Products Claim Office
      Mail Code N08
      385 Washington Street
      St. Paul, Minnesota 55102-1396
      (651) 310-5453/(651) 310-3657 (fax)

      PETER WESSEL, certifies that, to the best of his knowledge, information and
belief, formed after an inquiry reasonable under the circumstances, the
presentation of the Summons and Verified Complaint is not frivolous as defined in
subsection (c) of Title 22 NYCRR, subsection 130-1.1.

Dated: New York, New York
       May 30, 2007

                                        _____
                                        PETER WESSEL
                                        LAW OFFICE OF PETER WESSEL, PLLC
                                        Attorney for Plaintiffs CITAK & CITAK,
                                        DONALD L. CITAK and BURTON CITAK
                                        270 Madison Avenue, Suite 1203
                                        New York, New York 10016-0601

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           )ss:
COUNTY OF NEW YORK         )

Jordan Brooks, being duly sworn, deposes and says:

I am not a party to the within action and am over 18 years of age.

That on March 14, 2008 I served the within **REPLY MEMORANDUM OF LAW**

**IN FURTHER SUPPORT OF PLAINTIFFS' CROSS-MOTION TO AMEND**

**THE COMPLAINT** upon the attorneys for the Defendant in this action, at the

address listed below, such address designated by said attorneys for that purpose via

**Electronic Case Filing System**.


TO:    Traub Lieberman Straus & Shrewsberry LLP
       Attn: Jonathan R. Harwood, Esq.
       Attorneys for Defendant
       Mid-Westchester Executive Park
       Seven Skyline Drive
       Hawthorne, New York 10532
       (914) 347-2600
       jharwood@traublieberman.com



                                        _____
                                              JORDAN BROOKS


Sworn to before me this
14th day of March, 2008


_____
NOTARY PUBLIC          Robert Thaler
                       Notary Public, State of New York
                       No. 01TH6131025
                       Qualified in New York County
                       Commission Expires July 25, 2009