UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CITAK & CITAK, DONALD CITAK and
BURTON CITAK,

                Plaintiffs,                Civil Action No. 07 CIV 5459 (WHP)

    -against -

THE ST. PAUL TRAVELERS COMPANIES,
INC., a/k/a ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,

                Defendant.
------------------------------------------------------------X

## DECLARATION
## IN FURTHER SUPPORT OF PLAINTIFFS' CROSS-MOTION
## TO AMEND COMPLAINT

DONALD L. CITAK, an attorney duly licensed to practice law before the courts in the State of New York and admitted to the Bar of the District Court for the Southern District of New York, subscribes and declares under penalty of perjury that the following is true and correct, pursuant to 28 U.S.C. § 1746.

1. I am one of the Plaintiffs in this action and am fully familiar with the facts and circumstances of this case. This Reply Declaration is submitted in further support of Plaintiffs' motion to amend the Amended Complaint herein pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

**Plaintiffs' Motion to Amend Should Be Freely Granted**

2. Permission to amend a complaint should be freely granted where the proposed amendment is not futile, is not prejudicial, is not asserted in bad faith, or will not cause undue delay. Defendant, as the <u>non</u>-moving party on the motion to amend, has the

1

burden of establishing that the proposed amendment satisfies one of these four (4) criteria. Defendant has failed to sustain this burden. Defendant does not claim that Plaintiffs' proposed amendment would be futile, prejudicial, in bad faith or would cause undue delay. Thus, Defendant has failed to establish any basis to deny Plaintiffs' motion to amend.

3. Defendant's opposition to Plaintiffs' proposed amendment is based on its claim that Plaintiffs had not previously stated that they received from the Departmental Disciplinary Committee of the First Judicial Department of the Supreme Court of the State of New York (hereinafter the "DDC") a statement from the Martons (hereinafter the "Martons' DDC Statement") "on or about January 27, 2006", but rather Plaintiffs had previously indicated receipt thereof in December 2005 – and therefore, they should not be allowed to do so at this time. Defendant does not submit any legal precedent to support that rationale, which simply does not qualify as a legal basis upon which to deny Plaintiffs' motion to amend, which is based on testimonial and documentary support.

4. The exact date of Plaintiffs' receipt of the Martons' DDC Statement became significant when Defendant accused Plaintiffs of knowing of the existence of the Martons' DDC Statement at the time they completed and mailed their application for insurance on January 20, 2006. Such an accusation (that Plaintiffs intentionally provided false information on an insurance application) could not go unrefuted. I went to the DDC's offices and reviewed their files to see if information could be ascertained identifying the dates on which the Martons' DDC Statement was i) mailed to Plaintiffs and/or ii) received by Plaintiffs. See DCitak Declaration in Support of Cross-Motion to Amend

and In Opposition to Defendant's Motion to Dismiss (hereinafter "DCitak Declaration") ¶¶4-5.

5. When my January 27, 2006 letter to Joel A. Peterson of the DDC (hereinafter the "Peterson Letter") was re-discovered, Plaintiffs were able to ascertain with precision the date when they received the Martons' DDC Statement. After reviewing the Peterson Letter, I can now state that upon Plaintiffs actually receiving the Martons' DDC Statement, I immediately called Mr. Peterson to request an extension of time to respond to the Martons' DDC Statement. I wrote the Peterson Letter to confirm my telephone conversation with him, in which he granted the requested extension of time to respond to the Martons' DDC Statement. See DCitak Declaration ¶5. Thus, the Second Proposed Amended Complaint seeks only to conform the pleadings to the proof (from "on or about December 2005" to "on or about January 27, 2006"), based upon now documented facts and circumstances involved in the instant case. Permission to amend is routinely granted in such a case. See Plaintiffs' Memorandum of Law p10 and Reply Memorandum of Law p5.

**Plaintiffs Received the Martons' DDC Statement on or about January 27, 2006**

6. The DDC has advised us that their mailings are sent by <u>regular</u> mail – not by express mail, certified mail or registered mail or any other type of overnight delivery service. As such, it is impossible to track when the voluminous package containing the Martons' DDC Statement plus many exhibits was first mailed by the DDC and received by me.

7. Defendant baselessly insinuates that Plaintiffs misrepresent the date on which they received the Martons' DDC Statement. First, Defendants misstates the date (incorrectly stating January 6, 2006 (see Defendant's Reply Memo of Law) rather than January 9,

2006), as appears on the DDC cover letter under which the Martons' DDC Statement was sent to Plaintiffs. Simply because a letter bears a certain date does not mean that letter was mailed on that date. The Peterson Letter could have been dictated or typed on January 9, 2006, and saved in a computer for days thereafter before the package of documents including the Martons' DDC Statement was actually mailed to Plaintiffs. No postmark date exists nor any notations of the mailing date to corroborate Defendant's baseless assertion that the Martons' DDC Statement was mailed on January 9, 2006. But even assuming the Martons' DDC Statement with the numerous exhibits annexed was mailed on January 9, 2006, it is certainly plausible that such a voluminous package sent by regular mail could take less than two (2) business weeks to reach its destination, particularly in this post - 9/11 world and with a federal holiday falling on Monday, January 16, 2006.

8. Defendant's claims challenge my credibility and veracity and that of my father and partner Burton Citak, Esq. But we are more than willing to have this Court hear our testimony as to the relevant events.

**The Proposed Amendment Refutes Defendant's Baseless Contention That Plaintiffs Knew of the Martons' DDC Statement When They Applied for Insurance Coverage**

9. The purpose of Plaintiffs' proposed amendment is to refute Defendant's baseless accusation, first made orally at a conference before this Court and then stated in Defendant's Memorandum of Law, that Plaintiffs knew of the Martons' DDC Statement prior to the date they completed and mailed their application for insurance coverage to Defendant.

10. Contrary to Defendant's assertion, Plaintiffs have never contended that <u>the date</u> on which they received the Martons' DDC Statement pertains to whether "they had reason to believe . . . that the Martons might bring an action against them." Def's Reply Memo of Law p3. Plaintiffs have consistently maintained that the Martons' DDC Statement, whenever received, does not put them (or a reasonable attorney) on reasonable notice of a potential claim for malpractice. Any statement by the Defendant to the contrary is entirely inaccurate.

**Conclusion**

11. Based upon the facts, the documents and the applicable law, Plaintiffs' motion to amend the Amended Complaint in the form annexed to Plaintiffs' Notice of Cross-Motion and Supporting Papers (<u>Exhibit "II"</u> ¶10) should be granted in its entirety.

Dated: New York, New York
       March 14, 2008

_____
Donald L. Citak

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK            )
                             )ss:
COUNTY OF NEW YORK           )

Jordan Brooks, being duly sworn, deposes and says:

I am not a party to the within action and am over 18 years of age.

That on March 14, 2008 I served the within **DECLARATIONS OF PETER WESSEL, ESQ. AND DONALD L. CITAK, ESQ. IN FURTHER SUPPORT OF PLAINTIFFS' CROSS-MOTION TO AMEND THE COMPLAINT** upon the attorneys for the Defendant in this action, at the address listed below, such address designated by said attorneys for that purpose via **Electronic Case Filing System**.

TO:  Traub Lieberman Straus & Shrewsberry LLP
     Attn: Jonathan R. Harwood, Esq.
     Attorneys for Defendant
     Mid-Westchester Executive Park
     Seven Skyline Drive
     Hawthorne, New York 10532
     (914) 347-2600
     jharwood@traublieberman.com

_____
JORDAN BROOKS

Sworn to before me this
14th day of March, 2008

_____
NOTARY PUBLIC

Robert Thaler
Notary Public, State of New York
No. 01TH6131025
Qualified in New York County
Commission Expires July 25, 2009

07 CIV 5459
HON. WILLIAM H. PAULEY, III

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITAK & CITAK, DONALD CITAK, and
BURTON CITAK,

                                   Plaintiffs,

-against-

THE ST. PAUL TRAVELERS COMPANIES, INC., a/k/a
ST. PAUL FIRE AND MARINE INS. CO.,

                                   Defendant.

## REPLY DECLARATIONS

LAW OFFICE OF PETER WESSEL, PLLC

By: _/s/ Peter Wessel_
PETER WESSEL (PW 4164)
Attorney for Plaintiffs
CITAK & CITAK, DONALD CITAK,
and BURTON CITAK
270 Madison Avenue, Suite 1203
New York, N.Y. 10016-0601
(212) 532-9700/(212) 202-7522 (fax)
peterwessel@wessellaw.com

TO: Jonathan R. Harwood, Esq.
Traub Lieberman Straus & Shrewsberry LLP
Attorneys for Defendant
Seven Skyline Drive
Hawthorne, NY 10532
(914) 347-2600
jharwood@traublieberman.com