+UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                          :
CITAK & CITAK et al.,
                                          :
                    Plaintiffs,               07 Civ. 5459 (WHP)
                                          :
              -against-                       MEMORANDUM AND ORDER
                                          :
THE ST. PAUL TRAVELERS
COS., INC.,                               :

                    Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs Citak & Citak, a law firm, and attorneys Donald and Burton Citak

(collectively, the "Citaks"), bring this action seeking a declaratory judgment of their rights under

an insurance policy issued by Defendant St. Paul Travelers Cos., Inc. ("St. Paul"). The Citaks

seek a declaratory judgment that St. Paul must provide counsel and indemnify them in a legal

malpractice action in New York State Supreme Court in November 2006, and damages in the

amount of costs expended in defending that action. On December 26, 2007, this Court denied

the Citaks' motion to remand this action to state court. St. Paul moves to dismiss, and the Citaks

move to amend the complaint. For the following reasons, St. Paul's motion is granted and the

Citaks' motion is denied.


                              BACKGROUND

        The Citaks purchased a malpractice insurance policy from St. Paul for the period

from April 2006 through April 2007. (Am. Compl. dated Jan. 18, 2008 Ex. 1: Lawyers

Professional Liability Policy No. 507JB0670 issued Mar. 27, 2006 (the "Policy") at 2.)  The

Policy does not apply to:

> "Claims" arising out of any error, omission, negligent act or
> "personal injury" occurring prior to the inception date of this
> policy if any insured prior to the inception date knew or could have
> reasonably foreseen that such error, omission, negligent act or
> "personal injury" might be expected to be the basis of a "claim or
> "suit."

(Am. Compl. Ex. 1 at 7.)

On November 3, 2006, Stuart and Carina Marton filed an action against the Citaks

in New York State Supreme Court (the "Marton Action").  St. Paul declined coverage relating to

the Citaks' defense of the Marton Action because it claimed the Citaks "knew or could have

reasonably foreseen that this matter might be expected to be the basis of a claim prior to April

28, 2006[, the inception date of the policy]."  (Am. Compl. Ex. 8: Letter from Timothy C. Krsul

to the Citaks dated Mar. 5, 2007.)

The Marton Action alleges that the Citaks' legal malpractice damaged the

Martons in their pursuit of an arbitration award against a contractor.  (Declaration of Jonathan R.

Harwood dated Feb. 8, 2008 Ex. C: Complaint, Marton v. the Citaks & Citak, No. 116472-06,

filed Nov. 3, 2006.)  Prior to filing the Marton Action, Stuart Marton filed a complaint with the

Departmental Disciplinary Committee of the First Judicial Department of the Supreme Court of

the State of New York (the "DDC"), asserting that (1) his New York State action against his

contractor had been dismissed because the Citaks failed to bring the case to arbitration; (2) the

Citaks never informed him that a subsequent arbitration filing had been rejected by the American

Arbitration Association ("AAA"); (3) the Citaks failed to respond to his repeated inquiries

regarding the status of the action, including by ignoring a "demand" letter sent by certified mail,

return receipt requested; and (4) the Citaks failed to pursue the action in court after the AAA

rejected the arbitration filing. (Compl. Ex. 2: DDC Complaint dated Dec. 21, 2005 (the "DDC

Complaint") at 2.)

The Amended Complaint asserts that the Citaks received a copy of the DDC

Complaint on or about December 2005. (Am. Compl. ¶ 10.) The proposed Second Amended

Complaint asserts that they received a copy of the DDC Complaint on or about January 27, 2006.

(Proposed Second Am. Compl. dated Feb. 28, 2008 ¶ 10.)

The Citaks first informed St. Paul of a potential claim after the inception date of

the Policy, when a DDC mediator informed the Martons that they were free to pursue a

malpractice claim. (Am. Compl. Ex. 3: Letter from the Citaks to JLT Services Corp. dated June

15, 2006.)

The Martons eventually pursued the arbitration themselves (Am. Compl. Ex. 5:

Letter from Stuart Marton to the AAA dated Sept. 18, 2006), and won a $62,367.32 default

award against the contractor (Am. Compl. Ex. 9: American Arbitration Association,

Construction Arbitration Tribunal, Award of Arbitrator dated May 7, 2007). Thereafter, the

Citaks moved to dismiss the Marton Action arguing that the Martons had suffered no harm from

the Citaks' alleged malpractice because they won an award. On October 11, 2007, Judge Eileen

A. Rakower denied the Citaks' motion to dismiss for two reasons: first, because "but for

defendants' negligence, [the Martons] would have procured a judgment against [the contractor]

while that entity had assets sufficient to satisfy the judgment;" and second, because the arbitrator

denied the Martons' request for $36,632.11 in pre-judgment interest, finding that the Citaks, and

not the contractor, were responsible for the near seven year delay in bringing the arbitration.

(Decision and Order, Marton v. the Citaks & the Citaks, No. 116472-06, filed Oct. 11, 2007 at

4.)


DISCUSSION

I.  Motion to Dismiss

    A.  Legal Standard

        On a motion to dismiss, the Court must accept the material facts alleged in the

complaint as true and construe all reasonable inferences in the plaintiff's favor.  Grandon v.

Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).  Nonetheless, "[i]n order to withstand a

motion to dismiss, a complaint must plead 'enough facts to state a claim for relief that is

plausible on its face.'"  Patane v. Clark, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting Bell Atl.

Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)).  "[A] plaintiff's obligation to provide the

"grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do."  Twombly, 127 S. Ct. at

1964-65 (citations omitted).  A court's "consideration [on a motion to dismiss] is limited to facts

stated on the face of the complaint, in documents appended to the complaint or incorporated in

the complaint by reference, and to matters of which judicial notice may be taken."  Allen v.

WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).

    B.  Choice of Law

        Federal courts exercising diversity jurisdiction look to the choice of law rules of

the forum state.  Curley v. AMR Corp., 153 F.3d 5, 12 (2d Cir. 1998).  If the law of more than

one jurisdiction might be applicable to a contract dispute, New York courts engage in a

"grouping of contacts" analysis to determine the governing law.  Zurich Ins. Co. v. Shearson

Lehman Hutton, Inc., 642 N.E.2d 1065, 1068-69 (N.Y. 1994). If the contract is one for insurance, the applicable law is that of the state of the insured risk. Zurich Ins. Co., 642 N.E.2d at 1069. Because the insureds are citizens of New York, New York law applies.

C. Analysis

The Policy does not cover any claims arising out of conduct occurring before April 28, 2006—the inception date of the Policy—"if any insured prior to the inception date knew or could have reasonably foreseen that such [conduct] . . . might be expected to be the basis of a 'claim' or 'suit.'" (Am. Compl. Ex. 1 at 7.) Courts determine whether an insured is on notice of a potential claim using an objective reasonableness standard. See Sparacino v. Pawtucket Mut. Ins. Co., 50 F.3d 141, 143 (2d Cir. 1995) (late notice case); Sirignano v. Chicago Ins. Co., 192 F. Supp. 2d 199, 203 (S.D.N.Y. 2002) (same). An attorney could not have "reasonably foreseen" that his conduct might lead to a claim where he has a "reasonable good-faith belief of non-liability." See Sparacino, 50 F.3d at 143.

Where an attorney's errors have resulted in dismissal of his client's claim, the attorney is on notice of a potential claim. Sirignano, 192 F. Supp. 2d. at 204 (attorney was on notice of potential claim after clerk dismissed client's case as abandoned, and court denied motion to vacate dismissal in part due to attorney's failure to submit certain documentation); Ingalsbe v. Chicago Ins. Co., 270 A.D.2d 684, 685 (N.Y. App. Div. 2000) (attorney who missed the statute of limitations on his client's claim was on notice of a potential malpractice claim when the Court dismissed the action on that basis). Receipt of a disciplinary complaint is a relevant factor in determining whether an attorney is on notice of a potential claim. Phillips v. Transamerica Ins. Co., 107 Misc. 2d 162, 168 (N.Y. Sup. Ct. 1980).

5

On receipt of the DCC Complaint, which occurred on January 27, 2006 at the latest, the Citaks knew that Stuart Marton had filed a disciplinary grievance asserting that (1) his New York State action against his contractor had been dismissed because the Citaks failed to bring the case to arbitration pursuant to the Marton's agreement with the contractor; (2) the Citaks never informed him that a subsequent arbitration filing had been rejected by the AAA; (3) the Citaks failed to respond to his repeated inquiries regarding the status of the action, including by ignoring a "demand" letter sent by certified mail, return receipt requested; and (4) the Citaks failed to pursue the action in court after it was rejected by the AAA. (Am. Compl. Ex. 2 at 2.) Though the Citaks also knew that the Martons could still bring their action against their contractor—it was not barred by the statute of limitations—the Citaks also reasonably could have foreseen the damages caused by the delay in bringing the arbitration. Indeed, according to Judge Rakower, the Martons are unable to collect because the contractor no longer has funds sufficient to pay the award and are precluded from collecting pre-judgment interest from their contractor because it was the Citaks that caused the substantial delay in bringing the arbitration. Thus, as of their receipt of the DCC Complaint, the Citaks should have reasonably foreseen that their actions might have led to a malpractice claim.

Accordingly, St. Paul's motion to dismiss is granted.


II.  Motion to Amend

Although courts "should freely give leave [to amend again] when justice so requires," Fed. R. Civ. P. 15(a)(2), the only new allegation in the proposed Second Amended Complaint is the assertion that the Citaks first became aware of the DDC Complaint in January

2006, rather than December 2005. Because the later date does not change this Court's determination, the Citaks' motion to amend is denied as futile.

## CONCLUSION

For the foregoing reasons, Defendant St. Paul Travelers Cos., Inc.'s motion to dismiss is granted, and Plaintiffs Citak & Citak, Donald Citak and Burton Citak's motion to amend the complaint is denied as futile. The Clerk of Court is directed to terminate all motions pending as of April 28, 2008 and close the case.

Dated: April 28, 2008
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Peter Wessel, Esq.
Law office of Peter Wessel, PLLC
270 Madison Avenue, Suite 1203
New York, NY 10016
*Counsel for Plaintiffs*

Jonathan Robert Harwood, Esq.
Traub Eglin Lieberman Straus, LLP
Seven Skyline Drive
Hawthorne, NY 10532
*Counsel for Defendant*